FILED
CLERK, U.S. DISTRICT COURT

AUG 1 3 2014

CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

1  Michelle Brauer Abidoye, Bar No. 232782
   mabidoye@fordharrison.com
2  David L. Cheng, Bar No. 240926
   dcheng@fordharrison.com
3  FORD & HARRISON, LLP
   350 South Grand Avenue, Suite 2300
4  Los Angeles, CA  90071
   Telephone:  (213) 237-2400
5  Facsimile:   (213) 237-2401

6  Attorneys for Defendant
   AIRCRAFT SERVICE INTERNATIONAL,
7  INC., erroneously sued as AIRCRAFT
   SERVICE INTERNATIONAL
8
                    UNITED STATES DISTRICT COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10

11  JORGE GONZALEZ-DELRIO,              CASE NO. CV14-6366 MRP-SH

12              Plaintiff,              NOTICE OF REMOVAL OF
                                        ACTION UNDER 28 U.S.C. §§ 1332,
13        v.                            1441(b) AND 1446 BY DEFENDANT
                                        AIRCRAFT SERVICE
14  AIRCRAFT SERVICE                    INTERNATIONAL, INC.;
    INTERNATIONAL, a business           DECLARATIONS OF MICHELLE
15  entity unknown; AIRCRAFT            ABIDOYE AND ALANA
    SERVICE INTERNATIONAL, INC,         ROBINSON IN SUPPORT
16  a corporation; CYNTHIA              THEREOF
    DOUGLAS, an individual;
17  BBA AVIATION, a business entity
    unknown;[2] and DOES 1 to 100,
18  inclusive,

19              Defendants.

20

21

22

23

24

25  [1] Defendant Sinthia Aruya, whom was erroneously sued as Cynthia Douglas, was
    dismissed from the lawsuit on July 18, 2014 following the state trial court's
26  sustaining of her demurrer on July 18, 2014 based on Plaintiff's failure to state a
    cognizable cause of action against her.
27
    [2] BBA Aviation was voluntarily dismissed by the Plaintiff in the state court action
28  on February 14, 2014.

FORD & HARRISON        WSACTIVELLP:6971167.1              DEFENDANT'S NOTICE OF REMOVAL
LLP
ATTORNEYS AT LAW
LOS ANGELES

                                        DOCUMENT PRINTED ON RECYCLED PAPER

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Aircraft Service International, Inc., erroneously sued as Aircraft Service International ("ASII") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§§ 1332(a), 1441(b) and 1446.

**I.      STATEMENT OF JURISDICTION**

1.      This Court has original jurisdiction over this action under the diversity of citizenship statute.  28 U.S.C. § 1332(a).  In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between citizens of different states.  As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this notice.

**II.     PLEADINGS, PROCESS, AND ORDERS**

2.      On September 27, 2013, Plaintiff Jorge Gonzalez-DelRio filed a complaint for damages in the Superior Court of California, County of Los Angeles entitled *Jorge Gonzalez-DelRio v. Aircraft Service International, a business entity unknown; Aircraft Service International, Inc., a corporation; Cynthia Douglas, an individual; and BBA Aviation, a business entity unknown, and DOES 1 to 100, inclusive*, No. BC522656.  The complaint asserts the following causes of action: (1) disparate treatment based on disability and/or perceived disability in violation of the Fair Employment Act ("FEHA"), Gov't Code sec. 12940(a); (2) failure to provide reasonable accommodation in violation of the FEHA, Gov't Code sec. 12940(m); (3) failure to engage in the interactive process in violation of the FEHA, Gov't Code sec. 12940(n); (4) retaliation in violation of the FEHA, Gov't Code sec. 12940(h); (5) failure to prevent discrimination and retaliation in violation of the

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DOCUMENT PRINTED ON RECYCLED PAPER

1  FEHA, Gov't Code sec. 12940(k); (6) retaliation in violation of the California
2  Family Rights Act; and (7) wrongful termination. (Abidoye Decl. ¶ 2, Exh. A.)

3      3.    On December 18, 2013, following service of the summons and
4  complaint, ASII filed its answer to the complaint in the Superior Court of
5  California, County of Los Angeles. (Abidoye Decl. ¶¶ 3-4, Exhs. B-C.)

6      4.    On January 13, 2014, the Superior Court issued a Notice of Case
7  Management Conference, and an order to show cause re dismissal for Plaintiff's
8  failure to serve defendant BBA Aviation and the individual defendant, Cynthia
9  Douglas. (Abidoye Decl. ¶¶ 5-6, Exhs. D-E.) Notice of the Court's orders was
10 filed by the Plaintiff on January 24, 2014. (Abidoye Decl. ¶ 8, Exh. G.)

11     5.    On January 17, 2014, defendant BBA Aviation ("BBA Aviation") filed
12 a Motion to Quash Service of Summons and Complaint for Lack of Personal
13 Jurisdiction. (Abidoye Decl. ¶ 7, Exh. F.) Plaintiff filed his Opposition on January
14 29, 2014 (Abidoye Decl., Exh. H) and BBA Aviation filed its reply on February 4,
15 2014 (Abidoye Decl., Exh. J). The Motion to Quash was denied without prejudice
16 on February 11, 2014. (Abidoye Decl. ¶ 11.)

17     6.    On February 3 and 6, 2014, Plaintiff and ASII filed their case
18 management statements, respectively. (Abidoye Decl. ¶¶ 10, 13, Exhs. I, L.)

19     7.    On February 14, 2014, Plaintiff filed a request for dismissal as to the
20 BBA Aviation. (Abidoye Decl. ¶ 14, Exh. M.)

21     8.    On February 18, 2014, the state trial court held an initial case
22 management conference, in which the Court set a further case management
23 conference and trial setting conference for May 19, 2014. (Abidoye Decl. ¶ 15,
24 Exh. N.) Notice of the Court's order was filed by the Plaintiff on February 19,
25 2014. (Abidoye Decl. ¶ 16, Exh. O.)

26     9.    On or about February 19, 2014, Plaintiff served his summons and
27 complaint on defendant Sinthia Aruya, whom he erroneously sued as Cynthia
28 Douglas. Proof of service of the summons and complaint on defendant Sinthia

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:6971167.1              - 2 -        DEFENDANT'S NOTICE OF REMOVAL

DOCUMENT PRINTED ON RECYCLED PAPER

1   Aruya was filed by Plaintiff on March 10, 2014. (Abidoye Decl. ¶ 17, Exh. P.)

2      10.   On March 20, 2014, defendant Sinthia Aruya filed her demurrer,

3   arguing that she was fraudulently joined to the action that Plaintiff's complaint

4   failed to state a legal cognizable cause of action against her. (Abidoye Decl. ¶ 18,

5   Exh. Q.)  Specifically, Ms. Aruya argued that the CFRA retaliation claim upon

6   which Plaintiff alleged did not allow individual liability against an employer's

7   supervisors/managers.  *See, e.g., Jones v. The Lodge at Torrey Pines*, 42 Cal. 4th

8   1158 (2008) (holding no individual supervisor liability under FEHA; *Nazir v.*

9   *United Airlines*, 178 Cal. App. 4th 243, 250, 287 (2009) (holding that there is no

10  individual supervisor liability under CFRA).  Consequently, the only conceivable

11  purpose for Plaintiff suing Aruya was to avoid removal through fraudulent joinder.

12  *See, e.g., Lewis v. Home Depot U.S.A., Inc.*, No. C-12-6354, 2013 WL 843089, *1-

13  *2 (N.D. Cal. Mar. 6, 2013); *Wong v. Thomson Reuters (Mkts.) LLC*, No. C 11-

14  02864, 2011 WL 2912900, *3 (N.D. Cal. Jul. 20, 2011); *Corrales v. United*

15  *Rentals, Inc.*, No. CV 10-2520, 2010 WL 2380875, *2-*3 (C.D. Cal. May 28,

16  2010); *Bedwell v. Fish & Richardson, P.C.*, No. 07cv65, 2008 U.S. Dist. LEXIS

17  60345, *8-*9 (S.D. Cal. Aug. 6, 2008); *McLaughlin v. Solano County*, No. 2:07-cv-

18  02498, 2008 WL 2977959, *3 (E.D. Cal. Jul. 28, 2008); *Miskuski v. Crescent*

19  *Heights of Am., Inc.*, 2007 U.S. Dist. LEXIS 37223, *14 (S.D. Cal. May 21, 2007).

20  Plaintiff filed her opposition to the Demurrer on July 7, 2014 (Abidoye Decl., Exh.

21  R) and defendant Sinthia Aruya filed her reply on July 11, 2014 (Abidoy Decl.,

22  Exh. S).

23     11.   On July 18, 2014, Judge Miller sustained defendant Sinthia Aruya's

24  demurrer in its entirety, and subsequently dismissed defendant Sinthia Aruya from

25  the action following Plaintiff's agreement to waive the opportunity to file an

26  amended complaint.  The state court trial court further held a case management

27  conference, in which the court set dates for trial, the final settlement conference and

28  post-mediation status conference for the remainder of the case.  Notice of the state

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:6971167.1          - 3 -          DEFENDANT'S NOTICE OF REMOVAL

DOCUMENT PRINTED ON RECYCLED PAPER

trial court's orders was filed on July 29, 2014.  (Abidoye Decl. ¶ 21, Exh. T.)  The Court also issued a case management order on July 18, 2014.  (Abidoye Decl., Exh. U.)

12.    Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on or received by ASII in this action.  To ASII's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, Los Angeles County or served by any party.

## III.    TIMELINESS OF REMOVAL

13.    This notice of removal is timely filed as it is filed within thirty (30) days of July 18, 2014, the date when the state trial court dismissed all claimed alleged in the action against defendant Sinthia Aruya, which created complete diversity between the parties, and is within one year from the commencement of this action.  *See* 28 U.S.C. § 1446(b).

## IV.    DIVERSITY JURISDICTION

14.    The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --

(1)    citizens of different States. . . .

This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by ASII pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A.    Diversity of Citizenship

15.    To establish citizenship for diversity purposes, a natural person must

1  be both a citizen of the United States and a domiciliary of a particular state. *Kantor*

2  *v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

3      16.  Plaintiff is a citizen of the State of California and a citizen of the

4  United States. (Complaint at ¶ 3, Abidoye Decl., Exh. A; *see also* Robinson Decl.

5  ¶ 4.)

6      17.  ASII is a Delaware corporation having its principal place of business

7  in the State of Florida.  (Robinson Decl. ¶ 3; *see also* Complaint at ¶ 5)

8  Accordingly, ASII is considered a citizen of Delaware and Florida.  28 U.S.C. §

9  1332(c)(1); *Johnson v. Columbia Props. Anchorage*, 437 F.3d 894, 899 (9th Cir.

10  2006) ("a corporation is a citizen only of (1) the state where its principal place of

11  business is located, and (2) the state in which it is incorporated").

12      18.  ASII is not a citizen of the State of California, where this action is

13  currently pending, and thus there is complete diversity between the parties.

14      19.  The presence of Doe defendants in this case has no bearing on

15  diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of

16  removal under this chapter, the citizenship of defendants sued under fictitious

17  names shall be disregarded").

18      **B.**  **Amount in Controversy**

19      20.  ASII only needs to show by a preponderance of the evidence that

20  Plaintiff's claimed damages exceed the jurisdictional minimum.  *Sanchez v.*

21  *Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).  Here, the Court

22  can reasonably ascertain from Plaintiff's complaint and his prayer for relief that the

23  amount in controversy exceeds $75,000.  *See Singer v. State Farm Mutual Auto Ins.*

24  *Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it

25  is 'facially apparent' from the complaint that the jurisdictional amount is in

26  controversy.")

27      21.  Plaintiff seeks compensatory damages, including loss of earnings and

28  other employment benefits, damages for severe emotional distress, special damages

1    including reasonable medical expenses, and costs of suit. (*See* Complaint at Prayer

2    for Relief and at pp. 24-25, Abidoye Decl., Exh. A.) Here, Plaintiff alleged that he

3    was terminated in or about October 2011. (Complaint at ¶ 16, Abidoye Decl., Exh.

4    A.) Prior to his termination, Plaintiff earned approximately $10 per hour and

5    worked approximately 40 hours per week. (Robinson Decl. ¶ 5.) Consequently,

6    Plaintiff seeks to recover at least $54,400 in loss of earnings ($10 / hour @ 40 hours

7    / week @ 34 months [October 2011 to the present]).

8         22.    Plaintiff also seeks an award of reasonable attorneys' fees under the

9    Fair Employment and Housing Act ("FEHA"). (*See* Complaint at Prayer for Relief

10   and at p. 25, Abidoye Decl., Exh. A.) It is well-settled that when authorized by

11   statute, attorneys' fees are to be included in the calculation of the amount of

12   Plaintiff's claims for purposes of determining whether the requisite jurisdictional

13   minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

14   1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either

15   with mandatory or discretionary language, such fees may be included in the amount

16   in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11

17   (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate the

18   amount of reasonable attorneys' fees like to be recovered by plaintiff if she were to

19   prevail). A plaintiff may recover attorneys' fees for his/her discrimination causes

20   of action because the FEHA authorizes an award of reasonable attorneys' fees to a

21   prevailing plaintiff. Cal. Gov. Code §12965(b); Cal. Lab. Code §§ 218.5, 218.6,

22   2802.    While Plaintiff's attorneys' fees cannot be precisely calculated, it is

23   reasonable to assume that they could exceed a damages award. *Simmons v. PCR*

24   *Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002).

25        23.    Plaintiff also seeks punitive damages. (*See* Complaint at Prayer for

26   Relief and at p. 25, Abidoye Decl., Exh. A.) The Court must take into account

27   punitive damages for purposes of determining the amount in controversy where

28   such damages are recoverable under state law. *Davenport v. Mutual Benefit Health*

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:6971167.1          - 6 -          DEFENDANT'S NOTICE OF REMOVAL

DOCUMENT PRINTED ON RECYCLED PAPER

1    *and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F.Supp.2d at

2    1009. California law does not provide any specific monetary limit on the amount

3    of punitive damages that may be awarded under Civil Code section 3294. *Boyle v.*

4    *Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive

5    damages award may equal as much as four times the amount of the actual damages

6    award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

7    Consequently, the punitive damages award in this case that Plaintiff seeks to

8    recover is at least $217,600 ($54,400 in loss of earnings [see paragraph 21, *supra*] x

9    4).

10        24.    Plaintiff also seeks such open-ended relief as "such other and further

11   relief as the Court may deem proper." (*See* Complaint at Prayer for Relief and at p.

12   25, Abidoye Decl., Exh. A.) Although uncertain in amount, this additional

13   damages claim only serves to increase the amount in controversy. *See Lewis v.*

14   *Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open

15   ended" relief sought by plaintiff, who prayed for "judgment to be determined by a

16   jury, for all incidental, consequential, compensatory and punitive damages"

17   established that her case met the amount in controversy requirement even though

18   she plead in the complaint that she did not assert a claim in excess of $75,000.)

19        25.    ASII does not concede Plaintiff's claims have any merit, however,

20   when the relief sought is taken as a whole, the amount in controversy for Plaintiff's

21   claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive

22   of interest and costs. Thus, this Court has original jurisdiction over the claims

23   asserted by Plaintiff in this action based on diversity of citizenship jurisdiction

24   under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

25   **V.    VENUE**

26        26.    Venue lies in the Central District of California pursuant to 28 U.S.C.

27   §§ 84(c), 1441(a), and 1446(a). Plaintiff originally brought this action in the

28   Superior Court of the State of California, County of Los Angeles.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DOCUMENT PRINTED ON RECYCLED PAPER

## VI.   NOTICE OF REMOVAL

27.   A copy of this notice of removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

WHEREFORE, ASII prays that the Court remove this civil action from the Superior Court of the State of California, Los Angeles County, to the United States District Court for the Central District of California.

Dated:  August 13, 2014                    Respectfully submitted,

FORD & HARRISON LLP


By:
       Michelle Brauer Abidoye
       David L. Cheng
       Attorneys for Defendant AIRCRAFT
       SERVICE INTERNATIONAL, INC.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DOCUMENT PRINTED ON RECYCLED PAPER

## DECLARATION OF MICHELLE B. ABIDOYE

I, Michelle B. Abidoye, declare as follows:

1.      I am an attorney at law, licensed to practice in the state of California.  I am an associate with the law firm of Ford & Harrison LLP, counsel of record for Defendant Aircraft Service International ("ASII"), in this action and make this declaration in support of its notice of removal.  All of the information set forth herein is based on my personal knowledge and, if called as a witness, I could competently testify thereto.

2.      Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff Jorge Gonzalez-DelRio's complaint in this matter.

3.      Attached hereto as Exhibit "B" is a true and correct copy of the proof of service of summons and complaint on ASII, filed with the state trial court on December 5, 2013.

4.      On December 18, 2013, ASII filed its answer to the complaint in the Superior Court of California, County of Los Angeles.  Attached hereto as Exhibit "C" is a true and correct copy of ASII's answer.

5.      Attached hereto as Exhibit "D" is a true and correct copy of Notice of Case Management Conference, issued by the state trial court on January 13, 2014.

6.      Attached as Exhibit "E" is a true and correct copy of the state trial court's Order to Show Cause Re Dismissal, also issued by the state trial court on January 13, 2014.

7.      Attached as Exhibit "F" are true and correct copies of defendant BBA Aviation's Motion to Quash Service of Summons and Complaint for Lack of Personal Jurisdiction and supporting papers ("Motion to Quash"), which were filed on January 17, 2014.

8.      Attached as Exhibit "G" is a true and correct copy of the Plaintiff's Notice of the state trial court's Notice of Case Management Conference and Order

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:6971167.1                   - 9 -                   DEFENDANT'S NOTICE OF REMOVAL

DOCUMENT PRINTED ON RECYCLED PAPER

1   to Show Cause Re Dismissal (*see* Paragraphs 5-6, *supra*), which was filed by the
2   Plaintiff on January 24, 2014.

3        9.     Attached as Exhibit "H" is a true and correct copy of Plaintiff's
4   Opposition to BBA Aviation's Motion to Quash, filed on January 29, 2014.

5        10.    Attached as Exhibit "I" is a true and correct copy of Plaintiff's Case
6   Management Statement, filed on February 3, 2014.

7        11.    Attached as Exhibit "J" is a true and correct copy of BBA Aviation's
8   Reply to the Motion to Quash, filed on February 4, 2014.  The Motion to Quash
9   was denied without prejudice on February 11, 2014.

10       12.    Attached as Exhibit "K" are true and correct copies of Plaintiff's Civil
11  Deposit and Notice of Posting Jury Fees, filed on February 5, 2014.

12       13.    Attached as Exhibit "L" is a true and correct copy of ASII's case
13  management statement, filed on February 5, 2014.

14       14.    On February 14, 2014, Plaintiff filed a request for dismissal as to the
15  BBA Aviation.  Attached as Exhibit "M" is a true and correct copy of the Request
16  for Dismissal.

17       15.    On February 18, 2014, the state trial court held an initial case
18  management conference, in which the state trial court set a further case
19  management conference and trial setting conference for May 19, 2014, and issued
20  an order to show cause re: service by publication as to defendant Cynthia Douglas.
21  A true and correct copy of the state trial court's February 18, 2014 minute order is
22  attached as Exhibit "N."

23       16.    Notice of the Court's order was filed by the Plaintiff on February 19,
24  2014, a true and correct copy of which is attached as Exhibit "O."

25       17.    On or about February 19, 2014, Plaintiff served his summons and
26  complaint on defendant Sinthia Aruya, whom he erroneously sued as Cynthia
27  Douglas.  Proof of service of the summons and complaint on defendant Sinthia
28  Aruya was filed by Plaintiff on March 10, 2014, a true and correct copy of which is

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:6971167.1                        - 10 -              DEFENDANT'S NOTICE OF REMOVAL

DOCUMENT PRINTED ON RECYCLED PAPER

attached as Exhibit "P."

18.     On March 20, 2014, Defendant Sinthia Aruya filed her demurrer ("Demurrer"), arguing that she was fraudulently joined to the action that Plaintiff's complaint failed to state a legal cognizable cause of action against her.  Attached as Exhibit "Q" is a true and correct copy of the Demurrer.

19.     Attached as Exhibit "R" is a true and correct copy of Plaintiff's Opposition to the Demurrer, which he filed on July 7, 2014.

20.     Attached as Exhibit "S" is a true and correct copy of defendant Sinthia Aruya's Reply to the Demurrer, which she filed on July 11, 2014.

21.     On July 18, 2014, Judge Miller sustained defendant Sinthia Aruya's Demurrer in its entirety, and subsequently dismissed her from the action following Plaintiff's agreement to waive the opportunity to file an amended complaint.  The state court trial court further held a case management conference, in which the court set dates for trial, the final settlement conference and post-mediation status conference for the remainder of the case.  Notice of the state trial court's orders was filed on July 29, 2014, for which a true and correct copy is attached as Exhibit "T."

22.     Attached as Exhibit "U" are true and correct copies of the state trial court's minute order regarding defendant's Sinthia Aruya's Demurrer and case management order, issued on July 18, 2014.

23.     To my knowledge, the foregoing documents are all of the filed pleadings and orders that have been issued in the Los Angeles Superior Court in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 13th day of August, 2014, in Los Angeles, California.

Michelle B. Abidoye

## DECLARATION OF ALANA ROBINSON

I, Alana Robinson, declare:

1.      I have personal knowledge of the following, or knowledge based upon records which are within my custody and control. If called and sworn as a witness, I could and would competently testify thereto.

2.      I am currently employed as the Regional Human Resources Manager for defendant Aircraft Service International ("ASII"). I am authorized to make this declaration on behalf of ASII.

3.      ASII is incorporated in the State of Delaware. The principal place of business of ASII is in the State of Florida.

4.      I have access to and am familiar with Plaintiff Jorge Gonzales-DelRio's employment with ASII and its related records as they are kept in the regular course of business. Based on my review of these records, Mr. Gonzalez-DelRio is a former employee of ASII who worked in Los Angeles, California and as alleged in the complaint, used a California address as the location of his residence during his employment.

5.      Prior to his termination, in or about October 2011, Mr. Gonzales-DelRio was working approximately 40 hours per week at the rate of approximately $10 per hour.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of August, 2014, in Long Beach, California.

Alana Robinson

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DOCUMENT PRINTED ON RECYCLED PAPER

EXHIBIT "A"

90045
A6037

1  N. Nick Ebrahimian, Esq. (State Bar No. 219270)
   Jordan D. Bello, Esq. (State Bar No. 243190)
2  LAVI & EBRAHIMIAN, LLP
   8889 W. Olympic Blvd., Suite 200
3  Beverly Hills, California 90211
   Telephone (310) 432-0000
4  Facsimile (310) 432-0001

5  Attorneys for PLAINTIFF
   JORGE GONZALEZ-DELRIO
6

**FILED**
LOS ANGELES SUPERIOR COURT

SEP 27 2013

JOHN A. CLARKE, CLERK

BY _____ DEPUTY

7

8                          D16 Rita Miller

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10       FOR THE COUNTY OF LOS ANGELES-CENTRAL   **BY FAX**

                              **BC522656**

11  JORGE GONZALEZ-DELRIO,              Case No.:

12                                      PLAINTIFF JORGE GONZALEZ-
                                        DELRIO'S COMPLAINT FOR DAMAGES
13                                      AND RESTITUTION AND FOR

14              PLAINTIFF,
                                        1.  DISPARATE        TREATMENT
15                                          BASED ON DISABILITY AND/OR
     vs.                                    PERCEIVED    DISABILITY    IN
16                                          VIOLATION   OF   THE   FAIR
                                            EMPLOYMENT ACT ("FEHA"),
17                                          GOVERNMENT CODE SECTION
     AIRCRAFT SERVICE INTERNATIONAL, a      12940, SUBDIVISION (a)
18   business entity unknown; AIRCRAFT SERVICE
     INTERNATIONAL, INC., a corporation;  2.  FAILURE     TO     PROVIDE
19   CYNTHIA DOUGLAS, an individual; BBA     REASONABLE
     AVIATION, a business entity unknown; and  ACCOMMODATION        IN
20   DOES 1 to 100, Inclusive.               VIOLATION   OF   THE   FEHA,
                                            GOVERNMENT CODE SECTION
21                                          12940, SUBDIVISION (m)

22                                      3.  FAILURE TO ENGAGE IN THE
                                            INTERACTIVE   PROCESS   IN
23              DEFENDANTS.                  VIOLATION   OF   THE   FEHA,
                                            GOVERNMENT CODE SECTION
24                                          12940, SUBDIVISION (n)

25                                      4.  RETALIATION IN VIOLATION
                                            OF THE FEHA, GOVERNMENT
26                                          CODE    SECTION    12940,
                                            SUBDIVISION (h)
27

28

               PLAINTIFF'S COMPLAINT FOR DAMAGES
                              1

5.  **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FEHA, GOVERNMENT CODE SECTION 12940, SUBDIVISION (k)**

6.  **CFRA RIGHTS RETALIATION**

7.  **WRONGFUL TERMINATION/DEMOTION IN VIOLATION OF PUBLIC POLICY**

**DEMAND FOR JURY TRIAL**

NOW COMES PLAINTIFF JORGE GONZALEZ-DELRIO ("PLAINTIFF" or "Plaintiff") alleges and complains against AIRCRAFT SERVICE INTERNATIONAL; AIRCRAFT SERVICE INTERNATIONAL, INC.; BBA AVIATION, and DOES 1 to 100, inclusive, (hereinafter collectively referred to as "DEFENDANTS") and CYNTHIA DOUGLAS, as follows:

## I. JURISDICTION AND VENUE

1.      Plaintiff is informed and believes and thereon alleges that jurisdiction and venue are proper in this Court because the claims alleged herein arose in Los Angeles County; Defendants AIRCRAFT SERVICE INTERNATIONAL, business entity unknown, and CYNTHIA DOUGLAS are domiciled in California; and the amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of interest, costs, and fees.

2.      Plaintiff has met all of the jurisdictional requirements for proceeding with his claims under the Fair Employment and Housing Act ("FEHA") by timely filing administrative complaints against all DEFENDANTS and CYNTHIA DOUGLAS with the Department of Fair Employment and Housing ("DFEH") on October 1, 2012, and receiving a Notice of Case Closure and a Right-to-Sue letter dated October 1, 2013. Attached as Exhibit 1 are true and correct copies of PLAINTIFF'S DFEH Administrative Charges and are herein incorporated by reference. Attached as Exhibit 2 are true and correct copies of Plaintiff's DFEH Right-to-Sue letters and are herein incorporated by reference. Plaintiff then mailed a copy of these documents to DEFENDANTS and CYNTHIA DOUGLAS. Attached as Exhibit 3 are true and correct copies of Plaintiff's proof of mailing to DEFENDANTS and CYNTHIA DOUGLAS and are herein incorporated by reference.

## PRELIMINARY ALLEGATIONS

3.     At all relevant times herein mentioned, Plaintiff resided in the State of California. Plaintiff began his employment at DEFENDANTS' Los Angeles International Airport location, 5720 Avion Drive, Los Angeles, California, 90045. Plaintiff performed his job duties in an exemplary manner and was able to perform the essential functions of his job with reasonable accommodation of his disabilities.

4.     Plaintiff is informed and believes and thereon alleges that Defendant AIRCRAFT SERVICE INTERNATIONAL is and at all times mentioned in this complaint was a business entity authorized to operate by the State of California and the United States Government and authorized and qualified to do business in the County of Los Angeles. Defendant AIRCRAFT SERVICE INTERNATIONAL appeared as Plaintiff's employer on his W-2. Defendant AIRCRAFT SERVICE INTERNATIONAL's primary place of business at all times relevant was or is 5720 Avion Drive, Los Angeles, California, 90045 in the County of Los Angeles. Plaintiff is informed and believes and thereon alleges Defendant AIRCRAFT SERVICE INTERNATIONAL suffered and permitted Plaintiff to work as a non-exempt employee and controlled the hours, wages, and working conditions of his employment during all relevant times to this lawsuit.

5.     Plaintiff is informed and believes and thereon alleges that Defendant AIRCRAFT SERVICE INTERNATIONAL, INC. is and at all times mentioned in this complaint was a Delaware Corporation authorized to operate by the State of California and the United States Government and authorized and qualified to do business in the County of Los Angeles. Defendant AIRCRAFT SERVICE INTERNATIONAL, INC.'s primary place of business at all times relevant was or is 201 S. Orange Ave., Suite 1100, Orlando, Florida 32801. Plaintiff is informed and believes and thereon alleges Defendant AIRCRAFT SERVICE INTERNATIONAL, INC. suffered and permitted Plaintiff to work as a non-exempt employee and controlled the hours, wages, and working conditions of his employment during all relevant times to this lawsuit.

6.     Plaintiff is informed and believes and thereon alleges that Defendant CYNTHIA DOUGLAS is and at all times mentioned in this complaint was an individual domiciled in California who was DEFENDANTS' Human Resources Manager who exercised substantial

1   independent authority and judgment in her corporate decision making which ultimately determined

2   corporate policy and who retaliated against PLAINTIFF because he took a medical leave of absence

3   for his serious health condition.

4       7.     Plaintiff is informed and believes and thereon alleges that Defendant BBA

5   AVIATION is and at all times mentioned in this complaint was a business authorized to operate in

6   the State of California and the United States Government and authorized and qualified to do

7   business in the County of Los Angeles. Plaintiff is informed and believes and thereon alleges

8   Defendant BBA AVIATION suffered and permitted Plaintiff to work as a non-exempt employee

9   and controlled the hours, wages, and working conditions of his employment during all relevant

10   times to this lawsuit.

11      8.     Plaintiff is informed and believes and thereon alleges that DEFENDANTS were joint

12   employers of Plaintiff and similarly situated non-exempt employees because there was at all

13   relevant times an arrangement between DEFENDANTS to share employees' services,

14   DEFENDANTS acted directly or indirectly in the interest of each other and in relation to

15   employees, or DEFENDANTS deemed to share the control of the employees, one defendant

16   controlled other DEFENDANTS, or each defendant was under common control.

17      9.     Plaintiff is informed and believes and thereon alleges that DEFENDANTS operated

18   an integrated enterprise through common management, interrelationship between operations,

19   centralized control of labor relations, and a degree of common ownership/financial control.

20      10.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 1

21   through 50 are corporations, or are other business entities or organizations of a nature unknown to

22   Plaintiff.

23      11.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 51

24   through 100 are individuals unknown to Plaintiff. Each of the individual defendants is sued

25   individually and in his or his capacity as an agent, shareholder, owner, representative, manager,

26   supervisor, independent contractor and/or employee of each Defendant and had operational control

27   for Defendants.

28      12.    Plaintiff is unaware of the true names of Defendants Does 1 through 100. Plaintiff

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
4

1    sues said defendants by said fictitious names, and will amend this complaint when the true names

2    and capacities are ascertained or when such facts pertaining to liability are ascertained, or as

3    permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously

4    named defendants is in some manner responsible for the events and allegations set forth in this

5    complaint.

6         13.    Plaintiff is informed, believes, and thereon alleges that at all relevant times, each

7    defendant was an employer, was the principal, agent, partner, joint venturer, officer, director,

8    controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

9    predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

10   the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

11   of the other defendants so as to be liable for their conduct with respect to the matters alleged in this

12   complaint. Plaintiff is further informed and believes and thereon alleges that each defendant acted

13   pursuant to and within the scope of the relationships alleged above, and that at all relevant times,

14   each defendant knew or should have known about, authorized, ratified, adopted, approved,

15   controlled, aided and abetted the conduct of all other defendants. As used in this complaint,

16   "Defendant" means "Defendants and each of them," and refers to the Defendants named in the

17   particular cause of action in which the word appears and includes all defendants, including Does 1

18   through 100.

19        14.    At all times mentioned herein, each defendant was the co-conspirator, agent, servant,

20   employee, and/or joint venturer of each of the other defendants and was acting within the course and

21   scope of said conspiracy, agency, employment, and/or joint venture and with the permission and

22   consent of each of the other defendants.

23        15.    Plaintiff makes the allegations in this complaint without any admission that, as to any

24   particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff

25   reserves all of Plaintiff rights to plead in the alternative.

26                                              II.

27        ADDITIONAL FACTS COMMON TO ALL CAUSES OF ACTION

28        16.    Plaintiff began his employment with DEFENDANTS as a Ramp Agent on or about

PLAINTIFF'S COMPLAINT FOR DAMAGES
5

-17-

December 8, 2006. Plaintiff had the requisite skill, experience, and job-related requirements of the positions in which he worked. Plaintiff's job duties included loading and unloading luggage and boxes and clearing a path for airplanes. Plaintiff continued his employment with DEFENDANTS until his termination on or about October 19, 2011. At all times during his employment, Plaintiff performed his job duties in an exemplary manner and was able to perform the essential functions of his job with reasonable accommodation of his disability.

17.     On or about October 23, 2010, Plaintiff suffered a back injury while performing his work duties.

18.     Plaintiff was sent home to rest and monitor pain, but was then sent to the doctor later that day because of the increasing pain.

19.     Plaintiff retained a workers' compensation attorney and was evaluated by another physician. Plaintiff was taken off of work for a medical leave. DEFENDANTS granted Plaintiff's request for medical leave as a reasonable accommodation.

20.     On or about October 17, 2011, Plaintiff was released to work with work restrictions.

21.     On or about October 19, 2011, Plaintiff called DEFENDANTS' human resources and spoke to Human Resources Manager Defendant CYNTHIA DOUGLAS. Plaintiff informed Defendant CYNTHIA DOUGLAS that he was medically cleared to return to work with work restrictions. Defendant CYNTHIA DOUGLAS terminated Plaintiff's employment and informed Plaintiff that he could not return to work with work restrictions and that he would only be returned to work if he could provide a doctor's note without any work restrictions. Defendant CYNTHIA DOUGLAS was aware of Plaintiff's rights which protected him from discrimination due to his medical condition and taking of medical leave for that medical condition, but Defendant CYNTHIA DOUGLAS willfully and knowingly disregarded those rights and terminated PLAINTIFF'S employment in retaliation of PLAINTIFF taking a medical leave rather than returning him to work and providing him reasonable accommodation for his physical disability.

22.     DEFENDANTS did not engage in an interactive process with Plaintiff to determine Plaintiff's abilities and limitations as they related to Plaintiff's essential job functions. DEFENDANTS did not provide Plaintiff with a list of his essential job functions and request that

1   Plaintiff consult with his doctor to determine Plaintiff's specific functional limitations as they

2   pertained to the essential functions of his job. Instead, DEFENDANTS merely terminated Plaintiff's

3   employment and informed him he could only be returned to work if he had no work restrictions.

4       23.    Plaintiff is informed and believes and thereon alleges that DEFENDANTS'

5   termination of Plaintiff was because of his disability/perceived disability, request for reasonable

6   accommodation, and exercise of rights under the CFRA and taking of medical leave.

7       24.    Plaintiff is informed and believes and thereon alleges that DEFENDANTS' adverse

8   employment decisions (including but not limited to his termination, the decision not to provide his

9   with reasonable accommodations including compliance with his work restrictions, and the failure to

10  engage in the interactive process to determine if there were any other reasonable accommodations

11  available) were made and/or ratified by DEFENDANTS' managing agents and officers, including

12  but not limited to CYNTHIA DOUGLAS. DEFENDANTS and their managing agents and officers

13  were conscious of Plaintiff's rights under the California Family Rights Act and Fair Employment

14  and Housing Act to be free of discrimination because of his disability, taking of medical leave, and

15  need for reasonable accommodation; but disregarded those rights and acted with the intent to cause

16  Plaintiff injury by terminating Plaintiff's employment. DEFENDANTS' disregard of Plaintiff's

17  statutory rights is in violation of statute, public policy, and would be looked down on and despised

18  by reasonable persons.

19  <u>**FIRST CAUSE OF ACTION**</u>

20  **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA, GOVERNMENT**

21  **CODE SECTION 12940, SUBDIVISION (a)—DISPARATE TREATMENT BASED ON**

22  **DISABILITY AND/OR PERCEIVED DISABILITY**

23  **(AGAINST AIRCRAFT SERVICE INTERNATIONAL; AIRCRAFT SERVICE**

24  **INTERNATIONAL, INC.; BBA AVIATION, and DOES 1 to 100, inclusive)**

25      25.    Plaintiff hereby incorporates by reference paragraphs 1-24 above, as if fully set

26  herein by reference;

27      26.    The FEHA, codified in Government Code sections 12900 *et seq.* makes it unlawful

28  to for an employer to discriminate against an employee on the basis of the employee's disability or

1   perceived disability.

2       27.     DEFENDANTS were employers bound by the FEHA.

3       28.     Plaintiff was an employee of DEFENDANTS.

4       29.     On or about October 23, 2010, Plaintiff suffered a back injury while performing his

5   work duties.

6       30.     Plaintiff was sent home to rest and monitor pain, but was then sent to the doctor later

7   that day because of the increasing pain.

8       31.     Plaintiff retained a workers' compensation attorney and was evaluated by another

9   physician. Plaintiff was taken off of work for a medical leave. DEFENDANTS granted Plaintiff's

10  request for medical leave as a reasonable accommodation.

11      32.     On or about October 17, 2011, Plaintiff was released to work with work restrictions.

12      33.     On or about October 19, 2011, Plaintiff called DEFENDANTS' human resources and

13  spoke to Human Resources Manager Defendant CYNTHIA DOUGLAS. Plaintiff informed

14  Defendant CYNTHIA DOUGLAS that he was medically cleared to return to work with work

15  restrictions. Defendant CYNTHIA DOUGLAS terminated Plaintiff's employment and informed

16  Plaintiff that he could not return to work with work restrictions and that he would only be returned

17  to work if he could provide a doctor's note without any work restrictions. Defendant CYNTHIA

18  DOUGLAS was aware of Plaintiff's rights which protected him from discrimination due to his

19  medical condition and taking of medical leave for that medical condition, but Defendant CYNTHIA

20  DOUGLAS willfully and knowingly disregarded those rights and terminated PLAINTIFF'S

21  employment in retaliation of PLAINTIFF taking a medical leave rather than returning him to work

22  and providing him reasonable accommodation for his physical disability.

23      34.     DEFENDANTS did not engage in an interactive process with Plaintiff to determine

24  Plaintiff's abilities and limitations as they related to Plaintiff's essential job functions.

25  DEFENDANTS did not provide Plaintiff with a list of his essential job functions and request that

26  Plaintiff consult with his doctor to determine Plaintiff's specific functional limitations as they

27  pertained to the essential functions of his job. Instead, DEFENDANTS merely terminated Plaintiff's

28  employment and informed him he could only be returned to work if he had no work restrictions.

35.   Plaintiff is informed and believes and thereon alleges that DEFENDANTS' termination of Plaintiff was because of his disability/perceived disability, request for reasonable accommodation, and exercise of rights under the CFRA and taking of medical leave.

36.   Plaintiff is informed and believes and thereon alleges that DEFENDANTS' adverse employment decisions (including but not limited to his termination, the decision not to provide his with reasonable accommodations including compliance with his work restrictions, and the failure to engage in the interactive process to determine if there were any other reasonable accommodations available) were made and/or ratified by DEFENDANTS' managing agents and officers, including but not limited to CYNTHIA DOUGLAS. DEFENDANTS and their managing agents and officers were conscious of Plaintiff's rights under the California Family Rights Act and Fair Employment and Housing Act to be free of discrimination because of his disability, taking of medical leave, and need for reasonable accommodation; but disregarded those rights and acted with the intent to cause Plaintiff injury by terminating Plaintiff's employment. DEFENDANTS' disregard of Plaintiff's statutory rights is in violation of statute, public policy, and would be looked down on and despised by reasonable persons.

37.   As a proximate result of the wrongful conduct of DEFENDANTS, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

38.   As a proximate result of the wrongful conduct of DEFENDANTS, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

39.   In doing the acts herein alleged, DEFENDANTS, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

40.   Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF THE

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

9

**FEHA, GOVERNMENT CODE SECTION 12940, SUBDIVISION (m)**

**(AGAINST AIRCRAFT SERVICE INTERNATIONAL; AIRCRAFT SERVICE**

**INTERNATIONAL, INC.; BBA AVIATION, and DOES 1 to 100, inclusive)**

41.   Plaintiff hereby incorporates by reference paragraphs 1-40, above, as if fully set herein by reference;

42.   The FEHA, codified in the Government Code section 12940, subdivision (m), requires an employer to provide a disabled or an employee perceived to be disabled with a reasonable accommodation for his or his disability and/or perceived disability.

43.   DEFENDANTS were employers bound by the FEHA.

44.   Plaintiff was an employee of DEFENDANTS.

45.   On or about October 23, 2010, Plaintiff suffered a back injury while performing his work duties.

46.   Plaintiff was sent home to rest and monitor pain, but was then sent to the doctor later that day because of the increasing pain.

47.   Plaintiff retained a workers' compensation attorney and was evaluated by another physician. Plaintiff was taken off of work for a medical leave. DEFENDANTS granted Plaintiff's request for medical leave as a reasonable accommodation.

48.   On or about October 17, 2011, Plaintiff was released to work with work restrictions.

49.   On or about October 19, 2011, Plaintiff called DEFENDANTS' human resources and spoke to Human Resources Manager Defendant CYNTHIA DOUGLAS. Plaintiff informed Defendant CYNTHIA DOUGLAS that he was medically cleared to return to work with work restrictions. Defendant CYNTHIA DOUGLAS terminated Plaintiff's employment and informed Plaintiff that he could not return to work with work restrictions and that he would only be returned to work if he could provide a doctor's note without any work restrictions. Defendant CYNTHIA DOUGLAS was aware of Plaintiff's rights which protected him from discrimination due to his medical condition and taking of medical leave for that medical condition, but Defendant CYNTHIA DOUGLAS willfully and knowingly disregarded those rights and terminated PLAINTIFF'S employment in retaliation of PLAINTIFF taking a medical leave rather than returning him to work

1   and providing him reasonable accommodation for his physical disability.

2        50.    DEFENDANTS did not engage in an interactive process with Plaintiff to determine

3   Plaintiff's abilities and limitations as they related to Plaintiff's essential job functions.

4   DEFENDANTS did not provide Plaintiff with a list of his essential job functions and request that

5   Plaintiff consult with his doctor to determine Plaintiff's specific functional limitations as they

6   pertained to the essential functions of his job. Instead, DEFENDANTS merely terminated Plaintiff's

7   employment and informed him he could only be returned to work if he had no work restrictions.

8        51.    Plaintiff is informed and believes and thereon alleges that DEFENDANTS'

9   termination of Plaintiff was because of his disability/perceived disability, request for reasonable

10   accommodation, and exercise of rights under the CFRA and taking of medical leave.

11        52.    Plaintiff is informed and believes and thereon alleges that DEFENDANTS' adverse

12   employment decisions (including but not limited to his termination, the decision not to provide his

13   with reasonable accommodations including compliance with his work restrictions, and the failure to

14   engage in the interactive process to determine if there were any other reasonable accommodations

15   available) were made and/or ratified by DEFENDANTS' managing agents and officers, including

16   but not limited to CYNTHIA DOUGLAS. DEFENDANTS and their managing agents and officers

17   were conscious of Plaintiff's rights under the California Family Rights Act and Fair Employment

18   and Housing Act to be free of discrimination because of his disability, taking of medical leave, and

19   need for reasonable accommodation; but disregarded those rights and acted with the intent to cause

20   Plaintiff injury by terminating Plaintiff's employment. DEFENDANTS' disregard of Plaintiff's

21   statutory rights is in violation of statute, public policy, and would be looked down on and despised

22   by reasonable persons.

23        53.    As a proximate result of the DEFENDANTS' failure to provide Plaintiff with a

24   reasonable accommodation; Plaintiff has suffered humiliation, emotional distress, and mental pain

25   and anguish, all to his damage in an amount according to proof at the time of trial.

26        54.    In doing the acts herein alleged, DEFENDANTS, and each of them, acted with

27   oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore

28   entitled to punitive damages in an amount according to proof at the time of trial.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
11

55.     Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA, GOVERNMENT CODE SECTION 12940, SUBDIVISION (n)

### (AGAINST AIRCRAFT SERVICE INTERNATIONAL; AIRCRAFT SERVICE INTERNATIONAL, INC.; BBA AVIATION, and DOES 1 to 100, inclusive)

56.     Plaintiff hereby incorporates by reference paragraphs 1-55 above, as if fully set herein by reference;

57.     The FEHA, codified in the Government Code section 12940, subdivision (n), requires an employer to engage in an interactive process in a timely and good faith manner to determine an effective reasonable accommodation.

58.     DEFENDANTS were employers covered by the FEHA.

59.     Plaintiff was an employee of DEFENDANTS.

60.     On or about October 23, 2010, Plaintiff suffered a back injury while performing his work duties.

61.     Plaintiff was sent home to rest and monitor pain, but was then sent to the doctor later that day because of the increasing pain.

62.     Plaintiff retained a workers' compensation attorney and was evaluated by another physician. Plaintiff was taken off of work for a medical leave. DEFENDANTS granted Plaintiff's request for medical leave as a reasonable accommodation.

63.     On or about October 17, 2011, Plaintiff was released to work with work restrictions.

64.     On or about October 19, 2011, Plaintiff called DEFENDANTS' human resources and spoke to Human Resources Manager Defendant CYNTHIA DOUGLAS. Plaintiff informed Defendant CYNTHIA DOUGLAS that he was medically cleared to return to work with work restrictions. Defendant CYNTHIA DOUGLAS terminated Plaintiff's employment and informed Plaintiff that he could not return to work with work restrictions and that he would only be returned to work if he could provide a doctor's note without any work restrictions. Defendant CYNTHIA

DOUGLAS was aware of Plaintiff's rights which protected him from discrimination due to his medical condition and taking of medical leave for that medical condition, but Defendant CYNTHIA DOUGLAS willfully and knowingly disregarded those rights and terminated PLAINTIFF'S employment in retaliation of PLAINTIFF taking a medical leave rather than returning him to work and providing him reasonable accommodation for his physical disability.

65.   DEFENDANTS did not engage in an interactive process with Plaintiff to determine Plaintiff's abilities and limitations as they related to Plaintiff's essential job functions. DEFENDANTS did not provide Plaintiff with a list of his essential job functions and request that Plaintiff consult with his doctor to determine Plaintiff's specific functional limitations as they pertained to the essential functions of his job. Instead, DEFENDANTS merely terminated Plaintiff's employment and informed him he could only be returned to work if he had no work restrictions.

66.   Plaintiff is informed and believes and thereon alleges that DEFENDANTS' termination of Plaintiff was because of his disability/perceived disability, request for reasonable accommodation, and exercise of rights under the CFRA and taking of medical leave.

67.   Plaintiff is informed and believes and thereon alleges that DEFENDANTS' adverse employment decisions (including but not limited to his termination, the decision not to provide his with reasonable accommodations including compliance with his work restrictions, and the failure to engage in the interactive process to determine if there were any other reasonable accommodations available) were made and/or ratified by DEFENDANTS' managing agents and officers, including but not limited to CYNTHIA DOUGLAS. DEFENDANTS and their managing agents and officers were conscious of Plaintiff's rights under the California Family Rights Act and Fair Employment and Housing Act to be free of discrimination because of his disability, taking of medical leave, and need for reasonable accommodation; but disregarded those rights and acted with the intent to cause Plaintiff injury by terminating Plaintiff's employment. DEFENDANTS' disregard of Plaintiff's statutory rights is in violation of statute, public policy, and would be looked down on and despised by reasonable persons.

68.   As a proximate result of the DEFENDANTS' failure to engage in an interactive process, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
13

1    his damage in an amount according to proof at the time of trial.

2        69.    In doing the acts herein alleged, DEFENDANTS, and each of them, acted with

3    oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore

4    entitled to punitive damages in an amount according to proof at the time of trial.

5        70.    Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in

6    an amount according to proof at the time of trial.

7                              **FOURTH CAUSE OF ACTION**

8                    **RETALIATION IN VIOLATION OF THE FEHA**

9        **(AGAINST AIRCRAFT SERVICE INTERNATIONAL; AIRCRAFT SERVICE**

10           **INTERNATIONAL, INC.; BBA AVIATION, and DOES 1 to 100, inclusive)**

11        71.    Plaintiff hereby incorporates by reference paragraphs 1-70 above, as if fully set

12    herein by reference;

13        72.    The Fair Employment and Housing Act, codified in Government Code sections

14    12900 *et seq.* ("FEHA"), makes it unlawful to for an employer to retaliate against an individual with

15    a disability who opposes any discriminatory practice, including employees who ask for reasonable

16    accommodations.

17        73.    DEFENDANTS were employers bound by the FEHA.

18        74.    Plaintiff was an employee of DEFENDANTS.

19        75.    On or about October 23, 2010, Plaintiff suffered a back injury while performing his

20    work duties.

21        76.    Plaintiff was sent home to rest and monitor pain, but was then sent to the doctor later

22    that day because of the increasing pain.

23        77.    Plaintiff retained a workers' compensation attorney and was evaluated by another

24    physician. Plaintiff was taken off of work for a medical leave. DEFENDANTS granted Plaintiff's

25    request for medical leave as a reasonable accommodation.

26        78.    On or about October 17, 2011, Plaintiff was released to work with work restrictions.

27        79.    On or about October 19, 2011, Plaintiff called DEFENDANTS' human resources and

28    spoke to Human Resources Manager Defendant CYNTHIA DOUGLAS. Plaintiff informed

Defendant CYNTHIA DOUGLAS that he was medically cleared to return to work with work restrictions. Defendant CYNTHIA DOUGLAS terminated Plaintiff's employment and informed Plaintiff that he could not return to work with work restrictions and that he would only be returned to work if he could provide a doctor's note without any work restrictions. Defendant CYNTHIA DOUGLAS was aware of Plaintiff's rights which protected him from discrimination due to his medical condition and taking of medical leave for that medical condition, but Defendant CYNTHIA DOUGLAS willfully and knowingly disregarded those rights and terminated PLAINTIFF'S employment in retaliation of PLAINTIFF taking a medical leave rather than returning him to work and providing him reasonable accommodation for his physical disability.

80. DEFENDANTS did not engage in an interactive process with Plaintiff to determine Plaintiff's abilities and limitations as they related to Plaintiff's essential job functions. DEFENDANTS did not provide Plaintiff with a list of his essential job functions and request that Plaintiff consult with his doctor to determine Plaintiff's specific functional limitations as they pertained to the essential functions of his job. Instead, DEFENDANTS merely terminated Plaintiff's employment and informed him he could only be returned to work if he had no work restrictions.

81. Plaintiff is informed and believes and thereon alleges that DEFENDANTS' termination of Plaintiff was because of his disability/perceived disability, request for reasonable accommodation, and exercise of rights under the CFRA and taking of medical leave.

82. Plaintiff is informed and believes and thereon alleges that DEFENDANTS' adverse employment decisions (including but not limited to his termination, the decision not to provide his with reasonable accommodations including compliance with his work restrictions, and the failure to engage in the interactive process to determine if there were any other reasonable accommodations available) were made and/or ratified by DEFENDANTS' managing agents and officers, including but not limited to CYNTHIA DOUGLAS. DEFENDANTS and their managing agents and officers were conscious of Plaintiff's rights under the California Family Rights Act and Fair Employment and Housing Act to be free of discrimination because of his disability, taking of medical leave, and need for reasonable accommodation; but disregarded those rights and acted with the intent to cause Plaintiff injury by terminating Plaintiff's employment. DEFENDANTS' disregard of Plaintiff's

1  statutory rights is in violation of statute, public policy, and would be looked down on and despised

2  by reasonable persons.

3      83.    Plaintiff is informed and believes and thereon alleges that DEFENDANTS'

4  termination of Plaintiff was because of his disability/perceived disability, request for reasonable

5  accommodation, and exercise of rights under the CFRA and taking of medical leave.

6      84.    Plaintiff is informed and believes and thereon alleges that DEFENDANTS' adverse

7  employment decisions (including but not limited to his termination, the decision not to provide his

8  with reasonable accommodations including compliance with his work restrictions, and the failure to

9  engage in the interactive process to determine if there were any other reasonable accommodations

10  available) were made and/or ratified by DEFENDANTS' managing agents and officers, including

11  but not limited to CYNTHIA DOUGLAS. DEFENDANTS and their managing agents and officers

12  were conscious of Plaintiff's rights under the California Family Rights Act and Fair Employment

13  and Housing Act to be free of discrimination because of his disability, taking of medical leave, and

14  need for reasonable accommodation; but disregarded those rights and acted with the intent to cause

15  Plaintiff injury by terminating Plaintiff's employment. DEFENDANTS' disregard of Plaintiff's

16  statutory rights is in violation of statute, public policy, and would be looked down on and despised

17  by reasonable persons.

18      85.    As a proximate result of the wrongful conduct of DEFENDANTS, and each of them,

19  Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment

20  benefits in an amount according to proof at the time of trial.

21      86.    As a proximate result of the wrongful conduct of DEFENDANTS, and each of them,

22  Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage

23  in an amount according to proof at the time of trial.

24      87.    In doing the acts herein alleged, DEFENDANTS, and each of them, acted with

25  oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore

26  entitled to punitive damages in an amount according to proof at the time of trial.

27      88.    Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in

28  an amount according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION OR RETALIATION IN VIOLATION OF THE FEHA, GOVERNMENT CODE SECTION 12940, SUBDIVISION (k)

### (AGAINST AIRCRAFT SERVICE INTERNATIONAL; AIRCRAFT SERVICE INTERNATIONAL, INC.; BBA AVIATION, and DOES 1 to 100, inclusive)

89.  Plaintiff hereby incorporates by reference paragraphs 1-88 above, as if fully set herein by reference;

90.  The FEHA, codified in Government Code sections 12900 *et seq.*, provides that it is an unlawful employment practice "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring" (Gov. Code § 12940, subd. (k)) which includes retaliation.

91.  DEFENDANTS were employers bound by the FEHA.

92.  Plaintiff was an employee of DEFENDANTS.

93.  On or about October 23, 2010, Plaintiff suffered a back injury while performing his work duties.

94.  Plaintiff was sent home to rest and monitor pain, but was then sent to the doctor later that day because of the increasing pain.

95.  Plaintiff retained a workers' compensation attorney and was evaluated by another physician. Plaintiff was taken off of work for a medical leave. DEFENDANTS granted Plaintiff's request for medical leave as a reasonable accommodation.

96.  On or about October 17, 2011, Plaintiff was released to work with work restrictions.

97.  On or about October 19, 2011, Plaintiff called DEFENDANTS' human resources and spoke to Human Resources Manager Defendant CYNTHIA DOUGLAS. Plaintiff informed Defendant CYNTHIA DOUGLAS that he was medically cleared to return to work with work restrictions. Defendant CYNTHIA DOUGLAS terminated Plaintiff's employment and informed Plaintiff that he could not return to work with work restrictions and that he would only be returned to work if he could provide a doctor's note without any work restrictions. Defendant CYNTHIA DOUGLAS was aware of Plaintiff's rights which protected him from discrimination due to his

medical condition and taking of medical leave for that medical condition, but Defendant CYNTHIA DOUGLAS willfully and knowingly disregarded those rights and terminated PLAINTIFF'S employment in retaliation of PLAINTIFF taking a medical leave rather than returning him to work and providing him reasonable accommodation for his physical disability.

98.   DEFENDANTS did not engage in an interactive process with Plaintiff to determine Plaintiff's abilities and limitations as they related to Plaintiff's essential job functions. DEFENDANTS did not provide Plaintiff with a list of his essential job functions and request that Plaintiff consult with his doctor to determine Plaintiff's specific functional limitations as they pertained to the essential functions of his job. Instead, DEFENDANTS merely terminated Plaintiff's employment and informed him he could only be returned to work if he had no work restrictions.

99.   Plaintiff is informed and believes and thereon alleges that DEFENDANTS' termination of Plaintiff was because of his disability/perceived disability, request for reasonable accommodation, and exercise of rights under the CFRA and taking of medical leave.

100.   DEFENDANTS failed to take all reasonable steps to prevent the discrimination and retaliation, including but not limited to education on reasonable accommodation and the interactive process and entitlement to reasonable accommodation and prevention of disability discrimination and policies providing reasonable accommodation and preventing disability discrimination or putting into place procedures which would ensure reasonable accommodation, interactive process, and prevention of disability or leave discrimination.

101.   Plaintiff is informed and believes and thereon alleges that DEFENDANTS' adverse employment decisions (including but not limited to his termination, the decision not to provide his with reasonable accommodations including compliance with his work restrictions, and the failure to engage in the interactive process to determine if there were any other reasonable accommodations available) were made and/or ratified by DEFENDANTS' managing agents and officers, including but not limited to CYNTHIA DOUGLAS. DEFENDANTS and their managing agents and officers were conscious of Plaintiff's rights under the California Family Rights Act and Fair Employment and Housing Act to be free of discrimination because of his disability, taking of medical leave, and need for reasonable accommodation; but disregarded those rights and acted with the intent to cause

1   Plaintiff injury by terminating Plaintiff's employment. DEFENDANTS' disregard of Plaintiff's

2   statutory rights is in violation of statute, public policy, and would be looked down on and despised

3   by reasonable persons.

4       102.   As a proximate result of the wrongful conduct of DEFENDANTS, and each of them,

5   PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other

6   employment benefits in an amount according to proof at the time of trial.

7       103.   As a proximate result of the wrongful conduct of DEFENDANTS, and each of them,

8   PLAINTIFF has suffered humiliation, emotional distress, and mental pain and anguish, all to his

9   damage in an amount according to proof at the time of trial.

10       104.   In doing the acts herein alleged, DEFENDANTS, and each of them, acted with

11   oppression, fraud, malice, and in conscious disregard of PLAINTIFF'S rights and PLAINTIFF is

12   therefore entitled to punitive damages in an amount according to proof at the time of trial.

13       105.   PLAINTIFF has also incurred and continues to incur attorneys' fees and legal

14   expenses in an amount according to proof at the time of trial.

15   <div align="center">**SIXTH CAUSE OF ACTION**</div>

16   <div align="center">**CFRA RIGHTS RETALIATION**</div>

17   <div align="center">**(AGAINST AIRCRAFT SERVICE INTERNATIONAL; AIRCRAFT SERVICE**</div>

18   <div align="center">**INTERNATIONAL, INC.; BBA AVIATION, and DOES 1 to 100, inclusive, and CYNTHIA**</div>

19   <div align="center">**DOUGLAS)**</div>

20       106.   PLAINTIFF hereby incorporates by reference paragraphs 1-105, as if fully set herein

21   by reference;

22       107.   The CFRA, codified in the Government Code section 12945.1, *et seq.*, requires an

23   employer to provide employees with all rights afforded to them pursuant to the CFRA and prohibits

24   discrimination against an employee because of his or his exercise of those rights.

25       108.   At the time Plaintiff needed medical leave, he was an employee of DEFENDANTS.

26   DEFENDANTS jointly employed 50 or more employees within 75 miles of Plaintiff's workplace.

27   At the time Plaintiff needed leave, he had more than 12 months of service with DEFENDANTS and

28   had worked at least 1,250 hours for DEFENDANTS during the previous 12 months. At the time

<div align="center">**PLAINTIFF'S COMPLAINT FOR DAMAGES**
19</div>

1   Plaintiff needed leave, Plaintiff had taken no more than 12 weeks of family care or medical leave in

2   the 12- month period prior to his need for leave.

3       109.   On or about October 23, 2010, Plaintiff suffered a back injury while performing his

4   work duties.

5       110.   Plaintiff was sent home to rest and monitor pain, but was then sent to the doctor later

6   that day because of the increasing pain.

7       111.   Plaintiff retained a workers' compensation attorney and was evaluated by another

8   physician. Plaintiff was taken off of work for a medical leave. DEFENDANTS granted Plaintiff's

9   request for medical leave as a reasonable accommodation.

10      112.   On or about October 17, 2011, Plaintiff was released to work with work restrictions.

11      113.   On or about October 19, 2011, Plaintiff called DEFENDANTS' human resources and

12  spoke to Human Resources Manager Defendant CYNTHIA DOUGLAS. Plaintiff informed

13  Defendant CYNTHIA DOUGLAS that he was medically cleared to return to work with work

14  restrictions. Defendant CYNTHIA DOUGLAS terminated Plaintiff's employment and informed

15  Plaintiff that he could not return to work with work restrictions and that he would only be returned

16  to work if he could provide a doctor's note without any work restrictions. Defendant CYNTHIA

17  DOUGLAS was aware of Plaintiff's rights which protected him from discrimination due to his

18  medical condition and taking of medical leave for that medical condition, but Defendant CYNTHIA

19  DOUGLAS willfully and knowingly disregarded those rights and terminated PLAINTIFF'S

20  employment in retaliation of PLAINTIFF taking a medical leave rather than returning him to work

21  and providing him reasonable accommodation for his physical disability.

22      114.   DEFENDANTS did not engage in an interactive process with Plaintiff to determine

23  Plaintiff's abilities and limitations as they related to Plaintiff's essential job functions.

24  DEFENDANTS did not provide Plaintiff with a list of his essential job functions and request that

25  Plaintiff consult with his doctor to determine Plaintiff's specific functional limitations as they

26  pertained to the essential functions of his job. Instead, DEFENDANTS merely terminated Plaintiff's

27  employment and informed him he could only be returned to work if he had no work restrictions.

28      115.   Plaintiff is informed and believes and based thereon alleges his taking of medical

1   leave and exercise of rights under the CFRA was a motivating factor in DEFENDANTS' and

2   Defendant CYNTHIA DOUGLAS' retaliatory employment decisions, including but not limited to

3   his termination, the decision not to provide him with all available reasonable accommodation, and

4   the failure to engage in the interactive process.

5       116.   Plaintiff is informed and believes and thereon alleges that DEFENDANTS' adverse

6   employment decisions (including but not limited to his termination, the decision not to provide his

7   with reasonable accommodations including compliance with his work restrictions, and the failure to

8   engage in the interactive process to determine if there were any other reasonable accommodations

9   available) were made and/or ratified by DEFENDANTS' managing agents and officers, including

10  but not limited to CYNTHIA DOUGLAS. CYNTHIA DOUGLAS and DEFENDANTS and their

11  managing agents and officers were conscious of Plaintiff's rights under the California Family Rights

12  Act and Fair Employment and Housing Act to be free of discrimination because of his disability,

13  taking of medical leave, and need for reasonable accommodation; but disregarded those rights and

14  acted with the intent to cause Plaintiff injury by terminating Plaintiff's employment.

15  DEFENDANTS and CYNTHIA DOUGLAS' disregard of Plaintiff's statutory rights is in violation

16  of statute, public policy, and would be looked down on and despised by reasonable persons.

17      117.   As a proximate result of the wrongful conduct of DEFENDANTS and CYNTHIA

18  DOUGLAS, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and

19  other employment benefits in an amount according to proof at the time of trial.

20      118.   As a proximate result of the wrongful conduct of DEFENDANTS and CYNTHIA

21  DOUGLAS, and each of them, PLAINTIFF has suffered humiliation, emotional distress, and mental

22  pain and anguish, all to his damage in an amount according to proof at the time of trial.

23      119.   In doing the acts herein alleged, DEFENDANTS and CYNTHIA DOUGLAS, and

24  each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights

25  and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of

26  trial.

27      120.   Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in

28  an amount according to proof at the time of trial.

PLAINTIFF'S COMPLAINT FOR DAMAGES
21

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION/DEMOTION IN VIOLATION OF PUBLIC POLICY

### (AGAINST AIRCRAFT SERVICE INTERNATIONAL; AIRCRAFT SERVICE INTERNATIONAL, INC.; BBA AVIATION, and DOES 1 to 100, inclusive)

121.   PLAINTIFF hereby incorporates by reference paragraphs 1-120 above, as if fully set herein by reference;

122.   The FEHA makes it unlawful to for an employer to discriminate against an employee on the basis of the employee's disability or perceived disability. Gov. Code § 12940, subd. (a).

123.   The FEHA makes it unlawful to for an employer to retaliate against an individual with a disability who opposes any discriminatory practice, including employees who ask for reasonable accommodations. Gov. Code § 12940, subd. (h).

124.   The CFRA also prohibits discrimination or retaliation against an employee for exercising his or his rights under the CFRA, including taking of medical leave or child care leave. Gov. Code § 12945.2, subd. (l).

125.   DEFENDANTS discriminated against Plaintiff on grounds that violate California's public policies prohibiting discrimination and retaliation against employees for exercising his or his right to medical leave under the California Family Rights Act; discrimination against employees because of their disability and/or perceived disability; and/or retaliation against employees who request a reasonable accommodation.

126.   On or about October 23, 2010, Plaintiff suffered a back injury while performing his work duties.

127.   Plaintiff was sent home to rest and monitor pain, but was then sent to the doctor later that day because of the increasing pain.

128.   Plaintiff retained a workers' compensation attorney and was evaluated by another physician. Plaintiff was taken off of work for a medical leave. DEFENDANTS granted Plaintiff's request for medical leave as a reasonable accommodation.

129.   On or about October 17, 2011, Plaintiff was released to work with work restrictions.

130.   On or about October 19, 2011, Plaintiff called DEFENDANTS' human resources and

1   spoke to Human Resources Manager Defendant CYNTHIA DOUGLAS. Plaintiff informed
2   Defendant CYNTHIA DOUGLAS that he was medically cleared to return to work with work
3   restrictions. Defendant CYNTHIA DOUGLAS terminated Plaintiff's employment and informed
4   Plaintiff that he could not return to work with work restrictions and that he would only be returned
5   to work if he could provide a doctor's note without any work restrictions. Defendant CYNTHIA
6   DOUGLAS was aware of Plaintiff's rights which protected him from discrimination due to his
7   medical condition and taking of medical leave for that medical condition, but Defendant CYNTHIA
8   DOUGLAS willfully and knowingly disregarded those rights and terminated PLAINTIFF'S
9   employment in retaliation of PLAINTIFF taking a medical leave rather than returning him to work
10  and providing him reasonable accommodation for his physical disability.

11      131.   DEFENDANTS did not engage in an interactive process with Plaintiff to determine
12  Plaintiff's abilities and limitations as they related to Plaintiff's essential job functions.
13  DEFENDANTS did not provide Plaintiff with a list of his essential job functions and request that
14  Plaintiff consult with his doctor to determine Plaintiff's specific functional limitations as they
15  pertained to the essential functions of his job. Instead, DEFENDANTS merely terminated Plaintiff's
16  employment and informed him he could only be returned to work if he had no work restrictions.

17      132.   Plaintiff is informed and believes and thereon alleges that DEFENDANTS'
18  termination of Plaintiff was because of his disability/perceived disability, request for reasonable
19  accommodation, and exercise of rights under the CFRA and taking of medical leave.

20      133.   Plaintiff is informed and believes and thereon alleges that DEFENDANTS' adverse
21  employment decisions (including but not limited to the forced medical leave of absences and
22  termination, the decision not to provide his with reasonable accommodations including compliance
23  with his work restrictions, and the failure to engage in the interactive process to determine if there
24  were any other reasonable accommodations available) were made and/or ratified by
25  DEFENDANTS' managing agents and officers, including but not limited to Rocio Pacheco who
26  was DEFENDANTS' Director of Human Resources who exercised substantial independent
27  authority and judgment in their corporate decision making which ultimately determined corporate
28  policy. DEFENDANTS and their managing agents and officers were conscious of Plaintiff's rights

1   under the California Family Rights Act and Fair Employment and Housing Act to be free of

2   discrimination because of his disability, taking of medical leave, and need for reasonable

3   accommodation; but disregarded those rights and acted with the intent to cause PLAINTIFF injury

4   by terminating Plaintiff's employment. DEFENDANTS' disregard of Plaintiff's statutory rights and

5   providing of false reasons for Plaintiff's termination is in violation of statute, public policy, and

6   would be looked down on and despised by reasonable persons.

7       134.    As a proximate result of the wrongful conduct of DEFENDANTS, and each of them;

8   Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment

9   benefits in an amount according to proof at the time of trial.

10      135.    As a proximate result of the wrongful conduct of DEFENDANTS, and each of them;

11  Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish all to his damage

12  in an amount according to proof at the time of trial.

13      136.    In doing the acts herein alleged, DEFENDANTS, and each of them, acted with

14  oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is

15  therefore entitled to punitive damages according to proof at the time of trial.

16      137.    Plaintiff has also incurred and continues to incur costs in an amount according to

17  proof at the time of trial.

18      **WHEREFORE, PLAINTIFF prays that Judgment be entered in his favor and against**

19  **DEFENDANTS, and each of them, as follows:**

20

21  **ON THE FIRST, SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION:**

22      1.    That the Defendants to be found to have failed to engage in an interactive process,

23  failed to provide reasonable accommodation, discriminated against Plaintiff based on his disability

24  and/or perceived disability, retaliated against him for requesting reasonable accommodation, and/or

25  failed to prevent discrimination and retaliation all in violation of the FEHA.

26      2.    For such general, special, and compensatory damages as may be appropriate,

27  including all damages alleged above.

28      3.    For past and future lost income and benefits.

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
24

4.   For emotional distress damages.

5.   For pre-judgment interest.

6.   For costs of suit and attorneys' fees on pursuant to the FEHA.

7.   For punitive damages.

8.   For prejudgment and post-judgment interest as available by law; and

9.   For such other relief as the Court deems just and proper.

### ON THE SIXTH CAUSE OF ACTION:

1.   That the Defendants to be found to have wrongfully deprived Plaintiff of reasonable accommodation and made other adverse employment decisions against Plaintiff in violation of the CFRA.

2.   For such general, special, and compensatory damages as may be appropriate, including all damages alleged above.

3.   For past and future lost income and benefits.

4.   For emotional distress damages.

5.   For pre-judgment interest.

6.   For costs of suit and attorneys' fees on pursuant to the CFRA.

7.   For punitive damages.

8.   For prejudgment and post-judgment interest as available by law; and

9.   For such other relief as the Court deems just and proper.

### ON THE SEVENTH CAUSE OF ACTION:

1.   That the Defendants be found to have wrongfully terminated Plaintiff's employment and demoted him in violation of public policy.

2.   For such general, special, compensatory and liquidated damages as may be appropriate, including all damages alleged above.

3.   For past and future lost income and benefits.

4.   For emotional distress damages.

5.   For costs of suit.

6.   For punitive damages.

PLAINTIFF'S COMPLAINT FOR DAMAGES
25

7.    For prejudgment and post-judgment interest as available by law; and

8.    For such other relief as the Court deems just and proper.

Dated: September 27, 2013                    Respectfully submitted,

                                             LAVI & EBRAHIMIAN, LLP


                                             By:
                                                  N. Nick Ebrahimian, Esq.
                                                  Jordan D. Bello, Esq.
                                                  Attorneys for PLAINTIFF
                                                  JORGE GONZALEZ-DELRIO


                         **DEMAND FOR TRIAL BY JURY**

PLAINTIFF JORGE GONZALEZ-DELRIO hereby demands trial by jury.

Dated: September 27, 2013                    Respectfully submitted,

                                             LAVI & EBRAHIMIAN, LLP


                                             By:
                                                  N. Nick Ebrahimian, Esq.
                                                  Jordan D. Bello, Esq.
                                                  Attorneys for PLAINTIFF
                                                  JORGE GONZALEZ-DELRIO

PLAINTIFF'S COMPLAINT FOR DAMAGES
26

# EXHIBIT 1



**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH INQUIRY NUMBER:
47680-22767

| COMPLAINANT NAME:<br>Jorge GonzalezDelrio | TELEPHONE NUMBER:<br>(213) 804-0878 |
|---|---|
| ADDRESS:<br>4016 Ingraham Street | CITY/STATE/ZIP:<br>Los Angeles, CA 90005 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| RESPONDENT NAME:<br>Aircraft Service International | AGENT FOR SERVICE NAME: | TELEPHONE NUMBER: |
|---|---|---|
| ADDRESS (AGENT FOR SERVICE):<br>5720 Avion Drive | | CITY/STATE/ZIP:<br>Los Angeles, CA 90045 |
| NO. OF EMPLOYEES/MEMBERS:<br>0 | DATE MOST RECENT DISCRIMINATION TOOK PLACE:<br>Oct 19, 2011 | TYPE OF EMPLOYER: |

CO-RESPONDENT(S):

| NAME | ADDRESS |
|---|---|
| Cynthia Douglas | 5720 Avion Drive  Los Angeles  CA 90045 |
| BBA Aviation | 5720 Avion Drive  Los Angeles  CA 90045 |

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

Dated October 01, 2012 At Los Angeles        Verified By:Jorge Gonzalez-Delrio

DFEH-300-030 (07/12)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: Oct 01, 2012
COMPLETED: Oct 01, 2012

STATE OF CALIFORNIA

Page 1/2



# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
## EMPLOYMENT

### COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

I ALLEGE THAT I EXPERIENCED:
Discrimination, Retaliation

ON OR BEFORE: Oct 19, 2011

**BECAUSE OF MY ACTUAL OR PERCEIVED:** Disability - including HIV and AIDS, Engagement in Protected Activity, Family Care or Medical Leave, Other I believe that I was retaliated against/discriminated for [1] taking a medical leave of absence and [2] requesting a reasonable accommodation with respect to my work restrictions.

**AS A RESULT, I WAS:** Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied reasonable accommodation, Denied reinstatement, Terminated, Other I believe that I was retaliated against/discriminated for [1] taking a medical leave of absence and [2] requesting a reasonable accommodation with respect to my work restrictions.

STATE WHAT YOU BELIEVE TO BE THE REASON(S) FOR DISCRIMINATION:

I believe that I was retaliated against/discriminated and ultimately terminated for [1] taking a medical leave of absence and [2] requesting a reasonable accommodation with respect to my work restrictions.

DFEH-300-030 (07/12)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: Oct 01, 2012
COMPLETED: Oct 01, 2012

STATE OF CALIFORNIA

Page 2/2





STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING                    DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I Videophone (916) 226-5285 I TDD (800) 700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 01, 2012

Jorge GonzalezDelrio

4016 Ingraham Street

Los Angeles, CA 90005

RE: 47680-22767 - GonzalezDelrio Jorge - Right To Sue

Notice of Case Closure and Right to Sue

Dear Jorge GonzalezDelrio:

This letter informs you that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed
effective October 01, 2012 because an immediate Right to Sue notice was requested.
DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the
case is still open at the end of the three-year period.

Sincerely,

Department of Fair Employment and Housing

cc:  , Agent for Service for Aircraft Service International

Cynthia Douglas
        BBA Aviation




STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

October 01, 2012

RE: 47680-22767 - GonzalezDelrio Jorge - Right To Sue

Notice of Filing of Discrimination Complaint

Enclosed is a copy of a complaint that has been filed with the Department of Fair
Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962.
Complainant has requested an authorization to file a lawsuit. This complaint is not being
investigated and is being closed immediately. A copy of the closing letter and right to
sue is enclosed for your records.

NO RESPONSE TO DFEH IS REQUESTED OR REQUIRED.

Please see the next page for the Respondent(s) name and address

Page 1/2



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I Videophone (916) 226-5285 I TDD (800) 700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 01, 2012

RE: 47680-22767 - GonzalezDelrio Jorge - Right To Sue

### Notice of Filing of Discrimination Complaint

Agent for Service for  Aircraft Service International,          Cynthia Douglas
5720 Avion Drive                                                5720 Avion Drive
Los Angeles CA 90045                                            Los Angeles CA 90045


5720 Avion Drive
Los Angeles CA 90045

Page 2/2



STATE OF CALIFORNIA · STATE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING                DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA 195758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

October 01, 2012

Nick Ebrahimian, Esq.

8889 W. Olympic Blvd., Ste. 200

Beverly Hills, CA 90211

RE: 47680-22767 - GonzalezDelrio Jorge - Right To Sue

### NOTICE TO COMPLAINANT'S ATTORNEY

Attached is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900, et seq. Also attached is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Sincerely,

Department of Fair Employment and Housing

# EXHIBIT 2



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I Videophone (916) 226-5285 I TDD (800) 700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 01, 2012

Jorge GonzalezDelrio
4016 Ingraham Street
Los Angeles, CA 90005

RE: 47680-22767 - GonzalezDelrio Jorge - Right To Sue

### Notice of Case Closure and Right to Sue

Dear Jorge GonzalezDelrio:

This letter informs you that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 01, 2012 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,


. Department of Fair Employment and Housing


cc:  , Agent for Service for Aircraft Service International

Cynthia Douglas
        BBA Aviation

# EXHIBIT 3

LAW OFFICES OF

# LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE: (310) 432-0000
FACSIMILE: (310) 432-0001
WWW.LELAWFIRM.COM

November 29, 2012

**VIA CERTIFIED U.S. MAIL**
7010 2780 0000 6359 7348

Aircraft Service International
Agent for Service of Process
5720 Avion Drive
Los Angeles, CA 90045

Re:  Gonzalez-Del Rio/Aircraft Service International

Dear Sir/Madam:

Pursuant to the California Government Code §12962 and the Assembly Bill 1536 relating to the service of a claimant's charges with the Department of Fair Employment and Housing ("DFEH") and the Right-To-Sue Letters on his or her employer, enclosed please find copies of Mr. Jorge Gonzalez-Del Rio's DFEH Charges and Right-To-Sue Letters concerning his claims of discrimination, retaliation, denied reasonable accommodation and wrongful termination against Aircraft Service International, BBA Aviation and Cynthia Douglas c/o Aircraft Service International.

Please contact us to discuss resolution of this matter. Thank you in advance for your anticipated courtesy and corporation.

Very truly yours,

LAVI & EBRAHIMIAN, LLP

Mildred D. Pérez
Legal Assistant to
Nick Ebrahimian, Esq.

NNE/mdp
Enclosures

-49-



LAVI & EBRAHIMIAN, LLP
3889 W. Olympic Blvd., Ste. 200
Beverly Hills, CA 90211

7010 2780 0000 6359 7348

Aircraft Service International
Agent for Service of Process
5720 Avion Drive
Los Angeles, CA 90045



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Aircraft Service International
Agent for Service of Process
5720 Avion Drive
Los Angeles, CA 90045

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7010 2780 0000 6359 7348

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Ste. 200
Beverly Hills, CA 90211

Gonzalez-DelRio /Aircraft /DFEH-RTS / mp





LAW OFFICES OF

# LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE: (310) 432-0000
FACSIMILE: (310) 432-0001
WWW.LELAWFIRM.COM

November 29, 2012

**VIA CERTIFIED U.S. MAIL**
**7010 2780 0000 6359 7324**

BB Aviation
Agent for Service of Process
5720 Avion Drive
Los Angeles, CA 90045

Re:  Gonzalez-Del Rio/Aircraft Service International

Dear Sir/Madam:

Pursuant to the California Government Code §12962 and the Assembly Bill 1536 relating to the service of a claimant's charges with the Department of Fair Employment and Housing ("DFEH") and the Right-To-Sue Letters on his or her employer, enclosed please find copies of Mr. Jorge Gonzalez-Del Rio's DFEH Charges and Right-To-Sue Letters concerning his claims of discrimination, retaliation, denied reasonable accommodation and wrongful termination against Aircraft Service International, BBA Aviation and Cynthia Douglas c/o Aircraft Service International.

Please contact us to discuss resolution of this matter. Thank you in advance for your anticipated courtesy and corporation.

Very truly yours,

LAVI & EBRAHIMIAN, LLP

Mildred D. Perez
Legal Assistant to
Nick Ebrahimian, Esq.

NNE/mdp
Enclosures

-53-

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BB Aviation
Agent for Service of Process
5720 Avion Drive
Los Angeles, CA 90045

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7010 2780 0000 6359 7324

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Ste. 200
Beverly Hills, CA 90211

*Gonzalez-Del Rio / Aircraft / DFEH-RTS / imp*

**CERTIFIED MAIL**

7010 2780 0000 6359 7324

LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Ste. 200
Beverly Hills, CA 90211

BB Aviation
Agent for Service of Process
5720 Avion Drive
Los Angeles, CA 90045







LAW OFFICES OF
## LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE: (310) 432-0000
FACSIMILE: (310) 432-0001
WWW.LELAWFIRM.COM

November 29, 2012

**VIA CERTIFIED U.S. MAIL**
7010 2780 0000 6359 7331

Cynthia Douglas
c/o Aircraft Service International
5720 Avion Drive
Los Angeles, CA 90045

Re:  Gonzalez-Del Rio/Aircraft Service International

Dear Ms. Douglas:

Pursuant to the California Government Code §12962 and the Assembly Bill 1536 relating to the service of a claimant's charges with the Department of Fair Employment and Housing ("DFEH") and the Right-To-Sue Letters on his or her employer, enclosed please find copies of Mr. Jorge Gonzalez-Del Rio's DFEH Charges and Right-To-Sue Letters concerning his claims of discrimination, retaliation, denied reasonable accommodation and wrongful termination against Aircraft Service International, BBA Aviation and Cynthia Douglas c/o Aircraft Service International.

Please contact us to discuss resolution of this matter. Thank you in advance for your anticipated courtesy and corporation.

Very truly yours,

LAVI & EBRAHIMIAN, LLP

Mildred D. Perez
Legal Assistant to
Nick Ebrahimian, Esq.

NNE/mdp
Enclosures

LAVI & EBRAHIMIAN, LLP
889 W. Olympic Blvd., Ste. 200
Beverly Hills, CA 90211

7010 2780 0000 6359 7331

Cynthia Douglas
c/o Aircraft Service International
5720 Avion Drive
Los Angeles, CA 90045

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cynthia Douglas
c/o Aircraft Service International
5720 Avion Drive
Los Angeles, CA 90045

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7010 2780 0000 6359 7331

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Ste. 200
Beverly Hills, CA 90211

Gonzalez-DelRio / Aircraft / DFEH-RTS / np







# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
## EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH INQUIRY NUMBER:
47680-22767

| COMPLAINANT NAME: Jorge GonzalezDelrio | TELEPHONE NUMBER: (213) 804-0878 |
|---|---|

| ADDRESS: 4016 Ingraham Street | CITY/STATE/ZIP: Los Angeles, CA 90005 |
|---|---|

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| RESPONDENT NAME: Aircraft Service International | AGENT FOR SERVICE NAME: | TELEPHONE NUMBER: |
|---|---|---|

| ADDRESS (AGENT FOR SERVICE): 5720 Avion Drive | CITY/STATE/ZIP: Los Angeles, CA 90045 |
|---|---|

| NO. OF EMPLOYEES/MEMBERS: 0 | DATE MOST RECENT DISCRIMINATION TOOK PLACE: Oct 19, 2011 | TYPE OF EMPLOYER: |
|---|---|---|

CO-RESPONDENT(S):

| NAME | ADDRESS |
|---|---|
| Cynthia Douglas | 5720 Avion Drive  Los Angeles  CA 90045 |
| | 5720 Avion Drive  Los Angeles  CA 90045 |
| BBA Aviation | |

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

Dated October 01, 2012 At Los Angeles      Verified By:Jorge Gonzalez-Delrio

DFEH-300-030 (07/12)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: Oct 01, 2012
COMPLETED: Oct 01, 2012

STATE OF CALIFORNIA

Page 1/2

 **CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND
HOUSING ACT

I ALLEGE THAT I EXPERIENCED:
Discrimination, Retaliation

ON OR BEFORE: Oct 19, 2011

BECAUSE OF MY
ACTUAL OR
PERCEIVED:
Disability - including HIV and AIDS, Engagement in Protected Activity, Family Care or Medical Leave, Other I
believe that I was retaliated against/discriminated for [1] taking a medical leave of absence and [2] requesting a
reasonable accommodation with respect to my work restrictions.

AS A RESULT, I WAS:
Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied
reasonable accommodation, Denied reinstatement, Terminated, Other
I believe that I was retaliated against/discriminated for [1] taking a medical leave of absence and
[2] requesting a reasonable accommodation with respect to my work restrictions.

STATE WHAT YOU BELIEVE TO BE THE REASON(S) FOR DISCRIMINATION:

I believe that I was retaliated against/discriminated and ultimately terminated for [1] taking a medical leave of absence and [2] requesting a
reasonable accommodation with respect to my work restrictions.

DFEH-300-030 (07/12)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: Oct 01, 2012
COMPLETED: Oct 01, 2012

STATE OF CALIFORNIA

Page 2/2

-62-



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING                    DIRECTOR PHYLLIS W. CHENG

8218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I Videophone (916) 226-5285 I TDD (800) 700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 01, 2012

RE: 47680-22767 - GonzalezDelrio Jorge - Right To Sue

Notice of Filing of Discrimination Complaint

Enclosed is a copy of a complaint that has been filed with the Department of Fair
Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962.
Complainant has requested an authorization to file a lawsuit. This complaint is not being
investigated and is being closed immediately.  A copy of the closing letter and right to
sue is enclosed for your records.

NO RESPONSE TO DFEH IS REQUESTED OR REQUIRED.

Please see the next page for the Respondent(s) name and address

Page 1/2



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING                    DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email contact.center@dfeh.ca.gov

October 01, 2012

RE: 47680-22767 - GonzalezDelrio Jorge - Right To Sue

Notice of Filing of Discrimination Complaint

Agent for Service for  Aircraft Service International            Cynthia Douglas
5720 Avion Drive                                                5720 Avion Drive
Los Angeles CA 90045                                            Los Angeles CA 90045

5720 Avion Drive
Los Angeles CA 90045

Page 2/2

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY       GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

October 01, 2012

Jorge GonzalezDelrio

4016 Ingraham Street

Los Angeles, CA 90005

RE: 47680-22767 - GonzalezDelrio Jorge - Right To Sue

Notice of Case Closure and Right to Sue

Dear Jorge GonzalezDelrio:

This letter informs you that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 01, 2012 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Department of Fair Employment and Housing

cc: , Agent for Service for Aircraft Service International

. Cynthia Douglas
    BBA Aviation



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING          DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I Videophone (916) 226-5285 I TDD (800) 700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 01, 2012

Nick Ebrahimian, Esq.

8889 W. Olympic Blvd., Ste. 200

Beverly Hills, CA 90211

RE: 47680-22767 - GonzalezDelrio Jorge - Right To Sue

## NOTICE TO COMPLAINANT'S ATTORNEY

Attached is a copy of your client's complaint of discrimination filed with the Department
of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment
and Housing Act, Government Code section 12900, et seq. Also attached is a copy of
your client's Notice of Case Closure, which constitutes your client's right-to-sue notice.
Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.

Please refer to the attached Notice of Case Closure and Right to Sue for information
regarding filing a private lawsuit in the State of California.

Sincerely,

Department of Fair Employment and Housing

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jordan D. Bello, Esq.<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. OLYMPIC BLVD., SUITE 200<br>BEVERLY HILLS, CA 90211 | **FILED**<br>LOS ANGELES SUPERIOR COURT<br>SEP 27 2013<br>JOHN A. CLARKE, CLERK<br>BY AMBER HAWES, DEPUTY |

TELEPHONE NO.: 310-432-0000   FAX NO.:
ATTORNEY FOR (Name): PLAINTIFF JORGE GONZALEZ-DELRIO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL ST.
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME:   GONZALEZ-DELRIO v. AIRCRAFT SERVICE
INTERNATIONAL

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER **BC522656** |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

**BY FAX**

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): 8:Disability/leave discrimination and WTVPP
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 27, 2013
Jordan D. Bello, Esq.
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

| SHORT TITLE: GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL | CASE NUMBER | B C 5 2 2 6 5 6 **BY FAX** |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 1 0 [ ] HOURS/ [x] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070  Asbestos Property Damage<br>[ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons<br>[ ] A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall)<br>[ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270  Intentional Infliction of Emotional Distress<br>[ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.0<br>Page 1 of 4<br>LA-CV109 |
|---|---|---|

| SHORT TITLE: GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL | CASE NUMBER: |
| --- | --- |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS:  5720 Avion Drive |
|---|---|
| ☐1. ☐2.☒3.☐4.☐5.☐6.☐7.☐8.☐9.☐10. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90045 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 9-7-2013 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Jordan D. Bello

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| LACIV 109 (Rev. 03/11) LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION** | Local Rule 2.0 Page 4 of 4 |
|---|---|---|

**EXHIBIT "B"**

ORIGINAL

N. Nick Ebrahimian, Esq. (State Bar No. 219270)
Jordan D. Bello, Esq. (State Bar No. 243190)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone (310) 432-0000
Facsimile (310) 432-0001

Attorneys for PLAINTIFF
JORGE GONZALEZ-DELRIO

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 05 2013

John A. Clarke, executive Officer/Clerk
BY _____ Deputy
_____ Robinson

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES-CENTRAL

| | |
|---|---|
| JORGE GONZALEZ-DELRIO, | Case No.: BC522656 |
| PLAINTIFF, | **PLAINTIFF JORGE GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT AIRCRAFT SERVICE INTERNATIONAL** |
| vs. | |
| AIRCRAFT SERVICE INTERNATIONAL, a business entity unknown; AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; CYNTHIA DOUGLAS, an individual; BBA AVIATION, a business entity unknown; and DOES 1 to 100, Inclusive. | |
| DEFENDANTS. | |

///

///

///

///

**PLAINTIFF JORGE GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT AIRCRAFT SERVICE INTERNATIONAL**

1

-73-

**TO THIS COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff JORGE GONZALEZ-DELRIO hereby submits the Proof of Service of Summons and Complaint on Defendant Aircraft Service International.

Dated December 5, 2013

Respectfully submitted,

LAVI & EBRAHIMIAN, LLP

By:

N. Nick Ebrahimian, Esq.
Jordan D. Bello, Esq.
Attorneys for PLAINTIFF
JORGE GONZALEZ-DELRIO

PLAINTIFF JORGE GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON
DEFENDANT AIRCRAFT SERVICE INTERNATIONAL
2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|---|
| N. Nick Ebrahimian SBN 219270 | | (310) 432-0000 | |
| 8889 W Olympic Blvd Ste. 200 | | | |
| Beverly Hills          CA          90211 | | | |
| ATTORNEY FOR (Name          Plaintiff | | | |

Insert of Court Name of Judicial District and Branch Court if any
LOS ANGELES SUPERIOR COURT, LOS ANGELES, CENTRAL

SHORT TITLE OF CASE
GONZALEZ-DELRIO v AIRCRAFT

| 2591446.01 | (HEARING) Date | Time | Dept | | Case Number. BC522656 |
|---|---|---|---|---|---|
| | | | | 16 | REFERENCE NO. GONZALEZ-DELRIO v AIRCRAFT |

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM
   NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
   VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET

3. a. PARTY SERVED:   AIRCRAFT SERVICE INTERNATIONAL,

   a business entity unknown
   CT CORPORATION SYSTEM, AGENT FOR SERVICE
   b. PERSON SERVED:  JAN LAPINID, PERSON AUTHORIZED TO RECEIVE
   PACIFIC ISLANDER FEMALE 30YRS 5'3" 150LBS. BLACK HAIR

4. c. ADDRESS:      818 W 7TH ST
   LOS ANGELES          CA          90017

5. I SERVED THE PARTY NAMED IN ITEM 3a

   a. BY PERSONALLY DELIVERING THE COPIES
      ON  11/18/2013  AT  3:00:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:

   AIRCRAFT SERVICE INTERNATIONAL,
   a business entity unknown
   CT CORPORATION SYSTEM, AGENT FOR SERVICE
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : BUSINESS ORGANIZATION, FORM
   UNKNOWN  CCP 415.95

| | | |
|---|---|---|
| 7a. Person Serving:    V. Enrique      Mendez | d. The fee for service was          $84.07 | |
| | e. I am: | |
| b. DDS Legal Support | (1)      not a registered California process server: | |
| 2900 Bristol St | (3) X   registered California process server: | |
| Costa Mesa, Ca 92626 | (i) Independent Contractor | |
| c. (714) 662-5555 | (i) Registration No:          3428 | |
| 8. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. V. Enrique      Mendez | (i) County:   LOS ANGELES | |
| 11/26/2013 | | |
| | X_____ | |
| | SIGNATURE | |

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

**PROOF OF SERVICE**

CRC 982(A)(23)

-75-

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)
N. Nick Ebrahimian SBN 219270
8889 W Olympic Blvd Ste. 200

Beverly Hills        CA        90211
ATTORNEY FOR (Name       Plaintiff

TELEPHONE NO.
(310) 432-0000

FOR COURT USE ONLY

Insert of Court Name of Judicial District and Branch Court if any
LOS ANGELES SUPERIOR COURT, LOS ANGELES, CENTRAL

SHORT TITLE OF CASE
GONZALEZ-DELRIO v AIRCRAFT

| 2591446.01 | (HEARING) Date | Time | Dept | |
|---|---|---|---|---|
| | | | | 16 |

Case Number:
BC522656
REFERENCE NO.
GONZALEZ-DELRIO v AIRCRAFT

**PROOF OF SERVICE BY MAIL**

1. I AM EMPLOYED IN, OR A RESIDENT OF, THE COUNTY IN WHICH THE MAILING OCCURED, AND NOT A PARTY TO THIS ACTION.  AT THE TIME OF MAILING, I WAS AT LEAST 18 YEARS OF AGE OR OLDER

ON   11/19/2013

2. I MAILED THE WITHIN:

SUMMONS & COMPLAINT
CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET

ON THE DEFENDANT IN SAID ACTION BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON PREPAID FOR FIRST CLASS IN THE UNITED STATES MAIL AT: COSTA MESA , CALIFORNIA, ADDRESSED AS FOLLOWS:

AIRCRAFT SERVICE INTERNATIONAL,

a business entity unknown
CT CORPORATION SYSTEM, AGENT FOR SERVICE
818 W 7TH ST
LOS ANGELES        CA        90017

DECLARANT:  MONICA FIGUEROA

d. The fee for service was        $84.07
e. I am:

(1) X    not a registered California process server:
(3)      registered California process server:
         (i) Independent Contractor
         (i) Registration No:
         (i) County:

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

8, I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.   MONICA FIGUEROA
11/26/2013

X _____
                    SIGNATURE

**PROOF OF SERVICE**

GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL, et al.    CASE NO. BC522941

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 West Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On December 5, 2013, I served the foregoing document, described as **"PLAINTIFF JORGE GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT AIRCRAFT SERVICE INTERNATIONAL"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| Aircraft Service International<br>c/o CT Corporation System<br>818 W. Seventh Street<br>Los Angeles, CA 90017 | Aircraft Service International, Inc.<br>c/o CT Corporation System<br>818 W. Seventh Street<br>Los Angeles, CA 90017 |
|---|---|

☒  **(BY MAIL)** As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐  **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the attorney at the offices of the addressee.

☒  **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that the aforementioned service information is true and correct.

Executed on December 5, 2013 at Beverly Hills, California.

Rudy Flores

PLAINTIFF JORGE GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON
DEFENDANT AIRCRAFT SERVICE INTERNATIONAL
3

-77-

**EXHIBIT "C"**



Michelle B. Abidoye, Bar No. 232782
FORDHARRISON, LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone:     (213) 237-2400
Facsimile:     (213) 237-2401

Attorneys for Defendant
AIRCRAFT SERVICE INTERNATIONAL, INC., a
Delaware corporation erroneously sued as
AIRCRAFT SERVICE INTENATIONAL, a
business entity unknown



CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

DEC 1 8 2013

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

JORGE GONZALEZ-DELRIO,

    Plaintiff,

    v.

AIRCRAFT SERVICE
INTERNATIONAL, a business entity
unknown; AIRCRAFT SERVICE
INTERNATIONAL, INC., a corporation;
CYNTHIA DOUGLAS, an individual;
BBA AVIATION, a business entity
unknown; and DOES 1 to 100, inclusive.

    Defendants.

CASE NO. BC 522656

Assigned for All Purposes to
Hon. Rita Miller, Dept. 16

**DEFENDANT AIRCRAFT SERVICE
INTERNATIONAL, INC.'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT**

Complaint Filed:     9/27/13

    Defendant Aircraft Service International, Inc. ("ASIG" or "Defendant") hereby answers the unverified complaint for damages of Plaintiff Jorge Gonzales-DelRio ("Plaintiff") as follows:

**GENERAL DENIAL**

    Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendant denies, both generally and specifically, each and every allegation contained in the Complaint and each and every purported cause of action set forth therein. Defendant also denies generally and specifically that Plaintiff has suffered or will suffer any injury or damage as a result of any acts or omissions by or conduct of Defendant.

-1-

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE No. BC 522656

ASIG'S ANSWER TO COMPLAINT

DOCUMENT PRINTED ON RECYCLED PAPER

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion, Defendant alleges Plaintiff's Complaint, and each cause of action alleged therein, is subject to the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure To State A Cause Of Action)

1.      As a first separate and affirmative defense, Defendant alleges the Complaint, and each purported cause of action contained therein, fails to state sufficient facts to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure To Mitigate)

2.      As a second separate and affirmative defense, Defendant alleges Plaintiff is barred from recovering monetary damages to the extent he failed to mitigate his damages, if any, as required by law.

### THIRD AFFIRMATIVE DEFENSE

#### (Statute Of Limitations)

3.      As a third separate and affirmative defense, Defendant alleges Plaintiff's Complaint, and each purported cause of action contained therein, is limited and/or barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

4.      As a fourth separate and affirmative defense, Defendant alleges Plaintiff's claims and damages, if any, are barred, in whole or in part, by the doctrine of after-acquired evidence.

### FIFTH AFFIRMATIVE DEFENSE

#### (Laches/Waiver)

5.      As a fifth separate and affirmative defense, Defendant alleges the Complaint, and each purported cause of action contained therein, is barred by the doctrines of laches and waiver.

/ / /

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. BC 522656

ASIG'S ANSWER TO COMPLAINT

DOCUMENT PRINTED ON RECYCLED PAPER

1

## SIXTH AFFIRMATIVE DEFENSE

2

### (Offset)

3    6.    Without conceding that any act of Defendant caused damage to Plaintiff in any

4 respect, Defendant is entitled to offset and recoup against any judgment that may be entered for

5 the Plaintiff.

6

## SEVENTH AFFIRMATIVE DEFENSE

7

### (Unclean Hands)

8    7.    As a seventh separate and affirmative defense, Defendant alleges Plaintiff's

9 Complaint, and each purported cause of action contained therein, is barred by the doctrine of

10 unclean hands.

11

## EIGHTH AFFIRMATIVE DEFENSE

12

### (Failure To Exhaust)

13    8.    As an eighth separate and affirmative defense, Defendant alleges the Complaint,

14 and each purported cause of action contained therein, is barred because Plaintiff failed to exhaust

15 her administrative remedies.

16

## NINTH AFFIRMATIVE DEFENSE

17

### (Reasonable Care)

18    9.    As a ninth separate and affirmative defense, Defendant alleges the Complaint, and

19 each purported cause of action contained therein, is barred because Defendant exercised

20 reasonable care to prevent and correct promptly any alleged discrimination and Plaintiff

21 unreasonably failed to take advantage of any preventative or corrective opportunities provided by

22 Defendant or to avoid harm otherwise.

23

## TENTH AFFIRMATIVE DEFENSE

24

### (Legitimate Business Reason)

25    10.    As a tenth separate and affirmative defense, the Complaint, and each and every

26 cause of action alleged therein, is barred on the ground that Defendant had legitimate business

27 reasons, which were not a pretext for discrimination or retaliation, for taking certain employment

28 action.

-3-

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. BC 522656

ASIG'S ANSWER TO COMPLAINT

DOCUMENT PRINTED ON RECYCLED PAPER

## ELEVENTH AFFIRMATIVE DEFENSE

### (Immediate and Appropriate Action)

11.     As an eleventh separate and affirmative defense, the Complaint, and each and every cause of action alleged therein, is barred on the ground that Defendant took immediate and appropriate efforts to investigate and remedy Plaintiff's complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Inability To Perform Essential Job Functions)

12.     As a twelfth separate and affirmative defense, Defendant alleges the accommodation(s) sought by Plaintiff for his alleged disability and/or medical condition were unreasonable because Plaintiff was unable to perform his essential job duties with a reasonable accommodation.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

13.     As a thirteenth separate and affirmative defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is preempted by the California Workers' Compensation Act (Labor Code § 3600 et seq.).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

14.     As a fourteenth separate and affirmative defense, in the event that Plaintiff proves any wrongful acts by Defendant, the adverse employment actions about which Plaintiff complains would have been the same even if the alleged wrongful motive played no role.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Settlement)

15.     As a fifteenth separate and affirmative defense, Defendant alleges that Plaintiff's claims are barred by settlement and release.

/ / /

/ / /

/ / /

-4-

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. BC 522656

ASIG'S ANSWER TO COMPLAINT

DOCUMENT PRINTED ON RECYCLED PAPER

## SIXTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

16.     As a sixteenth separate and affirmative defense, Defendant alleges that any recovery on Plaintiff's claims is barred because Plaintiff's term of employment was unspecified and expressly terminable at-will, with or without cause (Labor Code section 2922).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Condition)

17.     As a seventeenth separate and affirmative defense, Defendant alleges that, to the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of pre-existing psychological disorders or alternative concurrent causes, and not the result of any act or omission of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Health or Safety Risk)

17.     As an eighteenth separate and affirmative defense, Defendant alleges that its conduct was lawful because even if a reasonable accommodation was available, Plaintiff was unable to perform an essential job duty without endangering his health or safety and/or the health and safety of others.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. BC 522656

-5-

ASIG'S ANSWER TO COMPLAINT

DOCUMENT PRINTED ON RECYCLED PAPER

- 83 -

1    WHEREFORE, Defendant prays for judgment as follows:

2    1.    That Plaintiff's Complaint be dismissed in its entirety with prejudice and that

3    Plaintiff take nothing by way of his Complaint;

4    2.    For reasonable attorneys' fees, as appropriate, and costs of suit incurred herein;

5    and

6    3.    For such other and further relief as the Court may deem just and proper.

7

8    Dated: December 18, 2013                Respectfully submitted,

9                                           FORDHARRISON, LLP

10

11   By: _____

12   Michelle B. Abidoye
     Attorneys for Defendant AIRCRAFT SERVICE
13   INTERNATIONAL, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. BC 522656

-6-

ASIG'S ANSWER TO COMPLAINT

DOCUMENT PRINTED ON RECYCLED PAPER

## PROOF OF SERVICE

I, Anne Moreno, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On December 18, 2013, I served a copy of the within document(s):

**DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

N. Nick Ebrahimian, Esq.               Attorneys for Plaintiff JORGE
Jordan D. Bello, Esq.                  GONZALEZ-DELRIO
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, CA 90211
Telephone:     (310) 432-0000
Facsimile:     (310) 432-0001

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 18, 2013, at Los Angeles, California.

_Anne Moreno_
Anne Moreno

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE No. BC 522656

-7-

ASIG'S ANSWER TO COMPLAINT

DOCUMENT PRINTED ON RECYCLED PAPER

-85-

```
LASC - FILINGS
111 N. HILL STREET
LOS ANGELES CA 90012

DATE PAID: 12/16/13   02:35 PM
RECEIPT #: CCH520872084

CIT/CASE: BC522656
LBA/DEF#:


PAYMENT:     $435.00          310
RECEIVED:
    CHECK:                 $435.00
    CASH:                   $0.00
    CHANGE:                 $0.00
    CARD:                   $0.00
```

**EXHIBIT "D"**

NOTICE SENT TO:

Ebrahimian, N. Nick, Esq.
Javi & Ebrahimian, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills,    CA  90211

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 13 2013

Sherri R. Carter, Executive Officer/Clerk
By Sherrie Worku, Deputy



CONFORMED COPY
Superior Court of California
FILE STAMP County of Los Angeles

DEC ── 2013

Sherri R. Carter, Executive Officer/Clerk
By Sherrie Worku, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| JORGE GONZALEZ-DELRIO                    Plaintiff(s), <br><br> VS. <br><br> AIRCRAFT SERVICE INTERNATIONAL ET                    Defendant(s). | CASE NUMBER <br><br> BC522656 <br><br> NOTICE OF CASE <br> MANAGEMENT CONFERENCE |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  February 18, 2014  at  8:45 am  in  Dept. 16  at 111 North Hill Street, Los Angeles, California. 90012.

**NOTICE TO DEFENDANT:**     **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  January 13, 2014

_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[   ] by personally giving the party notice upon filing the complaint.
Date:  January 13, 2014

Sherri R. Carter, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)                                                            Cal. Rules of Court, rule 3.720-3.730

**EXHIBIT "E"**

NOTICE SENT TO:

Ebrahimian, N. Nick, Esq.
Lavi & Ebrahimian, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills,        CA  90211

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 13 2013

Sherri R. Carter, Executive Officer/Clerk
by Sherrie Werku, Deputy

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 23 2013

Sherri R. Carter, Executive Officer/Clerk
By Sherrie Werku, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| JORGE GONZALEZ-DELRIO        Plaintiff(s), <br> VS. <br><br> AIRCRAFT SERVICE INTERNATIONAL ET        Defendant(s). | BC522656 <br><br> **ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record: __PLAINTIFF__

You are ordered to appear for an Order to Show Cause Hearing on __February 18, 2014__ at __8:45 am__ in __Dept. 16__
of this court, Central District, 600 South Commonwealth Avenue, Los Angeles, California 90005, and show cause why sanctions
should not be imposed for:

    __ORDER TO SHOW CAUSE RE PROOF OF SERVICE and ORDER TO SHOW CAUSE__
    __RE ENTRY OF DEFAULT__

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30,
and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and
Government Code section 68608.

[ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [ ] Clerk's Office, Room __102__
    at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not
    entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing
    and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: __January 13, 2014__

_____
Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date
I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles,
California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully
prepaid.

Date: __January 13, 2014__

Sherri R. Carter, EXECUTIVE OFFICER/CLERK

By_____, Deputy Clerk

## ORDER TO SHOW CAUSE HEARING

LACIV 166-11 (Rev. 09/08)                                                              LASC Local Rules, Chapter 7

**EXHIBIT "F"**



1  Michelle B. Abidoye, Bar No. 232782
2  FORDHARRISON, LLP
   350 South Grand Avenue, Suite 2300
   Los Angeles, CA 90071
3  Telephone:   (213) 237-2400
   Facsimile:   (213) 237-2401
4
   Specially Appearing for Defendant
5  BBA AVIATION, PLC
6
7
8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    COUNTY OF LOS ANGELES
10
11  JORGE GONZALEZ-DELRIO,          CASE NO. BC 522656
12           Plaintiff,             [Assigned for all Purposes to
                                    Hon. Rita Miller, Dept. 16
13       v.
                                    DEFENDANT BBA AVIATION, PLC'S
14  AIRCRAFT SERVICE                NOTICE OF MOTION AND MOTION TO
    INTERNATIONAL, a business entity QUASH SERVICE OF SUMMONS AND
15  unknown; AIRCRAFT SERVICE       COMPLAINT FOR LACK OF PERSONAL
    INTERNATIONAL, INC., a corporation; JURISDICTION; DECLARATIONS OF IAIN
16  CYNTHIA DOUGLAS, an individual; SIMM, TONY LEFEBVRE, AND
    BBA AVIATION, a business entity  MICHELLE ABIDOYE IN SUPPORT
17  unknown; and DOES 1 to 100, inclusive. THEREOF
18           Defendants.            Date:   February 11, 2014
19                                  Time:   8:30 a.m.
                                    Dept:   16
20                                  Complaint Filed: 9/27/13
21
22      TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:
23      PLEASE TAKE NOTICE that on February 11, 2014 at 8:30 a.m., or as soon thereafter as
24  the matter may be heard in the above-entitled Court, Defendant BBA Aviation, PLC ("BBA")
25  will make a special appearance and move the Court for an order quashing service of the summons
26  and complaint on the ground of lack of personal jurisdiction. The motion will be made on the
27  basis that there are insufficient contacts between BBA and the State of California to support any
28  constitutional basis for jurisdiction over it.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 17 2014

Sherri R. Carter, Executive Officer/Clerk
By Anabella Figueroa, Deputy

-1-

/CASE No. BC 522656
DEFENDANT'S NOTICE OF MOTION AND MOTION TO QUASH
DOCUMENT PRINTED ON RECYCLED PAPER

-92-

1       This motion is based on this notice, the attached memorandum and declarations, the files

2  and records in this action, and any further evidence and argument that the Court may received at

3  or before the hearing.

4

5  Dated: January 17, 2014               Respectfully submitted,

6                                 FORDHARRISON, LLP

7

8                                 By: _____

9                                 Michelle B. Abidoye

                                   Specially Appearing for Defendant

10                                BBA AVIATION, PLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE No. BC 522656

-2-

DEFENDANT'S NOTICE OF MOTION AND MOTION TO QUASH
DOCUMENT PRINTED ON RECYCLED PAPER

- 93 -

1

## TABLE OF CONTENTS

I.     SUMMARY OF ARGUMENT ....................................................... 1

II.    FACTUAL BACKGROUND ......................................................... 2

       A.    The Relationship Between BBA and Its Subsidiary ASII ....................................... 2

       B.    Plaintiff's Employment with ASII ........................................ 3

       C.    Plaintiff's Counsel Failed to Respond to Defense Consel's Meet and
             Confer Efforts to Informally Resolve this Matter ................................... 4

III.   THIS COURT DOES NOT HAVE GENERAL OR SPECIFIC JURISDICTION
       OVER BBA BECAUSE BBA DOES NOT HAVE MINIMUM CONTACTS
       WITH CALIFORNIA ................................................................. 4

       A.    There is No Basis for General Jurisdiction Because BBA Does Not Have
             Substantial, Continuous or Systematic Contacts in California ........................... 5

       B.    There is Also No Basis for Special Jurisdiction Because BBA Has Not
             Purposefully Availed Itself to California's Jurisdiction ........................ 6

IV.    ASII'S USE OF THE BBA AVIATION LOGO FOR INTERNATIONAL
       MARKETING PURPOSES IS INSUFFICIENT TO ESTABLISH
       JURISDICTION PURSUANT TO AN AGENCY THEORY ........................................... 7

V.     CONCLUSION ................................................................. 8

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE No. BC 522656

-i-

DEFENDANT'S NOTICE OF MOTION AND MOTION TO QUASH
DOCUMENT PRINTED ON RECYCLED PAPER

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Burger King Corp. v. Rudzewicz*
(1985) 471 U.S. 462 ............................................................ 5

*Helicopteros Nacionales de Columbia v. Hall*
(1984) 466 U.S. 408 ............................................................ 5

*International Shoe Co. v. Washington*
(1945) 326 U.S. 310 ............................................................ 5

**STATE CASES**

*In re Automobile Antitrust Cases I & II*
(2005) 135 Cal. App. 4th 100 ........................................... 4

*BBA Aviation, PLC v. Superior Court*
(2010) 190 Cal. App. 4th 421 ........................... 1, 4, 5, 6, 7

*Circus Circus Hotels, Inc. v. Superior Court*
(1981) 120 Cal. App. 3d 546 ............................................ 5

*DVI, Inc. v. Superior Court*
(2002), 104 Cal. App. 4th 1080 ........................................ 5

*F. Hoffman-La Roche, Ltd v. Superior Court*
(2005) 130 Cal. App. 4th 782 ........................................... 7

*Health-Markets, Inc. v. Superior Court*
(2009) 171 Cal. App. 4th 1160 ......................................... 6

*Kaplan v. Coldwell Banker Residential Affiliates, Inc.*
(1997) 59 Cal. App. 4th 741 ............................................. 7

*Sammons Enterprises, Inc. v. Superior Court*
(1988) 205 Cal.App.3d 1427, 1435.................................... 6

*Shisler v. Sanfer Sports Cars, Inc.*
(2006) 146 Cal. App. 4th 1254 ......................................... 5

*Snowney v. Harrah's Entertainment, Inc.*
(2005) 35 Cal. 4th 1054 ................................................... 4

*Sonora Diamond Corp. v. Superior Court*
(2000) 83 Cal. App. 4th 523 ............................................. 5

*Vons Companies v. Seabest Foods, Inc.*
(1996) 14 Cal. 4th 434 ..................................................... 5

-ii-

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. BC 522656

DEFENDANT'S NOTICE OF MOTION AND MOTION TO QUASH
DOCUMENT PRINTED ON RECYCLED PAPER

-95-

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2    **I.    SUMMARY OF ARGUMENT**

3            In 2010, the California Court of Appeal ruled that Defendant BBA Aviation, PLC

4    ("BBA") is not subject to personal jurisdiction in California.  Specifically, the Court held in *BBA*

5    *Aviation, PLC v. Superior Court (Engen)* (2010) 190 Cal.App.4th 421 that BBA – a foreign entity

6    located in London, England – did not have sufficient contacts with California to support general

7    or specific jurisdiction and there was no evidence that BBA's subsidiary was acting as an agent

8    for BBA.  Despite this authority that is directly on point, counsel for Plaintiff Jorge Gonzalez-

9    DelRio failed to respond to defense counsel's meet and confer efforts to informally resolve this

10   matter and dismiss BBA from this lawsuit.  Thus, BBA is forced to make this special appearance

11   and ask this Court to render a decision.

12           Since the Court of Appeal's ruling in 2010, BBA's contacts with the United States have

13   remained unchanged.  BBA remains a foreign entity located in England and does not have a

14   physical presence anywhere in the United States.  Further, it does not control the employment

15   terms and conditions of its subsidiaries' employees.  In short, there is no basis for Plaintiff to

16   justify the exercise of jurisdiction over BBA in this case where he was employed by BBA's

17   subsidiary, Defendant Aircraft Service International Inc. ("ASII") and the terms and conditions of

18   his employment were controlled solely by ASII.

19           This Court should grant BBA's motion and order that service of process should be

20   quashed for at least three reasons.  First, there is no evidence that BBA has substantial,

21   continuous, or systematic contacts in California to support general jurisdiction.  Just like the

22   subsidiary that was the subject of the *BBA Aviation, PLC* case listed above, ASII is a BBA

23   subsidiary that is being sued for claims that arise out of Plaintiff's employment.  It is ASII – not

24   BBA – that has contacts in California.  BBA does not employ any individuals in the United States

25   and does not maintain any offices in the United States.  It is also not registered to do business or

26   hold any business licenses in California, or the United States.  BBA's only business is in the

27   investment of its subsidiaries.

28   / / /

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. BC 522656

-1-

DEFENDANT'S NOTICE OF MOTION AND MOTION TO QUASH
DOCUMENT PRINTED ON RECYCLED PAPER

-96-

1    Second, there is no evidence that BBA purposefully availed itself to California or that

2    Plaintiff's allegations are substantially related to BBA's contacts with California that would

3    support specific jurisdiction.   In this lawsuit, Plaintiff alleges that ASII employee, Cynthia

4    Douglas, denied his request for the accommodation of his work restrictions and terminated his

5    employment.  There is no evidence to support any finding that BBA had any role or connection to

6    the employment decisions that are the subject of this lawsuit.  It is undisputed that BBA does not

7    hire, fire, or control the working conditions of any of ASII's station-level employees, including

8    Plaintiff.

9    Finally, there is no evidence that BBA directed or participated in ASII's operations that

10    went beyond a normal parent-subsidiary relationship, which would support an agency theory to

11    confer jurisdiction on BBA.  To the extent that Plaintiff relies on ASII's use of the BBA Aviation

12    logo as part of an international marketing strategy, it is well-settled that this is insufficient to

13    support jurisdiction.

14    As set forth below, BBA respectfully requests that this Court grant the instant motion and

15    find that it does not have jurisdiction over BBA in California.

16    **II.    FACTUAL BACKGROUND**

17    **A.    The Relationship Between BBA And Its Subsidiary ASII**

18    BBA is a publicly listed entity on the London Stock Exchange and is organized under the

19    laws of England.  (Simm Decl. ¶ 3)  BBA does not directly produce or provide any goods or

20    services for any consumer or business customer.  (Simm Decl. ¶ 5)  BBA's only business is in the

21    investment of its subsidiaries.  (Simm Decl. ¶ 5)  BBA does not employ any individuals in the

22    United States and does not maintain any offices in the United States.  (Simm Decl. ¶ 5)  It is also

23    not registered to do business or hold any business licenses in California, or anywhere else in the

24    United States.  (Simm Decl. ¶ 5)

25    BBA's ownership of Plaintiff's employer, ASII, is indirect through a series of numerous

26    subsidiary companies.  (Simm Decl. ¶ 6)  As demonstrated in Exhibit A to the Iain Simm

27    declaration, there are twelve (12) different subsidiaries that separate BBA and ASII. (Simm Decl.

28    ¶ 6, Exh. A)  Of the subsidiary companies listed on Exhibit A, ASII is the only operating

-2-

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. BC 522656

DEFENDANT'S NOTICE OF MOTION AND MOTION TO QUASH
DOCUMENT PRINTED ON RECYCLED PAPER

- 97 -

1   subsidiary with day-to-day operations intended to generate revenue from the sale of products or

2   services to unrelated third parties. (Simm Decl. ¶ 7)

3       Plaintiff's employer, ASII, is a Delaware corporation with its corporate headquarters

4   located in Florida. (Lefebvre Decl. ¶ 3)  It is a ground handling service company that has

5   operations at several airports in California including Los Angeles International airport, Ontario

6   International airport, John Wayne airport, and San Francisco International airport. (Lefebvre

7   Decl. ¶ 3)  ASII has its own management personnel who make personnel decisions without any

8   contact or communication from its parent corporation, BBA, or any other related entities.

9   (Lefebvre Decl. ¶ 4)

10       ASII uses a generalized BBA Aviation logo as part of an international marketing and

11   branding strategy. (Simm Decl. ¶ 9; Lefebvre Decl. ¶ 8)  The BBA Aviation logo is used on

12   ASII's business cards, websites, employee handbook, paystubs, and letterhead, as well as ASII's

13   employee uniforms. (Simm Decl. ¶ 9; Lefebvre Decl. ¶ 8)

14       **B.**    **Plaintiff's Employment With ASII.**

15       Plaintiff was employed by ASII as a "ramp agent" at Los Angeles International Airport

16   from approximately December 2006 to October 2011. (Lefebvre Decl. ¶ 5)  The terms and

17   conditions of Plaintiff's employment were established by ASII without any involvement from any

18   other related entity, including BBA. (Lefebvre Decl. ¶ 5)  As demonstrated by Plaintiff's W-2 tax

19   forms, ASII is the only entity that paid Mr. Gonzalez-DelRio his wages. (Lefebvre Decl. ¶ 5,

20   Exh. C)

21       During Plaintiff's employment, he was a member of Local 74, United Service Workers

22   Union, IUJAT. (Lefebvre Decl. ¶ 6)  The collective bargaining agreement that governs the

23   conditions of Mr. Gonzalez-DelRio's employment was entered into between ASII and Local 74

24   only; BBA is not a party to the agreement. (Lefebvre Decl. ¶ 6, Exh. D.)

25       Plaintiff filed this lawsuit against ASII, former ASII Human Resources employee, Cynthia

26   Douglas, and BBA. (Abidoye Decl. ¶ 4, Exh. E)  Plaintiff alleges that his employment was

27   wrongfully terminated by ASII in October 2011 for taking a medical leave of absence and

28   requesting a reasonable accommodation with respect to his work restrictions. (Abidoye Decl. ¶ 4,

-3-

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE No. BC 522656

DEFENDANT'S NOTICE OF MOTION AND MOTION TO QUASH
DOCUMENT PRINTED ON RECYCLED PAPER

-98-

Exh. E at Exh. 1)  Plaintiff specifically alleges that ASII employee, Cynthia Douglas, is the individual who denied his request for an accommodation and terminated his employment. (Abidoye Decl. ¶ 4, Exh. E at ¶ 21)

The only allegations in complaint against BBA are unverified allegations that state: (1) BBA controlled the hours, wages, and working conditions of Plaintiff; and (2) ASII and BBA were joint employers because there was an arrangement to share employee services between the entities and an integrated enterprise through common management.  (Abidoye Decl. ¶ 4, Exh. E at ¶ 7-9)

**C.  Plaintiff's Counsel Failed To Respond To Defense Counsel's Meet And Confer Efforts To Informally Resolve This Matter.**

Counsel for BBA, Michelle Abidoye, attempted to meet and confer with counsel for Plaintiff before filing the instant motion to quash service on BBA but received no response to her meet and confer letter that enclosed the decision in *BBA Aviation, PLC v. Superior Court (Engen)* (2010) 190 Cal.App.4th 421, and there was no response to a follow up phone call.  (Abidoye Decl. ¶ 5-8, Exh. F)

**III.  THIS COURT DOES NOT HAVE GENERAL OR SPECIFIC JURISDICTION OVER BBA BECAUSE BBA DOES NOT HAVE MINIMUM CONTACTS WITH CALIFORNIA.**

A party may move to quash service of summons for lack of personal jurisdiction pursuant to Code of Civil Procedure § 418.10.  When a defendant moves to quash service of process, the burden shifts to the plaintiff who has the initial burden of demonstrating facts justifying the exercise of jurisdiction in California. *Snowney v. Harrah's Entertainment, Inc.* (2005) 35 Cal.4th 1054, 1062.  The plaintiff must do more than merely allege jurisdictional facts; he must provide affidavits and other authenticated documents demonstrating competent evidence of jurisdictional facts.  *In re Automobile Antitrust Cases I & II*, 135 Cal.App.4th 100, 110 (2005).  The jurisdictional facts shown must pertain to each separate defendant. *Id.*

State courts may exercise personal jurisdiction over non-residents who have "minimum contacts" with the forum state.  Jurisdiction is proper where the contacts proximately result from actions by the defendant that create a substantial connection with the forum State. *See*

-4-

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. BC 522656
DEFENDANT'S NOTICE OF MOTION AND MOTION TO QUASH
DOCUMENT PRINTED ON RECYCLED PAPER

-99-

1   *International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316; *see also Burger King Corp. v.*

2   *Rudzewicz* (1985) 471 U.S. 462, 475.   Personal jurisdiction may be either general or specific.

3   *Vons Companies v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 445.   Neither ownership nor

4   control of a subsidiary automatically subjects a foreign entity to personal jurisdiction in

5   California. *DVI, Inc. v. Superior Court* (Papworth) (2002) 104 Cal.App.4th 1080, 1092.

6       **A.    There Is No Basis For General Jurisdiction Because BBA Does Not Have**
        **Substantial, Continuous Or Systematic Contacts In California.**

7

8       The undisputed evidence shows that BBA is not subject to general jurisdiction because its

9   only contact with California is its ownership of a subsidiary, which is insufficient as a matter of

    law. A non-resident defendant may be subject to the general jurisdiction of the forum if his or her
10

11  contacts in the forum state are substantial, continuous and systematic. *Helicopteros Nacionales*

12  *de Columbia v. Hall* (1984) 466 U.S. 408, 414-415.   Whether a defendant's contacts in the forum

13  are continuous and systematic depends on various factors including maintenance of an office,

14  presence of employees, use of bank accounts, and the marketing or selling of products in the

    forum state. *Id.*
15

16      Discrete and limited activities are insufficient to establish general jurisdiction.   Neither

17  ownership, nor control, of a subsidiary corporation by a foreign parent corporation, without more,

18  subjects the parent to the jurisdiction of the state where the subsidiary does business. *BBA*

19  *Aviation, PLC v. Superior Court (Engen)* (2010) 190 Cal.App.4th 421, 430 *citing Sonora*

20  *Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 540.   Further, mere advertising and

21  maintaining an "800" number are insufficient contacts to support general jurisdiction. *Circus*

22  *Circus Hotels, Inc. v. Superior Court (Haynie)* (1981) 120 Cal.App.3d 546, 567.   Additionally,

23  selling a limited number of products does not confer jurisdiction where the non-resident

24  defendant was not registered to do business and did not engage in any marketing efforts in

    California. *Shisler v. Sanfer Sports Cars, Inc.* (2006) 146 Cal.App.4th 1254, 1259-1260.
25

26      Here, it is undisputed that the ***only connection*** BBA has with California is that it

27  indirectly owns the subsidiary that employed Plaintiff in California.   BBA does not employ

28  individuals in California.   It does not maintain offices in California.   It is not registered to do

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. BC 522656

-5-

DEFENDANT'S NOTICE OF MOTION AND MOTION TO QUASH
DOCUMENT PRINTED ON RECYCLED PAPER

1   business in California and does not hold any business licenses in the United States, including

2   California.  Further, BBA does not directly produce or provide any goods or service for any

3   consumer or business customer in California.

4       Accordingly, there is no evidence that BBA has substantial, continuous and systematic

5   contacts in California and this Court should decline to exercise general jurisdiction over BBA.

6   **B.   There Is Also No Basis For Special Jurisdiction Because BBA Has Not
       Purposefully Availed Itself To California's Jurisdiction.**

7

8       Plaintiff cannot prove that BBA purposefully availed itself to California's jurisdiction

9   because there is no evidence that BBA played any role in the employment decisions that are the

10  subject of this lawsuit. A non-resident defendant may be subject to specific jurisdiction if: (1) the

11  defendant has purposefully availed itself of forum benefits with respect to the matter in

12  controversy; (2) the controversy is substantially related to, or arises out of, the defendant's

13  contacts with the forum; and (3) the assertion of jurisdiction would comport with fair play and

14  justice. *BBA Aviation, PLC v. Superior Court (Engen)* (2010) 190 Cal.App.4th 421, 435-436.

15      "A parent company purposefully avails itself of forum benefits though the exercise of

16  specific personal jurisdiction, if and only if the parent deliberately directs the subsidiary's

17  activities in, or having a substantial connection with, the forum state." *Id. citing Health-Markets,*

18  *Inc. v. Superior Court* (2009) 171 Cal.App.4th 1160, 1168.  In the employment context, the

19  plaintiff must show that the parent corporation's activities were related to the terms and

20  conditions of his employment.  *Id.* at 436 *citing Sammons Enterprises, Inc. v. Superior Court*

21  (1988) 205 Cal.App.3d 1427, 1435.  It is not sufficient to allege that the parent corporation

22  offered certain benefits like stock options or participation in a retirement plan.  *Id.*

23      Here, Plaintiff is unable to show that BBA's activities are related to alleged unlawful

24  activities set forth in the complaint, i.e., ASII's decision to terminate Plaintiff's employment and

25  ASII's refusal to accommodate Plaintiff's work restrictions.  In fact Plaintiff's own judicial

26  admissions establish that it is an ASII employee (Cynthia Douglas) – not a BBA employee – who

27  is the individual allegedly responsible for denying his request for an accommodation and

28  terminating his employment.  Moreover, it is undisputed that BBA does not hire, fire, or control

-6-

/CASE NO. BC 522656

DEFENDANT'S NOTICE OF MOTION AND MOTION TO QUASH
DOCUMENT PRINTED ON RECYCLED PAPER

1  the working conditions of ASII's station-level employees. ASII is the only entity that controls the

2  wages and benefits for its employees and makes decisions concerning the hiring and firing of its

3  employees. This is further evidenced by the fact that it is ASII – not BBA – who is the party to

4  the collective bargaining agreement with the labor union that represented Plaintiff during his

5  employment with ASII.

6      In sum, there is no evidence to show that BBA purposefully availed itself to California or

7  that Plaintiff's allegations in this lawsuit are substantially related to, or arise out of, BBA's

8  contacts with California. Accordingly, this Court should decline to exercise specific jurisdiction

9  over BBA.

10  **IV.   ASII'S USE OF THE BBA AVIATION LOGO FOR INTERNATIONAL**
    **MARKETING PURPOSES IS INSUFFICIENT TO ESTABLISH JURISDICTION**
11  **PURSUANT TO AN AGENCY THEORY.**

12      ASII's use of the BBA Aviation logo on various documents and uniforms does not prove

13  that BBA directs or participates in ASII's day-to day operations. In order for the Court to

14  exercise jurisdiction over a parent corporation under general agency principles, Plaintiff must

15  show that that the parent corporation directed or participated in the day-to day operations that

16  went beyond the normal parent-subsidiary relationship. *BBA Aviation, PLC v. Superior Court*

17  *(Engen)* (2010) 190 Cal.App.4th 421, 430. "A certain level of control, in terms of direction and

18  oversight, is to be expected in any ownership situation, and it is the 'rare occasion' where a court

19  is willing to treat a parent and subsidiary as one entity for jurisdictional purposes." *Id.* citing *F.*

20  *Hoffman-La Roche, Ltd v. Superior Court (Wertheimer)* (2005) 130 Cal.App.4th 782, 797.

21      It is well-settled that the mere appearance of a parent's logo on its subsidiary's documents

22  does not constitute pervasive control over day-to-day operations. *Kaplan v. Coldwell Banker*

23  *Residential Affiliates, Inc.* (1997) 59 Cal.App.4th 741 [franchisee's use of franchisor's logo and

24  trademark was not sufficient to establish an agency relationship for purposes of liability].

25      Here, there is no evidence to support a finding that BBA's activities exceed a normal

26  parent-subsidiary relationship. The fact that ASII uses BBA's trademark for international

27  marketing purposes does not establish that ASII is acting as BBA's agent. In fact, the undisputed

28  evidence shows that ASII has its own corporate officers, human resources staff, financial

-7-

/CASE NO. BC 522656

DEFENDANT'S NOTICE OF MOTION AND MOTION TO QUASH
DOCUMENT PRINTED ON RECYCLED PAPER

1   personnel, and employees to run its operation.  Moreover, it is undisputed that ASII made the

2   decision to terminate Plaintiff's employment without any input or approval from BBA.

3   Accordingly, there is no evidence to support an agency theory that would confer jurisdiction over

4   BBA.

5   **V.**    **CONCLUSION**

6       For all of the foregoing reasons, this Court should grant this motion and order that service

7   of process should be quashed on BBA in this action because it does not have jurisdiction over

8   BBA in California.

9   Dated:  January 17, 2014           Respectfully submitted,

10                   FORDHARRISON LLP

11

12                   By:

13                   Michelle B. Abidoye
                        Specially Appearing for Defendant

14                   BBA AVIATION, PLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

-8-

/CASE No. BC 522656

DEFENDANT'S NOTICE OF MOTION AND MOTION TO QUASH
                                  DOCUMENT PRINTED ON RECYCLED PAPER

## PROOF OF SERVICE

I, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 811 Wilshire Blvd., Suite 900, Los Angeles, California 90017. On January 17, 2014, I served a copy of the within document(s):

**DEFENDANT BBA AVIATION, PLC'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION; DECLARATIONS OF IAIN SIMM, TONY LEFEBVRE, AND MICHELLE ABIDOYE IN SUPPORT THEREOF**

☒     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

N. Nick Ebrahimian, Esq.        Attorneys for Plaintiff JORGE
Jordan D. Bello, Esq.             GONZÁLEZ-DELRIO
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suire 200
Beverly Hills, CA 90211
Telephone:     (310) 432-0000
Facsimile:      (310) 432-0001

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 17, 2014, at Los Angeles, California.

_Henry Fernandez_                    _signature_
PRINT NAME                       SIGNATURE

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. BC 522656

-9-

DEFENDANT'S NOTICE OF MOTION AND MOTION TO QUASH
DOCUMENT PRINTED ON RECYCLED PAPER

**EXHIBIT G**

1   N. Nick Ebrahimian, Esq. (State Bar No. 219270)
    Jordan D. Bello, Esq. (State Bar No. 243190)
2   **LAVI & EBRAHIMIAN, LLP**
    8889 W. Olympic Blvd., Suite 200
3   Beverly Hills, California 90211
    Telephone (310) 432-0000
4   Facsimile (310) 432-0001

5   Attorneys for PLAINTIFF
    JORGE GONZALEZ-DELRIO

6

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF LOS ANGELES-CENTRAL

11  JORGE GONZALEZ-DELRIO,                    Case No.:  BC522656

12          PLAINTIFF,                        *[Assigned for all purposes to Hon. Rita Miller,
                                              Dept. 16]*
13      vs.

14  AIRCRAFT SERVICE INTERNATIONAL, a         **PLAINTIFF'S    NOTICE    OF    CASE**
    business entity unknown; AIRCRAFT SERVICE **MANAGEMENT    CONFERENCE    AND**
15  INTERNATIONAL, INC., a corporation;       **ORDER TO SHOW CAUSE HEARING**
    CYNTHIA DOUGLAS, an individual; BBA
16  AVIATION, a business entity unknown; and
    DOES 1 to 100, Inclusive.
17

18          DEFENDANTS.

19

20

21

22

23

24

25

26

27

28

---

PLAINTIFF'S NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE HEARING
1

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the Court has set a Case Management Conference for February 18, 2014 at 8:45 a.m. in Department 16 of the Los Angeles Superior Court, located at 111 N. Hill Street, Los Angeles, CA 90012. Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement must be filed at least 15 calendar days prior to the Case Management Conference, and the parties must meet and confer no later than 30 days before the Case Management Conference.

PLEASE TAKE FURTHER NOTICE THAT the Court has ordered for an Order to Show Cause Hearing on February 18, 2014 at 8:45 a.m. in Department 16 of the Los Angeles Superior Court, located at 111 N. Hill Street, Los Angeles, CA 90012, and show cause why sanctions should not be imposed for Order to Show Cause regarding Proof of Service and Order to Show Cause regarding Entry of Default.

A true and correct copy of the Court's notice of case management conference and order to show cause are attached hereto as Exhibit 1 and Exhibit 2.

Dated: January 23, 2014

Respectfully submitted,

LAVI & EBRAHIMIAN, LLP

By: _____

N. Nick Ebrahimian, Esq.
Jordan D. Bello, Esq.
Attorneys for PLAINTIFF
JORGE GONZALEZ-DELRIO

# EXHIBIT 1



NOTICE SENT TO:

Ebrahimian, N. Nick, Esq.
Javi & Ebrahimian, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills,        CA  90211

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 13 2014

Sherri R. Carter, Executive Officer/Clerk
By Sherrie Worku, Deputy

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
FILE STAMP County of Los Angeles

DEC 2013

Sherri R. Carter, Executive Officer/Clerk
By Sherrie Worku, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| JORGE GONZALEZ-DELRIO           Plaintiff(s),<br>VS.<br>AIRCRAFT SERVICE INTERNATIONAL ET           Defendant(s). | BC522656<br><br>NOTICE OF CASE<br>MANAGEMENT CONFERENCE |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for February 18, 2014  at  8:45 am  in  Dept. 16 at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:**       THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  January 13, 2014

_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date:  January 13, 2014

Sherri R. Carter, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)                                                                 Cal. Rules of Court, rule 3.720-3.730

# EXHIBIT 2

NOTICE SENT TO:

Ebrahimian, N. Nick, Esq.
Lavi & Ebrahimian, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills,        CA  90211



CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 13 2013

Sherri R. Carter, Executive Officer/Clerk
By Sherrio Werku, Deputy

CONFORMED COPY
ORIGINAL FILED
FILE STAMP Superior Court of California County Los Angeles

DEC 2 5 2013

Sherri R. Carter, Executive Officer/Clerk
By Sherrie Werku, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| JORGE GONZALEZ-DELRIO | **CASE NUMBER** |
| Plaintiff(s), | BC522656 |
| VS. | |
| AIRCRAFT SERVICE INTERNATIONAL ET | **ORDER TO SHOW CAUSE HEARING** |
| Defendant(s). | |

To the party/attorney of record: **PLAINTIFF**

You are ordered to appear for an Order to Show Cause Hearing on February 18, 2014 at 8:45 am in Dept. 16 of this court, Central District, 600 South Commonwealth Avenue, Los Angeles, California 90005, and show cause why sanctions should not be imposed for:

    ORDER TO SHOW CAUSE RE PROOF OF SERVICE and ORDER TO SHOW CAUSE
    RE ENTRY OF DEFAULT

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [ ] Clerk's Office, Room 102 at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: January 13, 2014

                                                           Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: January 13, 2014

                           Sherri R. Carter, EXECUTIVE OFFICER/CLERK

                       By_____, Deputy Clerk

### ORDER TO SHOW CAUSE HEARING

LACIV 166-11 (Rev. 09/08)

                                                LASC Local Rules, Chapter 7

| | |
|---|---|
| 1 | GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL, et al.     CASE NO. BC522941 |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 West Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On January 24, 2014, I served the foregoing document, described as **"PLAINTIFF'S NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE HEARING"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| *Counsel for Defendants:* | |
|---|---|
| Michelle B. Abidoye, Esq.<br>FORDHARRISON, LLP<br>350 S. Grand Ave., Suite 2300<br>Los Angeles, CA 90071 | |

☒   **(BY MAIL)** As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐   **(BY PERSONAL SERVICE)**   I caused such envelope to be delivered by hand to the attorney at the offices of the addressee.

☒   **(STATE)**   I declare, under penalty of perjury under the laws of the State of California, that the aforementioned service information is true and correct.

Executed on January 24, 2014 at Beverly Hills, California.

_____
Rudy Flores

PLAINTIFF'S NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE HEARING
3

**EXHIBIT H**

N. Nick Ebrahimian, Esq. (State Bar No. 219270)
Jordan D. Bello, Esq. (State Bar No. 243190)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone (310) 432-0000
Facsimile (310) 432-0001

Attorneys for PLAINTIFF
JORGE GONZALEZ-DELRIO

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES-CENTRAL

| | |
|---|---|
| JORGE GONZALEZ-DELRIO, | Case No.: BC522656 |
|     PLAINTIFF, | Hon. Rita Miller, Dept. 16 |
| vs. | **PLAINTIFF JORGE GONZALEZ-DELRIO'S OPPOSITION TO BBA AVIATION PLC'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION; DECLARATION OF JORDAN D. BELLO; EXHIBITS** |
| AIRCRAFT SERVICE INTERNATIONAL, a business entity unknown; AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; CYNTHIA DOUGLAS, an individual; BBA AVIATION, a business entity unknown; and DOES 1 to 100, Inclusive. | |
|     DEFENDANTS. | [Telephone Appearance]<br><br>Date: February 11, 2014<br>Time: 8:30 a.m.<br>Dept.: 16 |

**PLAINTIFF JORGE GONZALEZ-DELRIO'S OPPOSITION TO BBA AVIATION PLC'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

1

I.   **INTRODUCTION.**

The Court must deny BBA Aviation, PLC's Motion to Quash Service of Summons and Complaint for Lack of Personal Jurisdiction on the grounds that BBA Aviation, PLC lacks standing to move to quash because Plaintiff has not served BBA Aviation, PLC with the Summons and Plaintiff has not filed a proof of service alleging service on BBA Aviation, PLC. Accordingly, it is unclear on what basis BBA Aviation, PLC seeks to quash service when Plaintiff has never served the Summons on BBA Aviation, PLC. BBA Aviation, PLC's Motion is unnecessary and a waste of resources for both parties and the Court.

Plaintiff names "BBA Aviation, a business entity unknown" in the summons and complaint, not BBA Aviation, PLC. Plaintiff has not yet had an opportunity to investigate why "BBA Aviation" appears as an employer on her wage statement and what entity the designation of "BBA Aviation" is associated with. Plaintiff is entitled to conduct discovery regarding the issue of jurisdiction before any hearing on a motion to quash. (*Mihlon v. Superior Court* (1985) 169 Cal.App.3d 703, 710.)

II.   **STATEMENT OF FACTS.**

On September 27, 2013, Plaintiff Jorge Gonzalez-Delrio ("Plaintiff") filed a Complaint and obtained a Summons against: Aircraft Service International, a business entity unknown; Aircraft Service International, Inc., a corporation; Cynthia Douglas, an individual; and "BBA Aviation, a business entity unknown." (Bello Decl. Ex. 1.) The Complaint alleges discrimination and retaliation claims against Defendants.

Labor Code section 226, subdivision (a) requires that an employer provide an employee with wage statements which state "the name and address of the legal entity that is the employer." (Lab. Code § 226, subd. (a).) During his employment, Plaintiff received wage statements identifying the following as his employers "BBA Aviation" and "Aircraft Service International, Inc." located at 201 South Orange Avenue, Suite 1100, Orlando, Florida. (See Bello Decl. Ex. 2.)

BBA Aviation USA, Inc. is registered with the Florida Secretary of State with a principal address of 201 S. Orange Ave., Suite, 1290, Orlando Florida. (See Bello Decl. Ex. 3.) The "officers and directors" of BBA Aviation USA, Inc. identified on the Florida Secretary of State web site all have the address of 201 South Orange Avenue, Suite 1100, Orlando, Florida, (Bello Decl. Ex. 3) the

**PLAINTIFF JORGE GONZALEZ-DELRIO'S OPPOSITION TO BBA AVIATION PLC'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

2

-115-

1   same address as on Plaintiff's wage statement in association with the name BBA Aviation (Bello

2   Decl. Ex. 2.)

3          Plaintiff has only accomplished service of the Summons and Complaint on Defendants

4   Aircraft Service International, Inc. and Aircraft Service International, a business entity unknown.

5   (Bello Decl. Ex. 4, 5.) Plaintiff has only filed proofs of service of the Summons and Complaint on

6   Defendants Aircraft Service International, Inc. and Aircraft Service International, a business entity

7   unknown. (*Id.*)

8          Plaintiff has attempted service on "BBA Aviation, business entity unknown," but service has

9   not been accomplished. (Bello Decl. Ex. 6, 7.) For that reason, Plaintiff has not filed a proof of

10  service of the Summons and Complaint on "BBA Aviation, business entity unknown." Plaintiff also

11  has not served the Summons or filed a proof of service alleging that Plaintiff has served BBA

12  Aviation, PLC.

13         Plaintiff has not had the opportunity to engage in discovery regarding which entity is

14  associated with "BBA Aviation" employer as identified on Plaintiff's wage statement.

15  III.   **ARGUMENT**

16         A.     **BBA Aviation, PLC Moves to Quash Service of Summons, But Plaintiff Has Not**

17                **Served BBA Aviation, PLC With The Summons.**

18         "A defendant, on or before the last day of his or her time to plead or within any further time

19  that the court may for good cause allow, may serve and file a notice of motion…to quash service of

20  summons on the ground of lack of jurisdiction of the court over him or her…" (Code Civ. Proc. §

21  418.10, subd. (a)(1).)

22         BBA Aviation, PLC brings its motion *to quash service* based on Code of Civil Procedure

23  section 418.10. (Def.'s Motion at 4:18-19.)

24         As stated above, Plaintiff has not served or alleged to have served BBA Aviation, PLC with

25  the Summons in this matter. Accordingly, Code of Civil Procedure section 418.10, subd. (a)(1),

26  does not authorize BBA Aviation, PLC to file a motion to quash service.

27  / / /

28  / / /

---

**PLAINTIFF JORGE GONZALEZ-DELRIO'S OPPOSITION TO BBA AVIATION PLC'S MOTION TO
QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION**
3

**B.     Plaintiff is Entitled to Conduct Discovery Prior to a Motion to Quash.**

In order to meet its burden to establish jurisdiction, plaintiff is entitled to conduct discovery with regard to the issue of jurisdiction before the hearing on the motion to quash; e.g., to establish the nature and extent of the defendant's "contacts" in California. (*Mihlon v. Superior Court* (1985) 169 Cal.App.3d 703, 711.)

"BBA Aviation, business entity is unknown" is included as a Defendant because it is listed as an employer on Plaintiff's wage statement. (See Bello Decl. Ex. 2.) Labor Code section 226, subdivision (a) requires that an employer provide an employee with wage statements which state "the name and address of the legal entity that is the employer." (Lab. Code § 226, subd. (a).)

Plaintiff has not conducted discovery to determine why the entity BBA Aviation is identified on Plaintiff's wage statement. It is unclear whether BBA Aviation, as identified on Plaintiff's wage statement, is linked to BBA Aviation, PLC.

For example, BBA Aviation USA, Inc. is registered with the Florida Secretary of State with a principal address of 201 S. Orange Ave., Suite, 1290, Orlando Florida. (See Bello Decl. Ex. 3.) The "officers and directors" of BBA Aviation USA, Inc. identified on the Florida Secretary of State web site all have the address of 201 South Orange Avenue, Suite 1100, Orlando, Florida, (Bello Decl. Ex. 3) the same address as on Plaintiff's wage statement in association with the name BBA Aviation (Bello Decl. Ex. 2).

It is possible that discovery will show that BBA Aviation is associated with BBA Aviation USA, Inc. and not the moving party BBA Aviation, PLC. It is also possible that "BBA Aviation" is not a proper a Defendant. Plaintiff is entitled to conduct discovery on this issue.

Regardless, this motion is improper and must be denied because BBA Aviation, PLC was never served with the summons and this motion is unnecessary and at the most, premature.

**IV.   CONCLUSION.**

Based on the foregoing, Plaintiff requests that the Court deny the motion to quash because BBA Aviation, PLC has no "standing" to bring a motion to quash service of summons when it has

/ / /

/ / /

---

PLAINTIFF JORGE GONZALEZ-DELRIO'S OPPOSITION TO BBA AVIATION PLC'S MOTION TO
QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION
4

never been served with the summons and does not even appear as an entity on the face of the summons.

Dated: December 29, 2014

Respectfully submitted,

**LAVI & EBRAHIMIAN, LLP**

By: _____
N. Nick Ebrahimian, Esq.
Jordan D. Bello, Esq.
Attorneys for PLAINTIFF
JORGE GONZALEZ-DELRIO

PLAINTIFF JORGE GONZALEZ-DELRIO'S OPPOSITION TO BBA AVIATION PLC'S MOTION TO
QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION
5

**DECLARATION OF JORDAN D. BELLO**

I, Jordan D. Bello, declare as follows:

1.      I am an attorney at law, duly authorized to practice law before all of the courts of the State of California, the United States District Court for the Central and the Northern Districts of California, and the Ninth Circuit Court of Appeals. I am an associate attorney at the Law Firm of Lavi & Ebrahimian, LLP, attorneys of record for Plaintiff Jorge Gonzalez-Delrio. I am familiar with the files, pleadings, and facts in this case and could and would competently testify to the following facts on the basis of my own personal knowledge or information and belief. I am submitting this Declaration in support of Plaintiff's Opposition to BBA Aviation PLC's Motion to Quash Service of Summons and Complaint for Lack of Personal Jurisdiction.

2.      On September 27, 2013, Plaintiff Jorge Gonzalez-Delrio filed a Complaint and obtained a Summons against: Aircraft Service International, a business entity unknown; Aircraft Service International, Inc., a corporation; Cynthia Douglas, an individual; and "BBA Aviation, a business entity unknown." (Ex. 1.) The Complaint alleges discrimination and retaliation claims against Defendants.

3.      Labor Code section 226, subdivision (a) requires that an employer provide an employee with wage statements which state "the name and address of the legal entity that is the employer." (Lab. Code § 226, subd. (a).) During his employment, Plaintiff received wage statements identifying the following as his employers "BBA Aviation" and "Aircraft Service International, Inc." located at 201 South Orange Avenue, Suite 1100, Orlando, Florida. (Ex. 2.)

4.      BBA Aviation USA, Inc. is registered with the Florida Secretary of State with a principal address of 201 S. Orange Ave., Suite, 1290, Orlando Florida. (See Ex. 3.) The "officers and directors" of BBA Aviation USA, Inc. identified on the Florida Secretary of State web site all have the address of 201 South Orange Avenue, Suite 1100, Orlando, Florida, (Ex. 3) the same address as on Plaintiff's wage statement in association with the name BBA Aviation (Ex. 2).

5.      Plaintiff has only accomplished service of the Summons and Complaint on Defendants Aircraft Service International, Inc. and Aircraft Service International, a business entity unknown. (See Ex. 4, 5.) Plaintiff has only filed proofs of service of the Summons and Complaint

---

PLAINTIFF JORGE GONZALEZ-DELRIO'S OPPOSITION TO BBA AVIATION PLC'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION
6

1   on Defendants Aircraft Service International, Inc. and Aircraft Service International, a business

2   entity unknown. (*Id.*)

3         6.     Plaintiff has attempted service on "BBA Aviation, business entity unknown," but

4   service has not been accomplished. (Ex. 6, 7.) For that reason, Plaintiff has not filed a proof of

5   service of the Summons and Complaint on "BBA Aviation, business entity unknown." Plaintiff also

6   has not served the Summons or filed a proof of service alleging that Plaintiff has served BBA

7   Aviation, PLC.

8         7.     Plaintiff has not had the opportunity to engage in discovery regarding which entity is

9   associated with "BBA Aviation" employer as identified on Plaintiff's wage statement.

10        8.     Attached as Exhibit 1 to this declaration is a true and correct copy of the Summons

11  in this matter.

12        9.     Attached as Exhibit 2 to this declaration is a true and correct copy of a wage

13  statement provided to Plaintiff during his employment for "BBA Aviation" and "Aircraft Service

14  International, Inc."

15        10.    Attached as Exhibit 3 to this declaration is a true and correct copy of a printout from

16  the Florida Secretary of State website search results for BBA Aviation, Inc.

17        11.    Attached as Exhibit 4 to this declaration is a true and correct copy of Plaintiff's Proof

18  of Service of the Summons on Defendant Aircraft Service International, Inc. filed in this matter.

19        12.    Attached as Exhibit 5 to this declaration is a true and correct copy of Plaintiff's Proof

20  of Service of the Summons on Defendant Aircraft Service International filed in this matter.

21        13.    Attached as Exhibit 6 to this declaration is a true and correct copy of the declaration

22  of Brian Fecher who attempted service on BBA Aviation on November 15, 2013, and November 18,

23  2013.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**PLAINTIFF JORGE GONZALEZ-DELRIO'S OPPOSITION TO BBA AVIATION PLC'S MOTION TO
QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION**
7

14.      Attached as Exhibit 7 to this declaration is a true and correct copy of the declaration of Brian Fecher who attempted service on BBA Aviation on November 18, 2013.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on this 29th day of January, 2014.

Jordan D. Bello

PLAINTIFF JORGE GONZALEZ-DELRIO'S OPPOSITION TO BBA AVIATION PLC'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION
8

-121-

# EXHIBIT 1

| | |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | **SUM-100** |

**NOTICE TO DEFENDANT:** AIRCRAFT SERVICE INTERNATIONAL, a
*(AVISO AL DEMANDADO):* business entity unknown; AIRCRAFT
SERVICE INTERNATIONAL, INC., a corporation; CYNTHIA
DOUGLAS, an individual; BBA AVIATION, a business
entity unknown; and DOES 1 to 100

**YOU ARE BEING SUED BY PLAINTIFF:** JORGE GONZALEZ-DELRIO
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 27 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES<br>111 N. HILL ST.<br><br>LOS ANGELES, CA 90012 | CASE NUMBER:<br>*(Número del Caso)*<br>BC522656 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
N. NICK EBRAHIMIAN, ESQ.                    310-432-0000
LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CA 90211

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* | Clerk, by *Amber Hayes*<br>John A. Clarke *(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

SEP 27 2013

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

*Legal Solutions ❋ Plus*

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

**EXHIBITS PAGE 1**

# EXHIBIT 2



**BBA Aviation**

*Aircraft Service International, Inc.*
201 S. Orange Ave., Suite 1100
Orlando, FL 32801

503    02    120
JORGE GONZALEZ-DEARIO



EXHIBITS PAGE 2

|  | HOURS | CURRENT | | TAX STATUS M | FEDERAL EXEMPTIONS 03 | | STATE EXEMPTIONS 03 | |
|---|---|---|---|---|---|---|---|---|

| EARNINGS | HOURS | CURRENT | | DEDUCTIONS | Y-T-D | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|---|
| HOLIDAY WK OT | | | | SOCIAL SECURITY | 279.72 | 62.66 | 214.52 |
| DOUBLETIME | | 8.00 | | MEDICARE | 76.63 | 14.65 | 53.17 |
| LEAD | | 2.25 | | CALIFORNIA SIT | 1.00 | | 9.92 |
| LEAD OVERTIME | | | | FED WITHHOLDING | 4.50 | | 62.51 |
| OVERTIME | 7.50 | 113.40 | | SDI/HC | 826.30 | 6.07 | 38.06 |
| REGULAR PAY | 80.00 | 906.40 | | NET PAY | 2,174.26 | 11.12 | |
| SICK PAY | | 80.64 | | | 2,401.61 | 916.19 | 3,094.07 |
| GROSS PAY | 9.00 | 1010.69 | | | 3,460.05 | | |

## NON-NEGOTIABLE

EXHIBITS PAGE 3

# EXHIBIT 3

Detail by Entity Name                     http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail/E...



## Detail by Entity Name

**Foreign Profit Corporation**

BBA AVIATION USA, INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | F05000007225 |
| **FEI/EIN Number** | 593095227 |
| **Date Filed** | 12/13/2005 |
| **State** | DE |
| **Status** | ACTIVE |
| **Last Event** | NAME CHANGE AMENDMENT |
| **Event Date Filed** | 09/01/2010 |
| **Event Effective Date** | NONE |

**Principal Address**

201 S. ORANGE AVE.
SUITE 1290
ORLANDO, FL 32801

**Mailing Address**

201 S. ORANGE AVE.
SUITE 1290
ORLANDO, FL 32801

**Registered Agent Name & Address**

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**Officer/Director Detail**

**Name & Address**

Title AT

RECTOR, RICHARD D
201 S ORANGE AVE., STE 1100
ORLANDO, FL 32801

Title T

Copyright © and Privacy Policies
State of Florida, Department of State

1 of 4                            EXHIBITS PAGE 4                          1/29/2014 12:40 PM

201 S ORANGE AVE, STE 1100
ORLANDO, FL 32801

Title DPS

GOLDSTEIN, JOSEPH I
201 S ORANGE AVE, STE 1100
ORLANDO, FL 32801

Title D

HOAD, MARK
201 S ORANGE AVE STE 1100
ORLANDO, FL 32801

Title DAS

TEITTINEN, SAMI
201 S ORANGE AVE STE 1100
ORLANDO, FL 32801

Title AS

BANKOWITZ, JEFFREY T
201 S ORANGE AVE, STE 1100
ORLANDO, FL 32801

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2011 | 04/06/2011 |
| 2012 | 04/17/2012 |
| 2013 | 03/19/2013 |

**Document Images**

| | |
|---|---|
| 03/19/2013 -- ANNUAL REPORT | View image in PDF format |
| 04/17/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/06/2011 -- ANNUAL REPORT | View image in PDF format |
| 09/01/2010 -- Name Change | View image in PDF format |
| 04/12/2010 -- ANNUAL REPORT | View image in PDF format |
| 04/13/2009 -- ANNUAL REPORT | View image in PDF format |
| 05/01/2008 -- ANNUAL REPORT | View image in PDF format |
| 04/27/2007 -- ANNUAL REPORT | View image in PDF format |
| 05/01/2006 -- ANNUAL REPORT | View image in PDF format |
| 12/13/2005 -- Foreign Profit | View image in PDF format |

Detail by Entity Name

http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail/E...

EXHIBITS PAGE 7

1/29/2014 12:40 PM

# EXHIBIT 4



N. Nick Ebrahimian, Esq. (State Bar No. 219270)
Jordan D. Bello, Esq. (State Bar No. 243190)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone (310) 432-0000
Facsimile (310) 432-0001

Attorneys for PLAINTIFF
JORGE GONZALEZ-DELRIO

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 05 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
GLORIETTA ROBINSON

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES-CENTRAL**

| | |
|---|---|
| JORGE GONZALEZ-DELRIO, | Case No.: BC522656 |
| PLAINTIFF, | **PLAINTIFF JORGE GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC.** |
| vs. | |
| AIRCRAFT SERVICE INTERNATIONAL, a business entity unknown; AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; CYNTHIA DOUGLAS, an individual; BBA AVIATION, a business entity unknown; and DOES 1 to 100, Inclusive. | |
| DEFENDANTS. | |

///
///
///
///

PLAINTIFF JORGE GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON
DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC.
1

EXHIBITS PAGE 8



TO THIS COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff JORGE GONZALEZ-DELRIO hereby submits the Proof of Service of Summons and Complaint on Defendant Aircraft Service International, Inc.

Dated December 5, 2013          Respectfully submitted.

LAVI & EBRAHIMIAN, LLP

By: _____

N. Nick Ebrahimian, Esq.
Jordan D. Bello, Esq.
Attorneys for PLAINTIFF
JORGE GONZALEZ-DELRIO

PLAINTIFF JORGE GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON
DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC.
2

EXHIBITS PAGE 9

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| N. Nick Ebrahimian SBN 219270 8889 W Olympic Blvd Ste. 200 Beverly Hills CA 90211 | (310) 432-0000 | |

ATTORNEY FOR (Name) Plaintiff

Insert of Court Name of Judicial District and Branch Court if any
LOS ANGELES SUPERIOR COURT, LOS ANGELES, CENTRAL

SHORT TITLE OF CASE
GONZALEZ-DELRIO v AIRCRAFT SERVICE

| 2591447.01 | (HEARING) Date | Time | Dept. 16 |
|---|---|---|---|

Case Number: BC522656

REFERENCE NO.: GONZALEZ-DELRIO v AIRCRAFT

### PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM
   NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
   VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET

3. a. PARTY SERVED: AIRCRAFT SERVICE INTERNATIONAL, INC.,

   a corporation
   CT CORPORATION SYSTEM, AGENT FOR SERVICE
   b. PERSON SERVED: JAN LAPINID, PERSON AUTHORIZED TO RECEIVE
   PACIFIC ISLANDER FEMALE 30YRS 5'3" 150LBS. BLACK HAIR

4. c. ADDRESS: 818 W 7TH ST
   LOS ANGELES CA 90017

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
   AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON 11/18/2013 AT 3:00:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
   AIRCRAFT SERVICE INTERNATIONAL, INC.,

   a corporation
   CT CORPORATION SYSTEM, AGENT FOR SERVICE
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION · CORPORATION CCP 416.10

| 7a. Person Serving: V. Enrique Mendez | d. The fee for service was $34.00 |
|---|---|
| b. DDS Legal Support 2900 Bristol St Costa Mesa, Ca 92626 | e. I am: (1) not a registered California process server: (3) X registered California process server: (i) Independent Contractor (i) Registration No: 3428 (i) County: LOS ANGELES |
| c. (714) 662-5555 | |

8. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.
11/26/2013     V. Enrique     Mendez

X _____
SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

### PROOF OF SERVICE

CRC 982(A)(23)

### EXHIBITS PAGE 10

1  GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL, et al.     CASE NO. BC522941

2                              PROOF OF SERVICE

3              STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4          I am an employee in the County of Los Angeles, State of California. I am over the age of 18
   and not a party to the within action; my business address is 8889 West Olympic Blvd., Suite 200,
5  Beverly Hills, California 90211.

6  On December 5, 2013, I served the foregoing document, described as "**PLAINTIFF JORGE
   GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON**
7  **DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC.**" on all interested parties in
   this action by placing a true copy thereof in a sealed envelope, addressed as follows:

8
   | Aircraft Service International | Aircraft Service International, Inc. |
9  | c/o CT Corporation System | c/o CT Corporation System |
   | 818 W. Seventh Street | 818 W. Seventh Street |
10 | Los Angeles, CA 90017 | Los Angeles, CA 90017 |

11 ☒   **(BY MAIL)**  As follows:

12     I placed such envelope, with postage thereon prepaid, in the United States mail at Los
13     Angeles, California.

14     I am "readily familiar" with the firm's practice of collecting and processing correspondence
       for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that
15     same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary
       course of business.  I am aware that, on motion of the party served, service is presumed
16     invalid if the postal cancellation or postage meter date is more than one day after the date of
       deposit for mailing in this affidavit.

17
   ☐   **(BY PERSONAL SERVICE)**  I caused such envelope to be delivered by hand to the
18     attorney at the offices of the addressee.

19 ☒   **(STATE)**  I declare, under penalty of perjury under the laws of the State of California, that
       the aforementioned service information is true and correct.

20
       Executed on December 5, 2013 at Beverly Hills, California.
21

22

23                                              Rudy Flores

24

25

26

27

28

   PLAINTIFF JORGE GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON
                   DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC.
                                          3

EXHIBITS PAGE 11

# EXHIBIT 5

N. Nick Ebrahimian, Esq. (State Bar No. 219270)
Jordan D. Bello, Esq. (State Bar No. 243190)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone (310) 432-0000
Facsimile (310) 432-0001

Attorneys for PLAINTIFF
JORGE GONZALEZ-DELRIO

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 05 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHERRI R. CARTER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES-CENTRAL

| | |
|---|---|
| JORGE GONZALEZ-DELRIO, | Case No.: BC522656 |
| PLAINTIFF, | **PLAINTIFF JORGE GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT AIRCRAFT SERVICE INTERNATIONAL** |
| vs. | |
| AIRCRAFT SERVICE INTERNATIONAL, a business entity unknown; AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; CYNTHIA DOUGLAS, an individual; BBA AVIATION, a business entity unknown; and DOES 1 to 100, Inclusive. | |
| DEFENDANTS. | |

///
///
///
///

PLAINTIFF JORGE GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON
DEFENDANT AIRCRAFT SERVICE INTERNATIONAL
1

EXHIBITS PAGE 12

1  TO THIS COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      Plaintiff JORGE GONZALEZ-DELRIO hereby submits the Proof of Service of Summons

3  and Complaint on Defendant Aircraft Service International.

4

5  Dated December 5, 2013                    Respectfully submitted,

6                                            LAVI & EBRAHIMIAN, LLP

7                                            By: _____.

8                                                N. Nick Ebrahimian, Esq.
                                                 Jordan D. Bello, Esq.
9                                                Attorneys for PLAINTIFF
                                                 JORGE GONZALEZ-DELRIO
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF JORGE GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON
DEFENDANT AIRCRAFT SERVICE INTERNATIONAL
2

EXHIBITS PAGE 13

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|---|
| N. Nick Ebrahimian SBN 219270 8889 W Olympic Blvd Ste. 200 | | (310) 432-0000 | |
| Beverly Hills | CA | 90211 | |
| ATTORNEY FOR (Name) | Plaintiff | | |

Insert of Court Name of Judicial District and Branch Court if any

**LOS ANGELES SUPERIOR COURT, LOS ANGELES, CENTRAL**

SHORT TITLE OF CASE

**GONZALEZ-DELRIO v AIRCRAFT**

| 2591446.01 | (HEARING) Date | Time | Dept | | Case Number: BC522656 |
|---|---|---|---|---|---|
| | | | | 16 | REFERENCE NO. GONZALEZ-DELRIO v AIRCRAFT |

### PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM
   NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
   VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET

3. a. PARTY SERVED:   AIRCRAFT SERVICE INTERNATIONAL,

   a business entity unkrown
   CT CORPORATION SYSTEM, AGENT FOR SERVICE
   b. PERSON SERVED: JAN LAPINID, PERSON AUTHORIZED TO RECEIVE
   PACIFIC ISLANDER FEMALE 30YRS 5'3" 150LBS. BLACK HAIR

4. c. ADDRESS:   818 W 7TH ST
   LOS ANGELES          CA          90017

5. I SERVED THE PARTY NAMED IN ITEM 3a

   a. BY PERSONALLY DELIVERING THE COPIES
   ON  11/18/2013  AT  3:00:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:

   AIRCRAFT SERVICE INTERNATIONAL,
   a business entity unknown
   CT CORPORATION SYSTEM, AGENT FOR SERVICE
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : BUSINESS ORGANIZATION, FORM
   UNKNOWN. CCP 415.95

| 7a. Person Serving:   V. Enrique        Mendez | d. The fee for service was          $84.07 e. I am: |
|---|---|
| b. DDS Legal Support 2900 Bristol St Costa Mesa, Ca 92626 | (1)      not a registered California process server: (3) X   registered California process server: (i) Independent Contractor |
| c: (714) 662-5555 | (ii) Registration No:                    3428 (iii) County:   LOS ANGELES |

8. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.   V. Enrique        Mendez

11/26/2013

X _____

SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

**PROOF OF SERVICE**

CRC 982(A)(23)

**EXHIBITS PAGE 14**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| N. Nick Ebrahimian SBN 219270<br>8889 W Olympic Blvd Ste. 200<br><br>Beverly Hills     CA          90211 | (310) 432-0000 | |
| ATTORNEY FOR (Name)     Plaintiff | | |

Insert of Court Name of Judicial District and Branch Court if any
LOS ANGELES SUPERIOR COURT, LOS ANGELES, CENTRAL

SHORT TITLE OF CASE
GONZALEZ-DELRIO v AIRCRAFT

| 2591446.01 | (HEARING) Date | Time | Dept | | Case Number<br>BC522656 |
|---|---|---|---|---|---|
| | | | | 16 | REFERENCE NO.<br>GONZALEZ-DELRIO v AIRCRAFT |

### PROOF OF SERVICE BY MAIL

1. I AM EMPLOYED IN, OR A RESIDENT OF, THE COUNTY IN WHICH THE MAILING OCCURED, AND NOT A PARTY TO THIS ACTION.  AT THE TIME OF MAILING, I WAS AT LEAST 18 YEARS OF AGE OR OLDER

ON  11/19/2013

2. I MAILED THE WITHIN:


SUMMONS & COMPLAINT
CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET



ON THE DEFENDANT IN SAID ACTION BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON PREPAID FOR FIRST CLASS IN THE UNITED STATES MAIL AT: COSTA MESA , CALIFORNIA, ADDRESSED AS FOLLOWS:

AIRCRAFT SERVICE INTERNATIONAL,

a business entity unknown
CT CORPORATION SYSTEM, AGENT FOR SERVICE
818 W 7TH ST
LOS ANGELES          CA          90017


DECLARANT:  MONICA FIGUEROA

|  | d. The fee for service was          $84.07 |
|---|---|
| | e. I am: |
| b. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626 | (1)  X    not a registered California process server;<br>(3)        registered California process server:<br>          (i) Independent Contractor<br>          (ii) Registration No:<br>          (i) County |
| c. (714) 662-5555 | |
| 8.  declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.   MONICA FIGUEROA<br>11/26/2013 | X _____<br>                    SIGNATURE |

### PROOF OF SERVICE


### EXHIBITS PAGE 15

1  GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL, et al.   CASE NO. BC522941

2  PROOF OF SERVICE

3  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4  I am an employee in the County of Los Angeles, State of California. I am over the age of 18
   and not a party to the within action; my business address is 8889 West Olympic Blvd., Suite 200,
5  Beverly Hills, California 90211.

6  On December 5, 2013, I served the foregoing document, described as "PLAINTIFF JORGE
   GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON
7  DEFENDANT AIRCRAFT SERVICE INTERNATIONAL" on all interested parties in this
   action by placing a true copy thereof in a sealed envelope, addressed as follows:

8

9  | Aircraft Service International | Aircraft Service International, Inc. |
   | c/o CT Corporation System | c/o CT Corporation System |
10 | 818 W. Seventh Street | 818 W. Seventh Street |
   | Los Angeles, CA 90017 | Los Angeles, CA 90017 |

11  ☒  (BY MAIL)  As follows:

12      I placed such envelope, with postage thereon prepaid, in the United States mail at Los
13      Angeles, California.

14      I am "readily familiar" with the firm's practice of collecting and processing correspondence
        for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that
15      same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary
        course of business. I am aware that, on motion of the party served, service is presumed
16      invalid if the postal cancellation or postage meter date is more than one day after the date of
        deposit for mailing in this affidavit.

17
    ☐  (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the
18      attorney at the offices of the addressee.

19  ☒  (STATE)  I declare, under penalty of perjury under the laws of the State of California, that
        the aforementioned service information is true and correct.

20
        Executed on December 5, 2013 at Beverly Hills, California.
21

22

23                                                      Rudy Flores

24

25

26

27

28

PLAINTIFF JORGE GONZALEZ-DELRIO'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON
DEFENDANT AIRCRAFT SERVICE INTERNATIONAL
3

EXHIBITS PAGE 16

# EXHIBIT 6

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|---|
| N.Nick Ebrahimian SBN 219270<br>8889 W OLYMPIC BLVD STE 200<br>BEVERLY HILLS    CA              90211<br>ATTORNEY FOR (Name)         Plaintiff | | (310) 432-0000 | |

Insert of Court Name of Judicial District and Branch Court if any
LOS ANGELES SUPERIOR COURT, LOS ANGELES, CENTRAL.

SHORT TITLE OF CASE
GONZALEZ-DELRIO v AIRCRAFT

| 2591450 | (HEARING) Date | Time | Dept | Case Number<br>BC522656 |
|---|---|---|---|---|
| | | | | REFERENCE NO.<br>GONZALEZ-DELRIO v AIRCRAFT |

### DECLARATION OF REASONABLE DILIGENCE

PERSON TO SERVE: BBA AVIATION, a business entity unknown

DOCUMENTS RECEIVED:

SUMMONS & COMPLAINT
CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM
NOTICE OF CASE ASSIGNMENT
VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET

I,  Brian          Fecher          DECLARE THAT I MADE THE FOLLOWING ATTEMPTS
TO EFFECT SERVICE BY PERSONAL DELIVERY.
        BUSINESS:   5720 Avion Dr
                    Los Angeles        CA        90045
11/15/13  03:15 PM DOORS LOCKED. I SPOKE
TO A FEMALE BEHIND THE DOOR, SHE REFUSED TO
OPEN IT. SHE STATED THERE WAS NO AUTHORIZED
AGENT IN AT THIS TIME, SHE SAID TO COME
BACK ON MONDAY.
11/18/13  10:35 AM PER RUDE JANE DOE AT
THE FRONT DESK, ALL LEGAL DOCUMENTS MUST BE
SERVED THROUGH CT CORPORATION AT: 818 W.
7TH STREET LOS ANGELES CA.

|  |  |
|---|---|
| 7a. Person Serving:      Brian        Fecher | d. The fee for service was            $0.00<br>e. I am:<br>    (1)        not a registered California process server:<br>    (3)  X    registered California process server: |
| b. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626 | (i) Independent Contractor |
| | (i) Registration No:                          6402 |
| c. (714) 662-5555 | (i) County:    LOS ANGELES |
| 8. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Brian        Fecher<br>1/28/2014 | X _____<br>                              SIGNATURE |

### PROOF OF SERVICE

### EXHIBITS PAGE 17

# EXHIBIT 7

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|---|
| N.Nick Ebrahimian SBN 219270 8889 W Olympic Blvd Ste. 200 | | (310) 432-0000 | |
| Beverly Hills | CA    90211 | | |
| ATTORNEY FOR (Name) | Plaintiff | | |

Insert of Court Name of Judicial District and Branch Court if any
LOS ANGELES SUPERIOR COURT, LOS ANGELES, CENTRAL

SHORT TITLE OF CASE
GONZALEZ-DELRIO v AIRCRAFT

| 2591450.01 | (HEARING) Date | Time | Dept | Case Number: BC522656 |
|---|---|---|---|---|
| | | | | REFERENCE NO. GONZALEZ-DELRIO v AIRCRAFT |

### DECLARATION OF REASONABLE DILIGENCE

PERSON TO SERVE: BBA AVIATION, a business entity unknown

DOCUMENTS RECEIVED:

SUMMONS & COMPLAINT
CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM
NOTICE OF CASE ASSIGNMENT
VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET


I,  V. Enrique    Mendez    DECLARE THAT I MADE THE FOLLOWING ATTEMPTS
TO EFFECT SERVICE BY PERSONAL DELIVERY.

   BUSINESS:  818 W 7TH ST
              LOS ANGELES    CA    90017
11/18/13  03:00 PM NO LISTING FOR THIS
COMPANY.


| | | d. The fee for service was          $0.00 |
|---|---|---|
| 7a. Person Serving:  V. Enrique    Mendez | | e. I am: |
| | | (1)      not a registered California process server: |
| b. DDS Legal Support 2900 Bristol St Costa Mesa, Ca 92626 | | (3)  X   registered California process server: (i) Independent Contractor |
| | | (i) Registration No:                      3428 |
| c. (714) 662-5555 | | (i) County:   LOS ANGELES |

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  V. Enrique    Mendez
1/28/2014

X _____
                              SIGNATURE

### PROOF OF SERVICE

EXHIBITS PAGE 18

GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL, INC.     CASE NO. BC522656

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On January 29, 2014, I served the foregoing document, described as **"PLAINTIFF JORGE GONZALEZ-DELRIO'S OPPOSITION TO BBA AVIATION PLC'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION; DECLARATION OF JORDAN D. BELLO; EXHIBITS"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| Counsel for Defendants Aircraft Service International and Aircraft Service International, Inc.:<br><br>Michelle B. Abidoye, Esq.<br>FORDHARRISON, LLP<br>350 South Grand Avenue, Suite 2300<br>Los Angeles, CA 90071 | |

☒ **(BY MAIL)** As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐ **(BY ELECTRONIC MAIL)** I sent such document via facsimile mail to the number(s) noted above.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the attorney listed above.

I declare under penalty of perjury under the laws of the State of California that the aforementioned service information is true and correct.

Executed on January 29, 2014, at Beverly Hills, California.

Mildred Perez

PLAINTIFF JORGE GONZALEZ-DELRIO'S OPPOSITION TO BBA AVIATION PLC'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION

9

# EXHIBIT I

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| N. NICK EBRAHIMIAN, ESQ.<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. OLYMPIC BLVD., SUITE 200<br><br>BEVERLY HILLS, CA 90211<br>TELEPHONE NO.: 310-432-0000   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* NEBRAHIMIAN@LELAWFIRM.COM<br>ATTORNEY FOR *(Name):* PLAINTIFF JORGE GONZALEZ-DELRIO | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL ST.
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO

DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* [x] UNLIMITED CASE  [ ] LIMITED CASE<br>(Amount demanded   (Amount demanded is $25,000<br>exceeds $25,000)   or less) | BC522656 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: February 18, 2014   Time: 8:45 a.m.   Dept.: 16   Div.:   Room:
Address of court *(if different from the address above):*

[x] Notice of Intent to Appear by Telephone, by *(name):* Jordan D. Bello

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Plaintiff Jorge Gonzalez-Delrio
   b. [ ] This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* September 27, 2013
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [x] The following parties named in the complaint or cross-complaint
      (1) [x] have not been served *(specify names and explain why not):* Cynthia Douglas, need discovery to obtain address; BBA Aviation, need discovery to determine why name appears on wage stmnt
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [x] complaint  [ ] cross-complaint   *(Describe, including causes of action):*
      1) Disability Discrimination (FEHA); 2) Failure to accommodate; 3) Failure to engage in interactive process; 4) FEHA retaliation; 5) Failure to prevent discrimination; 6) CFRA Rights retaliation; 7) Wrongful Termination in Violation of Public Policy

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Legal<br>Solutions<br>Plus | Cal. Rules of Court,<br>rules 3.720–3.730 |
|---|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC. | BC522656 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request   ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐   The trial has been set for *(date):*
    b.  ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
        Plaintiff's Counsel will bring trial availability to CMC

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☒   days *(specify number):* 8-10
    b.  ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
    a.   Attorney:
    b.   Firm:
    c.   Address:
    d.   Telephone number:
    e.   E-mail address:
    ☐ Additional representation is described in Attachment 8.
    f.   Fax number:
    g.   Party represented:

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1)  For parties represented by counsel: Counsel   ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2)  For self-represented parties: Party   ☐ has   ☐ has not  reviewed the ADR information package identified in rule 3.221.

    b.  **Referral to judicial arbitration or civil action mediation** (if available).

    (1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3)  ☒   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):* multiple causes of aciton in excess of $50,000

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC. | BC522656 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled <br> [ ] Mediation session scheduled for *(date)*: <br> [ ] Agreed to complete mediation by *(date)*: <br> [ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled <br> [ ] Settlement conference scheduled for *(date)*: <br> [ ] Agreed to complete settlement conference by *(date)*: <br> [ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled <br> [ ] Neutral evaluation scheduled for *(date)*: <br> [ ] Agreed to complete neutral evaluation by *(date)*: <br> [ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled <br> [ ] Judicial arbitration scheduled for *(date)*: <br> [ ] Agreed to complete judicial arbitration by *(date)*: <br> [ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled <br> [ ] Private arbitration scheduled for *(date)*: <br> [ ] Agreed to complete private arbitration by *(date)*: <br> [ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled <br> [ ] ADR session scheduled for *(date)*: <br> [ ] Agreed to complete ADR session by *(date)*: <br> [ ] ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO | CASE NUMBER: |
| DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC. | BC522656 |

**11. Insurance**
    a. ☐  Insurance carrier, if any, for party filing this statement (name):
    b.  Reservation of rights: ☐ Yes ☐ No
    c. ☐  Coverage issues will significantly affect resolution of this case (explain):

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other (specify):
    Status:

**13. Related cases, consolidation, and coordination**
    a. ☐  There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐  A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**14. Bifurcation**
    ☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**15. Other motions**
    ☐  The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**16. Discovery**
    a. ☐  The party or parties have completed all discovery.
    b. ☒  The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| Plaintiff | Initial Written Discovery | April 2014 |
| Plaintiff | Depositions | Prior to trial per CCP |
| Plaintiff | Follow up written discovery | Prior to trial per CCP |

    c. ☐  The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):

CM-110

| PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC. | BC522656 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

20. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 3, 2014

Jordan D. Bello
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

1    GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL, et al.     CASE NO. BC522941

2                              **PROOF OF SERVICE**

3                    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4            I am an employee in the County of Los Angeles, State of California.  I am over the age of 18
     and not a party to the within action; my business address is 8889 West Olympic Blvd., Suite 200,
5    Beverly Hills, California 90211.

6            On February 3, 2014, I served the foregoing document, described as **"PLAINTIFF'S
     CASE MANAGEMENT STATEMENT"** on all interested parties in this action by placing a true
7    copy thereof in a sealed envelope, addressed as follows:

8    | *Counsel for Defendants:* | |
     | --- | --- |
9    | Michelle B. Abidoye, Esq. | |
     | FORDHARRISON, LLP | |
10   | 350 S. Grand Ave., Suite 2300 | |
     | Los Angeles, CA 90071 | |
11

12   ☒    **(BY MAIL)**  As follows:

13          I placed such envelope, with postage thereon prepaid, in the United States mail at Los
            Angeles, California.
14
            I am "readily familiar" with the firm's practice of collecting and processing correspondence
15   for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that
     same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary
16   course of business.  I am aware that, on motion of the party served, service is presumed
     invalid if the postal cancellation or postage meter date is more than one day after the date of
17   deposit for mailing in this affidavit.

18   ☐    **(BY PERSONAL SERVICE)**  I caused such envelope to be delivered by hand to the
          attorney at the offices of the addressee.
19
            I declare, under penalty of perjury under the laws of the State of California, that the
20   aforementioned service information is true and correct.

21          Executed on February 3, 2014 at Beverly Hills, California.

22

23                                                       Lorena Neri

24

25

26

27

28

     _____
                      **PLAINTIFF'S CASE MANAGEMENT STATEMENT**
                                            1

1   N. Nick Ebrahimian, Esq. (State Bar No. 219270)
    Jordan D. Bello, Esq. (State Bar No. 243190)
2   **LAVI & EBRAHIMIAN, LLP**
    8889 W. Olympic Blvd., Suite 200
3   Beverly Hills, California  90211
    Telephone (310) 432-0000
4   Facsimile (310) 432-0001

5   Attorneys for PLAINTIFF
    JORGE GONZALEZ-DELRIO

6

7

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **FOR THE COUNTY OF LOS ANGELES-CENTRAL**

11  JORGE GONZALEZ-DELRIO,              Case No.: BC522656

12          PLAINTIFF,                  Hon. Rita Miller, Dept. 16

13  vs.                                 **PLAINTIFF     JORGE    GONZALEZ-**
                                        **DELRIO'S    OPPOSITION    TO    BBA**
14                                      **AVIATION PLC'S MOTION TO QUASH**
    AIRCRAFT SERVICE INTERNATIONAL, a   **SERVICE    OF    SUMMONS    AND**
15  business entity unknown; AIRCRAFT SERVICE  **COMPLAINT FOR LACK OF PERSONAL**
    INTERNATIONAL, INC., a corporation;  **JURISDICTION;    DECLARATION    OF**
16  CYNTHIA DOUGLAS, an individual; BBA  **JORDAN D. BELLO; EXHIBITS**
    AVIATION, a business entity unknown; and
17  DOES 1 to 100, Inclusive.           [Telephone Appearance]

18          DEFENDANTS.                 Date: February 11, 2014
                                        Time: 8:30 a.m.
19                                      Dept.: 16

20

21

22

23

24

25

26

27

28

**PLAINTIFF JORGE GONZALEZ-DELRIO'S OPPOSITION TO BBA AVIATION PLC'S MOTION TO
QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION**
1

I.    **INTRODUCTION.**

The Court must deny BBA Aviation, PLC's Motion to Quash Service of Summons and Complaint for Lack of Personal Jurisdiction on the grounds that BBA Aviation, PLC lacks standing to move to quash because Plaintiff has not served BBA Aviation, PLC with the Summons and Plaintiff has not filed a proof of service alleging service on BBA Aviation, PLC. Accordingly, it is unclear on what basis BBA Aviation, PLC seeks to quash service when Plaintiff has never served the Summons on BBA Aviation, PLC. BBA Aviation, PLC's Motion is unnecessary and a waste of resources for both parties and the Court.

Plaintiff names "BBA Aviation, a business entity unknown" in the summons and complaint, not BBA Aviation, PLC. Plaintiff has not yet had an opportunity to investigate why "BBA Aviation" appears as an employer on her wage statement and what entity the designation of "BBA Aviation" is associated with. Plaintiff is entitled to conduct discovery regarding the issue of jurisdiction before any hearing on a motion to quash. (*Mihlon v. Superior Court* (1985) 169 Cal.App.3d 703, 710.)

II.   **STATEMENT OF FACTS.**

On September 27, 2013, Plaintiff Jorge Gonzalez-Delrio ("Plaintiff") filed a Complaint and obtained a Summons against: Aircraft Service International, a business entity unknown; Aircraft Service International, Inc., a corporation; Cynthia Douglas, an individual; and "BBA Aviation, a business entity unknown." (Bello Decl. Ex. 1.) The Complaint alleges discrimination and retaliation claims against Defendants.

Labor Code section 226, subdivision (a) requires that an employer provide an employee with wage statements which state "the name and address of the legal entity that is the employer." (Lab. Code § 226, subd. (a).) During his employment, Plaintiff received wage statements identifying the following as his employers "BBA Aviation" and "Aircraft Service International, Inc." located at 201 South Orange Avenue, Suite 1100, Orlando, Florida. (See Bello Decl. Ex. 2.)

BBA Aviation USA, Inc. is registered with the Florida Secretary of State with a principal address of 201 S. Orange Ave., Suite, 1290, Orlando Florida. (See Bello Decl. Ex. 3.) The "officers and directors" of BBA Aviation USA, Inc. identified on the Florida Secretary of State web site all have the address of 201 South Orange Avenue, Suite 1100, Orlando, Florida, (Bello Decl. Ex. 3) the

**PLAINTIFF JORGE GONZALEZ-DELRIO'S OPPOSITION TO BBA AVIATION PLC'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION**
2

same address as on Plaintiff's wage statement in association with the name BBA Aviation (Bello Decl. Ex. 2.)

Plaintiff has only accomplished service of the Summons and Complaint on Defendants Aircraft Service International, Inc. and Aircraft Service International, a business entity unknown. (Bello Decl. Ex. 4, 5.) Plaintiff has only filed proofs of service of the Summons and Complaint on Defendants Aircraft Service International, Inc. and Aircraft Service International, a business entity unknown. (*Id.*)

Plaintiff has attempted service on "BBA Aviation, business entity unknown," but service has not been accomplished. (Bello Decl. Ex. 6, 7.) For that reason, Plaintiff has not filed a proof of service of the Summons and Complaint on "BBA Aviation, business entity unknown." Plaintiff also has not served the Summons or filed a proof of service alleging that Plaintiff has served BBA Aviation, PLC.

Plaintiff has not had the opportunity to engage in discovery regarding which entity is associated with "BBA Aviation" employer as identified on Plaintiff's wage statement.

## III.   ARGUMENT

### A.   BBA Aviation, PLC Moves to Quash Service of Summons, But Plaintiff Has Not Served BBA Aviation, PLC With The Summons.

"A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion...to quash service of summons on the ground of lack of jurisdiction of the court over him or her..." (Code Civ. Proc. § 418.10, subd. (a)(1).)

BBA Aviation, PLC brings its motion to quash service under Code of Civil Proc.

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| N. NICK EBRAHIMIAN, ESQ.<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. OLYMPIC BLVD., SUITE 200<br><br>BEVERLY HILLS, CA 90211<br>TELEPHONE NO.: 310-432-0000    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* NEBRAHIMIAN@LELAWFIRM.COM<br>ATTORNEY FOR *(Name):* PLAINTIFF JORGE GONZALEZ-DELRIO | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL ST.
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO

DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC.

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| *(Check one):* [x] **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | [ ] **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | BC522656 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: February 18, 2014    Time: 8:45 a.m.    Dept.: 16      Div.:        Room:
Address of court *(if different from the address above):*

[x] **Notice of Intent to Appear by Telephone, by** *(name):* Jordan D. Bello

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Plaintiff Jorge Gonzalez-Delrio
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* September 27, 2013
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [x] The following parties named in the complaint or cross-complaint
      (1) [x] have not been served *(specify names and explain why not):* Cynthia Douglas, need discovery to
               obtain address; BBA Aviation, need discovery to determine why name appears on wage stmnt
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which*
           *they may be served):*

4. **Description of case**
   a. Type of case in [x] complaint    [ ] cross-complaint    *(Describe, including causes of action):*
      1) Disability Discrimination (FEHA); 2) Failure to accommodate; 3) Failure
      to engage in interactive process; 4) FEHA retaliation; 5) Failure to prevent
      discrimination; 6) CFRA Rights retaliation; 7) Wrongful Termination in
      Violation of Public Policy

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Legal<br>Solutions<br>Plus | Cal. Rules of Court,<br>rules 3.720–3.730 |
|---|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC. | BC522656 |

4.  b.  Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

☐ (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5.  **Jury or nonjury trial**
The party or parties request  [x] a jury trial ☐ a nonjury trial.   (If more than one party, provide the name of each party requesting a jury trial):

6.  **Trial date**
a. ☐ The trial has been set for (date):
b. [x] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):
c.  Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):
Plaintiff's Counsel will bring trial availability to CMC

7.  **Estimated length of trial**
The party or parties estimate that the trial will take (check one):
a. [x] days (specify number): 8-10
b. ☐ hours (short causes) (specify):

8.  **Trial representation** (to be answered for each party)
The party or parties will be represented at trial  [x] by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                              f.  Fax number:
e.  E-mail address:                                g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference (specify code section):

10.  **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court by rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  [x] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. (specify exemption): multiple causes of aciton in excess of $50,000

CM-110 [Rev. July 1, 2011]              **CASE MANAGEMENT STATEMENT**                    Page 2 of 5

CM-110

| PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC. | BC522656 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled <br> [ ] Mediation session scheduled for (date): <br> [ ] Agreed to complete mediation by (date): <br> [ ] Mediation completed on (date): |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled <br> [ ] Settlement conference scheduled for (date): <br> [ ] Agreed to complete settlement conference by (date): <br> [ ] Settlement conference completed on (date): |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled <br> [ ] Neutral evaluation scheduled for (date): <br> [ ] Agreed to complete neutral evaluation by (date): <br> [ ] Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled <br> [ ] Judicial arbitration scheduled for (date): <br> [ ] Agreed to complete judicial arbitration by (date): <br> [ ] Judicial arbitration completed on (date): |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled <br> [ ] Private arbitration scheduled for (date): <br> [ ] Agreed to complete private arbitration by (date): <br> [ ] Private arbitration completed on (date): |
| (6) Other (specify): | [ ] | [ ] ADR session not yet scheduled <br> [ ] ADR session scheduled for (date): <br> [ ] Agreed to complete ADR session by (date): <br> [ ] ADR completed on (date): |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC. | BC522656 |

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Initial Written Discovery | April 2014 |
| Plaintiff | Depositions | Prior to trial per CCP |
| Plaintiff | Follow up written discovery | Prior to trial per CCP |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110 [Rev. July 1, 2011]       **CASE MANAGEMENT STATEMENT**       Page 4 of 5

CM-110

| PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC. | BC522656 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 3, 2014

Jordan D. Bello
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 5 of 5

**GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL, et al.    CASE NO. BC522941**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 West Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On February 3, 2014, I served the foregoing document, described as **"PLAINTIFF'S CASE MANAGEMENT STATEMENT"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| Counsel for Defendants: | |
|---|---|
| Michelle B. Abidoye, Esq.<br>FORDHARRISON, LLP<br>350 S. Grand Ave., Suite 2300<br>Los Angeles, CA 90071 | |

☒    **(BY MAIL)**  As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐    **(BY PERSONAL SERVICE)**  I caused such envelope to be delivered by hand to the attorney at the offices of the addressee.

I declare, under penalty of perjury under the laws of the State of California, that the aforementioned service information is true and correct.

Executed on February 3, 2014 at Beverly Hills, California.

Lorena Neri

PLAINTIFF'S CASE MANAGEMENT STATEMENT

1

**EXHIBIT J**

Michelle B. Abidoye, Bar No. 232782
FORDHARRISON, LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

Specially Appearing for Defendant
BBA AVIATION, PLC

**FILED**
Superior Court of California
County of Los Angeles

FEB 0 4 2014

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Raul Sanchez

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| JORGE GONZALEZ-DELRIO,<br><br>Plaintiff,<br><br>v.<br><br>AIRCRAFT SERVICE INTERNATIONAL, a business entity unknown; AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; CYNTHIA DOUGLAS, an individual; BBA AVIATION, a business entity unknown; and DOES 1 to 100, inclusive.<br><br>Defendants. | CASE NO. BC 522656<br><br>[Assigned for all Purposed to Hon. Rita Miller, Dept. 16]<br><br>**DEFENDANT BBA AVIATION, PLC'S REPLY IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>Date: February 11, 2014<br>Time: 8:30 a.m.<br>Dept: 16<br><br>Complaint Filed : 9/27/13 |

Defendant BBA Aviation, PLC hereby submits its reply in support of its motion to quash service of summons and complaint for lack of personal jurisdiction.

///
///
///
///
///

WSACTIVELLP:6624911.1
/CASE NO. BC 522656

-1-

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO QUASH SERVICE
DOCUMENT PRINTED ON RECYCLED PAPER

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. SUMMARY OF ARGUMENT

Plaintiff Jorge Gonalzes-DelRio's opposition establishes that BBA Aviation, PLC ("BBA") must be dismissed from this lawsuit because Plaintiff failed to carry his burden to establish that BBA is subject to personal jurisdiction in California. Plaintiff's opposition fails to provide this Court with evidence that demonstrates the existence of general or specific contacts that support jurisdiction. The *only* evidence submitted by Plaintiff is a paystub that contains the "BBA Aviation" logo, which is insufficient as a matter of law because the appearance of a parent's logo on its subsidiary's documents does not establish sufficient contacts required to establish jurisdiction.

Plaintiff's argument that BBA allegedly "lacks standing" to bring the instant motion is baseless. Standing refers to the *plaintiff's* ability to sue another party. It does not refer to a defendant's ability to challenge jurisdictional defects after it has been named as a party. Moreover, the record establishes that Plaintiff has sued BBA and offers two declarations of reasonable diligence by Plaintiff's process server showing that he has attempted to serve BBA with the complaint. Therefore, BBA's motion to challenge jurisdiction is proper.

In the alternative, BBA respectfully requests that this Court dismiss BBA from this lawsuit based on Plaintiff's lack of prosecution, as well as a lack of any evidentiary support to name BBA as a defendant. Plaintiff's complaint was filed over four months ago and by his own admissions, he does not intend to serve BBA at this time, which is in violation with Rule of Court 3.110 [requiring service of the complaint in 60 days]. Plaintiff's opposition also establishes that there is a lack of any evidentiary support for naming BBA as a defendant. Plaintiff admits that he needs to engage in further discovery before he can figure out which BBA entity to serve. California procedure does not support Plaintiff's strategy in this case: name parties without any basis to do so and then serve the complaint after engaging in discovery. Instead, Plaintiff is required to add parties as doe defendants only when an evidentiary basis exists for doing so.

/ / /

WSACTIVELLP:6624911.1
/CASE NO. BC 522656
-2-
FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO QUASH SERVICE
DOCUMENT PRINTED ON RECYCLED PAPER

-166-

1    In sum, BBA respectfully requests that the Court grant the instant motion and dismiss

2 BBA from this lawsuit.

3    **II.    PLAINTIFF'S    OPPOSITION    FAILS    TO    ESTABLISH    PERSONAL**
        **JURISDICTION OVER BBA.**

4

5    Plaintiff has failed to carry his burden to demonstrate any facts that support this Court's

6 exercise of jurisdiction over BBA in California. *See Snowney v. Harrah's Entertainment, Inc.*

7 (2005) 35 Cal.4th 1054, 1062. The plaintiff must do more than merely allege jurisdictional facts;

8 he must provide affidavits and other authenticated documents demonstrating competent evidence

9 of jurisdictional facts. *In re Automobile Antitrust Cases I & II*, 135 Cal.App.4th 100, 110 (2005).

10    Here, the only evidence in support of Plaintiff's opposition is Plaintiff's paystub from his

11 employer, ASII, that contains the logo "BBA Aviation." This evidence is insufficient to establish

12 jurisdiction. A parent's logo on a paystub is not the kind of substantial, continuous, or systematic

13 contacts to support general jurisdiction. The paystub also does not demonstrate that BBA

14 purposefully availed itself to California or that Plaintiff's allegations are substantially related to

15 BBA's contacts with California that would support specific jurisdiction. Finally, it is well-settled

16 that the mere appearance of a parent's logo on its subsidiary's documents does not constitute

17 pervasive control over day-to-day operations. *See Kaplan v. Coldwell Banker Residential*

18 *Affiliates, Inc.* (1997) 59 Cal.App.4th 741 [franchisee's use of franchisor's logo and trademark

19 was not sufficient to establish an agency relationship for purposes of liability].

20    To the extent that Plaintiff argues he needs further discovery before BBA's motion is

21 decided, Plaintiff fails to establish any jurisdictional issues for which he needs discovery in order

22 for this Court to make a ruling. Instead, Plaintiff identifies substantive issues that are unrelated to

23 jurisdiction, i.e., to determine why the BBA Aviation logo appears on Plaintiff's wage statements.

24 (*See* Opp. at 2:13) This inquiry does not relate to BBA's contacts with California and appears to

25 relate only to a joint employment theory, which is entirely unrelated. Moreover, ASII has already

26 responded to Plaintiff's written discovery requests concerning its relationship with BBA

27 Aviation, PLC and BBA Aviation USA, Inc, which is the same evidence that was submitted with

28 BBA's motion to quash. Further, defense counsel afforded Plaintiff's counsel the opportunity to

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

1   meet and confer about the jurisdictional issues raised in BBA's motion prior to the filing of such

2   but Plaintiff's counsel failed to respond. (*See* Abidoye's December 18, 2013 letter to Plaintiff's

3   counsel).

4       BBA respectfully requests that this Court grant the instant motion because Plaintiff failed

5   to provide any substantive opposition to BBA's motion and also failed to identify any

6   jurisdictional discovery that must be conducted before the Court decides the instant motion.

7   **III.   PLAINTIFF'S "STANDING" ARGUMENT IS NOT A VALID BASIS TO DENY
        THE INSTANT MOTION BECAUSE STANDING REFERS TO A PLAINTIFF'S**
8   **ABILITY TO SUE ANOTHER PARTY AND IS INAPPLICABLE HERE.**

9       Plaintiff argues that BBA "lacks standing" to bring the instant motion because he has not

10  served BBA with the complaint. However, the term "standing" refers to a plaintiff's ability to sue

11  a party and a right to relief and does not apply to a defendant's ability to challenge jurisdiction.

12  Standing is "the right to relief and goes to the existence of a cause of action against the

13  defendant." *See Killian v. Millard*, 228 Cal.App.3d 1601, 1605 (1991)

14      California procedure requires a defendant to bring a motion to quash service in order to

15  challenge personal jurisdiction. *See* Code Civ. Proc. § 418.10.  Thus, there is no other procedure

16  available for BBA to challenge personal jurisdiction without making a general appearance.  The

17  record shows that Plaintiff named "BBA Aviation" as a defendant and has made at least two

18  attempts to serve the complaint. (*See* Exh. 6 and 7 to Bello declaration).  BBA is aware of the

19  lawsuit because its subsidiary, Aircraft Service International, Inc. ("ASII"), was served with the

20  complaint.  Thus, BBA has a valid basis to challenge California's exercise of personal jurisdiction

21  and the instant motion is properly before the Court.

22  **IV.   IN THE ALTERNATIVE, THIS COURT SHOULD DISMISS BBA FOR
        PLAINTIFF'S ADMITTED LACK OF PROSECUTION AND LACK OF**
23  **EVIDENTIARY SUPPORT FOR NAMING BBA AS A DEFENDANT.**

24      In the alternative, BBA respectfully requests that the Court dismiss BBA from this lawsuit

25  based on Plaintiff's lack of prosecution and lack of evidentiary support.  Rule of Court 3.110

26  requires Plaintiff to serve all parties within 60 days of filing the complaint.  Here, Plaintiff admits

27  that he has not served BBA and does not intend to do so until he conducts discovery to figure out

28  if he even has a basis to sue BBA.  The complaint was filed over four months ago, on September

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:6624911.1        -4-

/CASE NO. BC 522656

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO QUASH SERVICE
DOCUMENT PRINTED ON RECYCLED PAPER

-168-

1  27, 2013, and Plaintiff admits that he is not engaging in any efforts to serve BBA with the

2  complaint. This Court has set an order to show cause for failure to file a proof of service, which

3  is scheduled for February 18. BBA requests that the Court advance the hearing to date when

4  BBA's motion will be heard and dismiss BBA for Plaintiff's admitted lack of prosecution.

5      BBA also requests that this Court dismiss BBA based on Plaintiff's admissions that he

6  does not have any evidentiary basis for naming BBA Aviation as a defendant in this case, which

7  is a clear violation of Code of Civil Procedure section 128.7(b) [requiring a plaintiff to have some

8  "evidentiary support" for filing a complaint against a party]. Plaintiff's opposition states that he

9  named BBA because its logo appeared on Plaintiff's paystub but that he has "not yet had an

10  opportunity to investigate" why the logo appears on Plaintiff's paystub. (*See* Opp. at 1:10-11).

11  As set forth in the declarations of Simm and Lefebvre in support of BBA's motion, ASII uses a

12  generalized BBA Aviation logo on certain documents as part of an international marketing and

13  branding strategy. The logo BBA Aviation is used on ASII's business cards, websites, employee

14  handbook, paystubs, and letterhead, as well as ASII's employee uniforms. Thus, the evidence

15  offered by Plaintiff - his paystub with the BBA Aviation logo - does not support naming BBA as

16  a defendant and BBA should be dismissed on that basis.

17  **V.      CONCLUSION**

18      For all of the foregoing reasons, this Court should grant this motion and dismiss BBA

19  from this lawsuit because Plaintiff has failed to establish that California has personal jurisdiction

20  over BBA.

21

22  Dated: February 4, 2014                    Respectfully submitted,

23                                             FORDHARRISON, LLP

24

25  By: _____

26                                             Michelle B. Abidoye
                                               Specially Appearing for Defendant
27                                             BBA AVIATION, PLC

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:6624911.1                    -5-
/CASE NO. BC 522656

## PROOF OF SERVICE

I, Anne Moreno, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On February 4, 2014, I served a copy of the within document(s):

**DEFENDANT BBA AVIATION, PLC'S REPLY IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

☐    By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| N. Nick Ebrahimian, Esq. | Attorneys for Plaintiff JORGE |
| Jordan D. Bello, Esq. | GONZALEZ-DELRIO |
| LAVI & EBRAHIMIAN, LLP | |
| 8889 W. Olympic Blvd., Suite 200 | |
| Beverly Hills, CA 90211 | |
| Telephone: (310) 432-0000 | |
| Facsimile: (310) 432-0001 | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 4, 2014, at Los Angeles, California.

_Anne Moreno_
Anne Moreno

WSACTIVELLP:6624911.1     -6-
/CASE No. BC 522656
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO QUASH SERVICE
DOCUMENT PRINTED ON RECYCLED PAPER

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

-170-

**EXHIBIT K**

**FILED**

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

Reserved for Clerk's Stamp
Superior Court Of California
County Of Los Angeles

FEB 05 2014

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy
Amber Hayes

COURT ADDRESS:
111 N. Hill Street L.A., CA 90012

PLAINTIFF:
Gonzalez

DEFENDANT:
Air craft

**CIVIL DEPOSIT**

CASE NUMBER:
BC522656

CLERK: PREPARE A FORM FOR EACH DEPOSITOR PAYING SEPARATELY

PLEASE REPORT TO THE CLERK'S OFFICE/CASHIER:
☒ Room 102, Central Civil   ☐ Clerk's Office , Room _____   ☒ Department Number 10

| Distribution Codes | | Amt Due | | Distribution Codes | | Amt Due |
|---|---|---|---|---|---|---|
| ☐ | 251 DAILY JURY FEES Dates: | | ☐ | 74 | DEPOSIT IN TRUST | |
| | # of day(s) _____ x$ _____ | | ☐ | 101 | FIRST PAPERS- GENERAL JURISDICTION | |
| ☒ | 72 JURY FEES Trial Date: | 150·00 | ☐ | 101 | FIRST PAPERS-LIMITED OVER $10,000 | |
| | (Initial Deposit) $ | | ☐ | 141 | With declaration Limited to $10,000 (per B&P 6322.1(a)) | |
| ☐ | 252 REPORTERS FEES Dates: | | ☐ | 130 | Limited to $10,000 | |
| | # of 1/ 2 day(s) _____ x$ _____ | | ☐ | 211 | RECLASSIFICATION FEE | |
| | Full Day _____ | | | | | |
| ☐ | 721 SANCTIONS ORDERED ON Date: | | ☐ | 150 | COMPLEX LITIGATION TRIAL/PLAINTIFF | |
| ☐ | 213 MOTIONS/APPLICATION TO CONT. HEARING | | ☐ | 151 | COMPLEX LITIGATION TRIAL/DEFENDANT | |
| | 200 MOTIONS/APPLICATION TO CONT.TRIAL | | | | | |
| | Other: | | | | | |

To be paid via:   ☐ Cash   ☒ Check   ☐ Certified Check/Money Order   ☐ Credit Card

☐ On or Before _____   ☐ Forthwith _____

Payment will be made by   ☒ Plaintiff Gonzalez   ☐ Defendant _____

JOHN A. CLARKE, Executive Officer/Clerk

DATE _____   BY: _____
Deputy Clerk

**TO BE COMPLETED BY DEPOSITOR**

Depositor's Name:   Lavi Ebrahimian

☐ Plaintiff in Pro Per   ☐ Defendant In Pro Per

☒ Counsel for   ☒ Plaintiff   Gonzalez
                                Name of Party

☐ Defendant _____
                Name of Party

Address of depositor   8889 W Olympic
STREET
Los Angeles CA
City/State/Zip

CIV 083 03-04 (Rev. 05/06)
LASC Approved

**CIVIL DEPOSIT**
Distribution: Original - Case File   Copy-Customer

CASHIER'S VALIDATION

RECEIVED:
CHECK:   $150.00
CASH:    $0.00
CHANGE:  $0.00
CARD:    $0.00

RECEIPT #: CCH503057041
DATE PAID: 02/05/14   03:30 PM
PAYMENT:  $150.00
                  310

CIT/CASE:  BC522656
LEA/DEF#:

**EXHIBIT L**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michelle B. Abidoye, Bar No. 232782<br>FORDHARRISON LLP<br>350 S. Grand Ave., Suite 2300<br>Los Angeles, CA 90071 | |

TELEPHONE NO.: (213) 237-2400        FAX NO. *(Optional):* (213) 237-2401
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Defendant AIRCRAFT SERVICE INTERNATIONAL, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO

DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] UNLIMITED CASE    [ ] LIMITED CASE<br>(Amount demanded        (Amount demanded is $25,000<br>exceeds $25,000)        or less) | BC 522 565 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: February 18, 2014     Time: 8:45 a.m.     Dept.: 16     Div.:     Room:
Address of court *(if different from the address above):*

[ ] Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* AIRCRAFT SERVICE INTERNATIONAL, INC.
   b. [ ] This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [X] complaint    [ ] cross-complaint     *(Describe, including causes of action):*
      1) Disability discrimination; 2) failure to accommodate; 3) failure to engage in interactive process; 4) FEHA retaliation; 5) failure to prevent discrimination; 6) CFRA rights retaliation; 7) wrongful termination in violation of public policy.

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | CASE MANAGEMENT STATEMENT | Legal<br>Solutions<br>Plus | Cal. Rules of Court,<br>rules 3.720–3.730 |
|---|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC. | BC 522 565 |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
      Defendant denies all of plaintiff's allegations and denies that plaintiff was damaged by any alleged action of defendant's.

    ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
    The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
    a. ☐ The trial has been set for *(date):*
    b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a. ☒ days *(specify number):* 3-5
    b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
    a.   Attorney:
    b.   Firm:
    c.   Address:
    d.   Telephone number:         f.   Fax number:
    e.   E-mail address:           g.   Party represented:
    ☐ Additional representation is described in Attachment 8.

9. **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
        (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
        (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
        (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
        (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
        (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC. | BC 522 565 |

10.   c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [X] | [X] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [X] | [X] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC. | BC 522 565 |

**11. Insurance**
   a. [ ] Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: [ ] Yes [ ] No
   c. [ ] Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   [ ] Bankruptcy [ ] Other *(specify)*:
   Status:

**13. Related cases, consolidation, and coordination**
   a. [ ] There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      [ ] Additional cases are described in Attachment 13a.
   b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party)*:

**14. Bifurcation**
   [X] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:   Punitive damages.

**15. Other motions**
   [X] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
   Defendant may bring a motion for summary judgment or in the alternative summary adjudication

**16. Discovery**
   a. [ ] The party or parties have completed all discovery.
   b. [X] The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendant | Written Discovery | June 2014 |
| Defendant | Depositions | June 2014 |

   c. [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC. | BC 522 565 |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 5, 2014

Michelle B. Abidoye
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

## PROOF OF SERVICE

I, Anne Moreno, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On February 5, 2014, I served a copy of the within document(s):

### CASE MANAGEMENT STATEMENT

☐ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

N. Nick Ebrahimian, Esq.                 Attorneys for Plaintiff JORGE
Jordan D. Bello, Esq.                     GONZALEZ-DELRIO
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, CA 90211
Telephone:    (310) 432-0000
Facsimile:     (310) 432-0001

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 5, 2014, at Los Angeles, California.

_____
Anne Moreno

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:155060.1
/CASE NO. BC 522656

-6-

CASE MANAGEMENT STATEMENT
DOCUMENT PRINTED ON RECYCLED PAPER

# EXHIBIT M

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JORDAN D. BELLO<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. OLYMPIC BLVD., SUITE 200<br><br>BEVERLY HILLS, CA 90211<br><br>TELEPHONE NO.: 310-432-0000   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: NEBRAHIMIAN@LELAWFIRM.COM<br>ATTORNEY FOR *(Name)*: PLAINTIFF JORGE GONZALEZ-DELRIO | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL ST.
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO

DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC.

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| [ ] Personal Injury, Property Damage, or Wrongful Death<br>　[ ] Motor Vehicle　[ ] Other<br>[ ] Family Law　[ ] Eminent Domain<br>[x] Other *(specify)*: EMPLOYMENT LAW | BC522656 |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [ ] With prejudice　(2) [x] Without prejudice
   b. (1) [ ] Complaint　(2) [ ] Petition
   　(3) [ ] Cross-complaint filed by *(name)*: _____ on *(date)*:
   　(4) [ ] Cross-complaint filed by *(name)*: _____ on *(date)*:
   　(5) [ ] Entire action of all parties and all causes of action
   　(6) [x] Other *(specify)*: ONLY DEFENDANT BBA AVIATION, BUSINESS ENTITY UNKNOWN

2. *(Complete in all cases except family law cases.)*
   [ ] Court fees and costs were waived for a party in this case. *(This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed.)*

Date: FEBRUARY 14, 2014

JORDAN D. BELLO .............................. ▶ _____
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY) 　　(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for: JORGE GONZALEZ-DELRIO
[X] Plaintiff/Petitioner　[ ] Defendant/Respondent
[ ] Cross - complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

_____ ▶ _____
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY) 　　(SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner　[ ] Defendant/Respondent
[ ] Cross - Complainant

*(To be completed by clerk)*
4. [ ] Dismissal entered as requested on *(date)*:
5. [ ] Dismissal entered on *(date)*:　　as to only *(name)*:
6. [ ] Dismissal not entered as requested for the following reasons *(specify)*:

7. a. [ ] Attorney or party without attorney notified on *(date)*:
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
   　　[ ] a copy to be conformed　[ ] means to return conformed copy

Date: _____ Clerk, by _____, Deputy

| | Page 1 of 2 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. July 1, 2009] | REQUEST FOR DISMISSAL　Legal Solutions Plus | Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390 |

CIV-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: JORGE GONZALEZ-DELRIO | CASE NUMBER:<br>BC522656 |
| DEFENDANT/RESPONDENT: AIRCRAFT SERVICE INTERNATIONAL, INC. | |

### Declaration Concerning Waived Court Fees

The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name)*:

2. The person in item 1 *(check one)*:
   a. ☐ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one)*: ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____        ▶        _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                              (SIGNATURE)

CIV-110 [Rev. July 1, 2009]                    **REQUEST FOR DISMISSAL**                    Page 2 of 2

GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL, et al.     CASE NO. BC522941

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 West Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On February 14, 2014, I served the foregoing document, described as "**PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE OF BBA AVIATION, BUSINESS ENTITY UNKNOWN**" on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| Counsel for Defendants: | |
|---|---|
| Michelle B. Abidoye, Esq.<br>FORDHARRISON, LLP<br>350 S. Grand Ave., Suite 2300<br>Los Angeles, CA 90071 | |

☒   **(BY MAIL)**  As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐   **(BY PERSONAL SERVICE)**  I caused such envelope to be delivered by hand to the attorney at the offices of the addressee.

I declare, under penalty of perjury under the laws of the State of California, that the aforementioned service information is true and correct.

Executed on February 14, 2014 at Beverly Hills, California.

Lorena Neri

PLAINTIFF'S REQUEST FOR DISMISSAL OF BBA AVIATION, BUSINESS ENTITY UNKNOWN

1

**EXHIBIT N**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 07/18/14 | DEPT. 16 |

| | | | |
|---|---|---|---|
| HONORABLE ELIZABETH R. FEFFER FOR | JUDGE | T. FREEMAN | DEPUTY CLERK |
| HONORABLE RITA MILLER | | | |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #6 | | | |
| S. WORKU, C.A. | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 9:00 am | BC522656 | Plaintiff Counsel | JORDON BELLO [X] (COURT CALL) |
| | JORGE GONZALEZ-DELRIO VS AIRCRAFT SERVICE INTERNATIONAL ET AL | Defendant Counsel | STEFAN BLACK [X] |

**NATURE OF PROCEEDINGS:**

DEMURRER OF DEFENDANT, SINTHIA ARUYA erroneously sued as CYNTHIA DOUGLAS, TO PLAINTIFF'S UNVERIFIED COMPLAINT

CASE MANAGEMENT CONFERENCE

Judge Elizabeth R. Feffer calls these matters as Judge Rita Miller is unavailable.

The Court hears argument on the demurrer.

The Court sustains the demurrer with 10 days leave to amend.

Court and counsel confer regarding defendant Sinthia Aruya and amending the complaint.

Counsel for plaintiff waives its right to amend the complaint.

The Courts final ruling is as follows:

Demurrer of Sinthia Aruya erroneously sued as Cynthia Douglas is sustained without leave to amend.

Defendant Sinthia Aruya erroneously sued as Cynthia Douglas' demurrer to plaintiff's unverified complaint is sustained without leave to amend.

Page   1 of   2   DEPT.   16

| MINUTES ENTERED |
|---|
| 07/18/14 |
| COUNTY CLERK |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 07/18/14 | | DEPT.  16 |
| HONORABLE ELIZABETH R. FEFFER FOR   JUDGE | T. FREEMAN | DEPUTY CLERK |
| HONORABLE RITA MILLER | | |
| HONORABLE                    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #6 | | |
| S. WORKU, C.A.        Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 9:00 am | BC522656 | Plaintiff Counsel | JORDON BELLO [X] (COURT CALL) |
| | JORGE GONZALEZ-DELRIO VS AIRCRAFT SERVICE INTERNATIONAL ET AL | Defendant Counsel | STEFAN BLACK [X] |

**NATURE OF PROCEEDINGS:**

Counsel for plaintiff waives its right to amend the complaint.

The Court states this case is a candidate for referral to the court's Crash Settlement Program.

Both sides are requesting a jury therefore, they will bear the cost.

The jury trial estimate is 8-10 days.

The Court states the trial date is firm.  Each side shall pick up a copy of Department 16's trial guidelines and comply with them.

The case is referred to mediation with a private neutral.

A post mediation status conference is set on 8/26/2015, at 8:45 a.m. in Department 16.
/

A final status conference is set on 10/9/2015, at 9:00 a.m. in Department 16.

A jury trial is set on 10/20/2015, at 9:30 a.m. in Department 16.

Counsel for defendant to give notice.

Page   2 of   2   DEPT.  16

```
MINUTES ENTERED
07/18/14
COUNTY CLERK
```

**EXHIBIT O**

1  N. Nick Ebrahimian, Esq. (State Bar No. 219270)
   Jordan D. Bello, Esq. (State Bar No. 243190)
2  **LAVI & EBRAHIMIAN, LLP**
   8889 W. Olympic Blvd., Suite 200
3  Beverly Hills, California 90211
   Telephone (310) 432-0000
4  Facsimile (310) 432-0001

5  Attorneys for PLAINTIFF
   JORGE GONZALEZ-DELRIO

6

7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **FOR THE COUNTY OF LOS ANGELES-CENTRAL**

11 JORGE GONZALEZ-DELRIO,                        Case No.:  BC522656

12                                               *[Assigned for all purposes to Hon. Rita Miller,*
          PLAINTIFF,                             *Dept. 16]*
13
                                                 **PLAINTIFF'S    NOTICE    OF    CASE**
14 vs.                                           **MANAGEMENT    CONFERENCE    AND**
                                                 **TRIAL SETTING CONFERENCE**
15 AIRCRAFT SERVICE INTERNATIONAL, a
   business entity unknown; AIRCRAFT SERVICE     Date: May 19, 2014
16 INTERNATIONAL, INC., a corporation;           Time: 8:45 a.m.
   CYNTHIA DOUGLAS, an individual; BBA           Dept. 16
17 AVIATION, a business entity unknown; and
   DOES 1 to 100, Inclusive.

18

19        DEFENDANTS.

20

21

22

23

24

25

26

27

28

_____
**PLAINTIFF'S NOTICE OF CASE MANAGEMENT CONFERENCE AND TRIAL SETTING CONFERENCE**
1

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the Court has set a Case Management Conference and Trial Setting Conference for May 19, 2014, at 8:45 a.m. in Department 16 of the Los Angeles Superior Court, located at 111 N. Hill Street, Los Angeles, CA 90012.

Dated: February 18, 2014

Respectfully submitted,

LAVI & EBRAHIMIAN, LLP

By: _____
N. Nick Ebrahimian, Esq.
Jordan D. Bello, Esq.
Attorneys for PLAINTIFF
JORGE GONZALEZ-DELRIO

PLAINTIFF'S NOTICE OF CASE MANAGEMENT CONFERENCE AND TRIAL SETTING CONFERENCE
2

1  GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL, et al.     CASE NO. BC522941

2                              PROOF OF SERVICE

3                  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4          I am an employee in the County of Los Angeles, State of California.  I am over the age of 18
   and not a party to the within action; my business address is 8889 West Olympic Blvd., Suite 200,
5  Beverly Hills, California 90211.

6          On February 18, 2014, I served the foregoing document, described as **"PLAINTIFF'S
   NOTICE   OF   CASE   MANAGEMENT   CONFERENCE   AND   TRIAL   SETTING
7  CONFERENCE"** on all interested parties in this action by placing a true copy thereof in a sealed
   envelope, addressed as follows:

8

9  | *Counsel for Defendants.* | |
   | --- | --- |
   | Michelle B. Abidoye, Esq. | |
   | FORDHARRISON, LLP | |
   | 350 S. Grand Ave., Suite 2300 | |
   | Los Angeles, CA 90071 | |

13  ☒       **(BY MAIL)**  As follows:

14          I placed such envelope, with postage thereon prepaid, in the United States mail at Los
    Angeles, California.

15          I am "readily familiar" with the firm's practice of collecting and processing correspondence
    for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that
16  same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary
    course of business.  I am aware that, on motion of the party served, service is presumed
17  invalid if the postal cancellation or postage meter date is more than one day after the date of
    deposit for mailing in this affidavit.

18

19  ☐       **(BY PERSONAL SERVICE)**  I caused such envelope to be delivered by hand to the
    attorney at the offices of the addressee.

20          I declare under penalty of perjury under the laws of the State of California that the
    aforementioned service information is true and correct.

21

22          Executed on February 18, 2014 at Beverly Hills, California.

23

24                                                          Arya Sanandaji

25

26

27

28

PLAINTIFF'S NOTICE OF CASE MANAGEMENT CONFERENCE AND TRIAL SETTING CONFERENCE
                                          3

**EXHIBIT P**

1  N. Nick Ebrahimian, Esq. (State Bar No. 219270)
   Jordan D. Bello, Esq. (State Bar No. 243190)
2  **LAVI & EBRAHIMIAN, LLP**
   8889 W. Olympic Blvd., Suite 200
3  Beverly Hills, California 90211
   Telephone (310) 432-0000
4  Facsimile (310) 432-0001

5  Attorneys for PLAINTIFF
   JORGE GONZALEZ-DELRIO

6

7

8

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10            **FOR THE COUNTY OF LOS ANGELES-CENTRAL**

11  JORGE GONZALEZ-DELRIO,              Case No.:  BC522656

12                                      *[Assigned for all purposes to Hon. Rita Miller,*
            PLAINTIFF,                  *Dept. 16]*
13
    vs.                                 **PROOF OF SERVICE OF SUMMONS AND**
14                                      **COMPLAINT ON DEFENDANT CYNTHIA**
    AIRCRAFT  SERVICE  INTERNATIONAL, a  **DOUGLAS**
15  business entity unknown; AIRCRAFT SERVICE
    INTERNATIONAL,     INC.,   a   corporation;
16  CYNTHIA DOUGLAS, an individual; BBA
    AVIATION, a business entity unknown; and
17  DOES 1 to 100, Inclusive.

18
            DEFENDANTS.
19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT CYNTHIA**
**DOUGLAS**
1

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff hereby submits the Proof of Service of Summons and Complaint on Defendant Cynthia Douglas. A true and correct copy of the proof of service is attached as Exhibit 1.

Dated: March 7, 2014

Respectfully submitted,

LAVI & EBRAHIMIAN, LLP

By: _____
N. Nick Ebrahimian, Esq.
Jordan D. Bello, Esq.
Attorneys for PLAINTIFF
JORGE GONZALEZ-DELRIO

PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT CYNTHIA DOUGLAS
2

# EXHIBIT 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>N. NICK EBRAHIMIAN, SBN 219270<br>8889 W OLYMPIC BLVD STE 200<br><br>BEVERLY HILLS       CA          90211<br>ATTORNEY FOR (Name)       Plaintiff | TELEPHONE NO.<br>(310) 432-0000 | FOR COURT USE ONLY |
|---|---|---|

| Insert of Court Name of Judicial District and Branch Court if any<br>ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER |
|---|

| SHORT TITLE OF CASE<br>GONZALEZ-DELRIO v AIRCRAFT |
|---|

| 2633120 | (HEARING) Date | Time | Dept<br>16 | Case Number:<br>BC522656<br>REFERENCE NO.<br>GONZALEZ-DELRIO v AIRCRAFT |
|---|---|---|---|---|

<div align="center">PROOF OF SERVICE OF SUMMONS</div>

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER
   SHEET ADDENDUM; DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC.'S
   ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT; PLAINTIFF'S NTC. OF
   CASE MANAGEMENT CONFERENCE & ORDER TO SHOW CAUSE HEARING;
   PLAINTIFF'S NTC. OF POSTING JURY FEES; REQUEST FOR DISMISSAL;NTC
   OF CASE ASSIGNMENT; VOLUTARY EFFICIENT LITIGATION STIPULATIONS
   PLAINTIFF'S MTC OF CASE MANAGEMENT CONFERENCE & TRIAL SETTING

3. a. PARTY SERVED:   CYNTHIA DOUGLAS, an individual

   CAN AMERICAN FEMALE 35YRS 5'7" 250LBS. BLACK HAIR BROWN EYES

   b. PERSON SERVED: PARTY IN ITEM 3A

4. c. ADDRESS:        3245 Hollypark Dr Apt 1
                      INGLEWOOD              CA          90305
5. I SERVED THE PARTY IN 3 A
      ON   2/19/2014 AT  8:19:00 PM
      a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   a. ON BEHALF OF: AS AN INDIVIDUAL DEFENDANT

   CYNTHIA DOUGLAS, an individual

UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CCP 415.10

| 7a. Person Serving:   Miguel Angel    Molina<br><br>b. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626<br><br>c. (714) 662-5555 | d. The fee for service was            $80.75<br>e. I am:<br>   (1)        not a registered California process server;<br>   (3) X    registered California process server:<br>       (i) Independent Contractor<br>       (i) Registration No:                         5414<br>       (l) County:   LOS ANGELES |
|---|---|

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct. Miguel Angel        Molina
   3/4/2014

                                                    X _____
                                                              SIGNATURE

Form Approved for Optional Use Judicial<br>Council of California<br>POS-010 [REV Jan 1 2007]     <div align="center">**PROOF OF SERVICE**</div>     CRC 982(A)(23)

<u>GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL, et al.</u>     CASE NO. BC522941

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 West Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On March 10, 2014, I served the foregoing document, described as **"PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON CYNTHIA DOUGLAS"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| *Counsel for Defendants:*<br><br>Michelle B. Abidoye, Esq.<br>FORDHARRISON, LLP<br>350 S. Grand Ave., Suite 2300<br>Los Angeles, CA 90071 | |

☒　**(BY MAIL)** As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐　**(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the attorney at the offices of the addressee.

I declare, under penalty of perjury under the laws of the State of California, that the aforementioned service information is true and correct.

Executed on March 10, 2014 at Beverly Hills, California.

Lorena Neri

---

**PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT CYNTHIA DOUGLAS**

3

# EXHIBIT Q

1  Michelle B. Abidoye, Bar No. 232782
   FORDHARRISON, LLP
2  350 South Grand Avenue, Suite 2300
   Los Angeles, CA  90071
3  Telephone:    (213) 237-2400
   Facsimile:    (213) 237-2401
4
   Attorneys for Defendants
5  AIRCRAFT SERVICE INTERNATIONAL, INC.,
   erroneously sued as AIRCRAFT SERVICE
6  INTENATIONAL, and SINTHIA ARUYA
   erroneously sued as CYNTHIA DOUGLAS
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF LOS ANGELES

10

11 JORGE GONZALEZ-DELRIO,              CASE NO.  BC 522656

12          Plaintiff,                 Assigned for All Purposes to
                                       Hon. Rita Miller, Dept. 16
13     v.
                                       DEFENDANT SINTHIA ARUYA'S
14 AIRCRAFT SERVICE                    DEMURRER TO PLAINTIFF'S
   INTERNATIONAL, a business entity    UNVERIFIED COMPLAINT
15 unknown; AIRCRAFT SERVICE
   INTERNATIONAL, INC., a corporation; Date:    July 18, 2014
16 CYNTHIA DOUGLAS, an individual;     Time:    9:00 a.m.
   BBA AVIATION, a business entity     Dept.:   16
17 unknown; and DOES 1 to 100, inclusive.

18          Defendants.

19

20     PLEASE TAKE NOTICE that on July 18, 2014 at 9:00 a.m., or as soon thereafter as the

21 matter may be heard in Department 16 of the above-captioned Court, located at 111 North Hill

22 Street, Los Angeles CA 90021, Defendant Sinthia Aruya erroneously sued as Cynthia Douglas

23 will move and hereby does move the Court for an order sustaining her demurrer to Plaintiff Jorge

24 Gonzales-DelRio's unverified complaint without leave to amend pursuant to Code of Civil

25 Procedure §§ 430.10(e) on the grounds that the complaint fails to state facts sufficient to

26 constitute a cause of action.

27 ///

28 ///
   WSACTIVELLP:6677237.1                    -1-
   /CASE No. BC 522656
              DEFENDANT ARUYA'S DEMURRER
                              DOCUMENT PRINTED ON RECYCLED PAPER

-198-

1   This demurrer is made on the following basis: the sixth cause of action against the

2   individual defendant Sinthia Aruya erroneously sued as Cynthia Douglas for CFRA Rights

3   Retaliation fails to state facts that constitute a cause of action against her because individuals

4   cannot be held liable for retaliation. Code Civ. Proc. § 430.10(e).

5   This demurrer will be based on this notice, the memorandum of points and authorities

6   submitted herewith, and such other oral and documentary evidence as this Court deems

7   appropriate to consider at or before the hearing on this matter.

Dated: March 20, 2014

Respectfully submitted,

FORD HARRISON LLP

By: _____

Michelle B. Abidoye
Attorneys for Defendants AIRCRAFT SERVICE
INTERNATIONAL, INC. and SINTHIA ARUYA

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:6677237.1
/CASE NO. BC 522656

-2-

DEFENDANT ARUYA'S DEMURRER
DOCUMENT PRINTED ON RECYCLED PAPER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Jorge Gonzales-DelRio's complaint against former Human Resources employee, Sinthia Aruya erroneously sued as Cynthia Douglas must be dismissed because it fails as a matter of law.  Plaintiff inappropriately names Aruya as a defendant in his sixth cause of action for California Family Rights Act ("CFRA") Rights Retaliation.   It is well settled that individuals cannot be liable for conduct within the scope of an employee's job performance, e.g., business or personnel management decisions.  As such, Aruya must be must be dismissed from this lawsuit with prejudice because the only claim that Plaintiff has pled against her is not a valid cause of action since she was not Plaintiff's employer.

### II.  PLAINTIFF'S ALLEGATIONS AGAINST ARUYA AS AN INDIVIDUAL

Plaintiff was employed as a ramp agent at Los Angeles International Airport and was employed by Aircraft Service International, Inc.  *See* Compl. ¶ 16.  Synthia Aruya worked for Aircraft Service International, Inc. as the Human Resources Manager during Plaintiff's employment.  *See* Compl. ¶ 21.  Plaintiff alleges seven causes of action in the complaint against Aircraft Service International, Inc. but only alleges one cause of action against Aruya, the sixth cause of action for CFRA Rights Retaliation.  *See* Compl. ¶¶ 106-120.

In his claim against Aruya, Plaintiff alleges that he took medical leave protected by CFRA for his own medical condition.  *See* Compl. ¶¶ 107-109.  Plaintiff alleges that he was released to return to work with restrictions.  *See* Compl. ¶ 112.  Plaintiff alleges that he spoke with Aruya about returning to work and that she informed Plaintiff he could not return unless he could provide a doctor's note without any work restrictions.  *See* Compl. ¶ 113.  Plaintiff further alleges that Aruya retaliated against Plaintiff by terminating his employment for taking a medical leave rather than returning him to work and providing a reasonable accommodation.  *Id.*

### III.  ARGUMENT

Code of Civil Procedure section 430.10(e) permits a party to demur to a pleading if the facts pled are insufficient to constitute a cause of action.  To test the sufficiency of a cause of action, the demurrer admits the truth of all material facts properly pled.  *Serrano v. Priest* (1971)

WSACTIVELLP:6677237.1                            -3-

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT ARUYA'S DEMURRER
DOCUMENT PRINTED ON RECYCLED PAPER

1    5 Cal.3d 584, 591. The sole issue raised by a general demurrer is whether the facts state a valid

2    cause of action. *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.

3        Plaintiff's sixth cause of action against Aruya fails as a matter of law and must be

4    dismissed with prejudice. The law is clear: individual supervisors are <u>not</u> liable for retaliation. It

5    is well established that non-employer individuals cannot be liable for conduct within the scope of

6    an employee's job performance (e.g., business or personnel management decisions). *See Jones v.*

7    *The Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 1173 [no individual liability for

8    retaliation under FEHA].); *see also Reno v. Baird* (1998) 18 Cal.4th 640, 645 [an aggrieved

9    individual has no FEHA claim against individual supervisors or coworkers who discriminate

10    against him or her.]. Moreover, "only an employer can be liable for the tort of wrongful

11    discharge in violation of public policy." *Khajavi v. Feather River Anesthesia Med. Group* (2000)

12    84 Cal.App.4th 32, 53.

13        Since the holding in *Jones*, several courts have confirmed that there is no individual

14    liability for retaliation. *See Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876

15    [supervisory employees are not personally liable for retaliation]; *see also Nadaf-Rahrov v.*

16    *Neiman Marcus Group, Inc.* (2008) 166 Cal.App.4th 952, 989 [dismissing retaliation claim

17    against plaintiff's human resources manager]; *see also Dagley v. Target Corp., Inc.*, 2009 U.S.

18    Dist. LEXIS 33749, *5-6 (C.D. Cal. March 31, 2009) [noting that California law requires that

19    there is no individual liability for retaliation]; *see also Scott v. Solano County Health & Soc.*

20    *Servs. Dep't*, 2008 U.S. Dist. LEXIS 75757, *48 (E.D. Cal. August 15, 2008) [dismissing

21    plaintiff's retaliation claim against supervisors].)

22        Additionally, CFRA claims may only be pled against an employer and not against

23    individual supervisors. Government Code section 12945.2 states "it shall be an unlawful

24    employment practice for any **employer** . . . " to deny qualified employees family care and

25    medical leave. "The CFRA makes it an unlawful employment practice for an **employer** of 50 or

26    more persons to refuse to grant an employee's request to take up to 12 workweeks in any 12-

27    month period for family care and medical leave. The CFRA also prohibits an **employer** to refuse

28    to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of his

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:6677237.1       -4-
/CASE NO. BC 522656
                        DEFENDANT ARUYA'S DEMURRER
                            DOCUMENT PRINTED ON RECYCLED PAPER

-201-

1    or her exercise of the right to family care and medical leave provided by § 12945.2. This

2    antidiscrimination provision prevents **employers** from counting CFRA leave as absences under a

3    no-fault attendance policy. Cal. Code Regs., tit. 2, § 7297.10, incorporating by reference, inter

4    alia, 29 C.F.R. § 825.220(d) (2008). (emphasis added); *see also Avila v. Continental Airlines,*

5    *Inc.* (2008) 165 Cal.App.4th 1237, 1253-1254. Accordingly, Aruya cannot be held liable as a

6    matter of law for retaliation or a violation of CFRA.

7         While leave to amend is proper where the plaintiff can amend the complaint, a demurrer is

8    properly sustained without leave to amend where the issues are legal, and the plaintiff cannot

9    state a cause of action as a matter of law. "Leave to amend should be denied where the facts are

10   not in dispute and the nature of the claim is clear, but no liability exists under substantive law."

11   *Lawrence v. Bank of America* (1985) 163 Cal.App.3d 431, 436; *See also Schonfeldt v. State of*

12   *Calif.* (1998) 61 Cal.App.4th 1462, 1465 [stating that a judgment on the pleadings should be

13   granted if there is no liability as a matter of law].

14   **IV.   CONCLUSION**

15        For the foregoing reasons, Aruya respectfully requests this Court sustain the demurrer in

16   its entirety and dismiss Aruya from this lawsuit with prejudice.

17

18

19   Dated: March 20, 2014                    Respectfully submitted,

20                                            FORD HARRISON, LLP

21

22   By: _____

23                                            Michelle B. Abidoye
                                              Attorneys for Defendants AIRCRAFT SERVICE
24                                            INTERNATIONAL, INC. and SINTHIA ARUYA

25

26

27

28

WSACTIVELLP:6677237.1                                    -5-
/CASE No. BC 522656
                                        DEFENDANT ARUYA'S DEMURRER
                                        DOCUMENT PRINTED ON RECYCLED PAPER

## PROOF OF SERVICE

I, Anne Moreno, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On March 20, 2014, I served a copy of the within document(s):

### DEFENDANT SINTHIA ARUYA'S DEMURRER TO PLAINTIFF'S UNVERIFIED COMPLAINT

☐ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

N. Nick Ebrahimian, Esq.                Attorneys for Plaintiff JORGE
Jordan D. Bello, Esq.                   GONZALEZ-DELRIO
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, CA 90211
Telephone:      (310) 432-0000
Facsimile:      (310) 432-0001

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 20, 2014, at Los Angeles, California.

_____
Anne Moreno

WSACTIVELLP:6677237.1                          -6-
/CASE No. BC 522656

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT ARUYA'S DEMURRER
DOCUMENT PRINTED ON RECYCLED PAPER

-203-

**EXHIBIT R**

1  N. Nick Ebrahimian, Esq. (State Bar No. 219270)
   Jordan D. Bello, Esq. (State Bar No. 243190)
2  **LAVI & EBRAHIMIAN, LLP**
   8889 W. Olympic Blvd., Suite 200
3  Beverly Hills, California 90211
   Telephone (310) 432-0000
4  Facsimile (310) 432-0001

5  Attorneys for PLAINTIFF
   JORGE GONZALEZ-DELRIO

6

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR THE COUNTY OF LOS ANGELES-CENTRAL

11 JORGE GONZALEZ-DELRIO,              Case No.: BC522656

12                                     *[Assigned for all purposes to Hon. Rita Miller,*
          PLAINTIFF,                   *Dept. 16]*
13
   vs.
14                                     **OPPOSITION TO DEFENDANT ARUYA'S**
   AIRCRAFT SERVICE INTERNATIONAL, a   **DEMURRER      TO      PLAINTIFF'S**
15 business entity unknown; AIRCRAFT SERVICE  **UNVERIFIED COMPLAINT**
   INTERNATIONAL, INC., a corporation;
16 CYNTHIA DOUGLAS, an individual; BBA  **[TELEPHONE APPEARANCE]**
   AVIATION, a business entity unknown; and
17 DOES 1 to 100, Inclusive.           Date: July 18, 2014
                                       Time: 9:00 a.m.
18                                     Dept. 16
          DEFENDANTS.
19

20

21

22

23

24

25

26

27

28

          **OPPOSITION TO DEFENDANT ARUYA'S DEMURRER TO PLAINTIFF'S**
                          **UNVERIFIED COMPLAINT**
                                   1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION.

Contrary to Defendant's claim, the law regarding individual liability for retaliation under the California Family Rights Act ("CFRA") is not settled under California law. The case law upon which Defendant relics, *Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158 and *Reno v. Baird* (1998) 18 Cal.4th 640, did not address the argument that an individual can be held liable under the CFRA. In *Reno v. Baird* (1998) 18 Cal.4th 640 and *Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, the Supreme Court addressed the issue of individual liability under the general retaliation provisions of the Fair Employment and Housing Act ("FEHA"). For guidance, the Court looked to the FEHA's federal analogue, Title VII, which does not allow for individual liability. But the Court did not address the issue of individual liability under the CFRA. Accordingly, the Court did not look to the CFRA's federal analogue, the Family Medical Leave Act (FMLA), or the interpretive regulations of the Fair Employment and Housing Commission (FEHC) which make clear that—unlike the general retaliation provisions of the FEHA—individual liability does exist for retaliation under the CFRA.

### II.   CALIFORNIA LAW PERMITS NAMING INDIVIDUAL DEFENDANTS ON A CFRA RETALIATION CLAIM.

The interpretation of the CFRA's specific retaliation provisions—which stand in marked contrast to the general FEHA retaliation provisions considered in the cases to which Defendant cites—do permit naming individuals as proper defendants. Three key points—which are expanded on below—lead to this conclusion.

First, the FMLA provides for individual liability for retaliation.

Second, after the passage of the FMLA, the CFRA was amended in multiple respects to conform to the FMLA. In all respects, the CFRA parallels or exceeds the protections granted by the FMLA.

Third, the CFRA's interpretive regulations confirmed that after the enactment of the FMLA, the CFRA also provides for individual liability for retaliation.

#### A.   The FMLA Provides For Individual Liability For Retaliation.

---

**OPPOSITION TO DEFENDANT ARUYA'S DEMURRER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

2

The FMLA specifically provides for individual liability for any FMLA violation. (29 U.S.C. §2611(4)(A)(II)(i) [defining "employer" as including "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer"]; 29 C.F.R. §825.104(d) ["An 'employer' includes any person who acts directly or indirectly in the interest of an employer to any of the employer's employees."].)

Consistent with the language of the statute and the interpretative regulation—which both impose individual liability not just on the employing entity ("Employer") but also on individuals ("any other person")—federal courts uniformly hold that individuals are liable for FMLA retaliation. (See *e.g.*, *Mitchell v. Chapman* (6th Cir. 2003) 343 F.3d 811, 828 [collecting cases holding individual liability applies to FMLA violations]; *Xin Liu v. Amway Corp.* (9th Cir. 2003) 347 F.3d 1125, 1133, n. 7; *Mercer v. Borden* (C.D. 1998) 11 F.Supp.2d 1190 ["...the Court holds that individuals are potentially subject to liability under the FMLA. The plain language of the FMLA compels this result."]; see also *Ossip & Hale, The Family & Medical Leave Act* (BNA Books), §2.VII, pp. 70-71 ["An overwhelming majority of courts have held that individuals in the private sector can be personally liable under the FMLA. The courts have applied these principals to find, for example, corporate officers, human resources directors, and managers to have sufficient control over employees, making them individually liable under the FMLA."].)

As demonstrated immediately following, the same result must follow under the CFRA because the California's Legislature intended that the CFRA would parallel or exceed—but not fall below—the FMLA, and the FEHC's interpretive regulations directly confirm that the CFRA provides for individual retaliation liability just as does the FMLA.

**B.  The CFRA's Interpretive Regulations Clearly Provide For Individual CFRA Retaliation Liability, Which Is Entirely Consistent With The Fact That The Legislature Amended The CFRA To Parallel Or Exceed—But Not Fall Below—The FMLA.**

In 1991, the California Legislature enacted the CFRA in its original form. (1991 Cal. Legis. Serv. Ch. 462 (A.B. 77).) In February of 1993, two years later, Congress enacted the Family Medical Leave Act (FMLA). (29 U.S.C. § 2601(b).)

On February 5, 1993 – almost immediately after Congress enacted the FMLA – the

---

**OPPOSITION TO DEFENDANT ARUYA'S DEMURRER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

3

California Legislature moved quickly to amend the CFRA to conform it to the FMLA in areas where the FMLA had exceeded employee protections offered by the CFRA. (*Tomlinson v. Qualcomm, Inc.* (2002) 97 Cal. App. 4th 934, 941, n. 7 ["1993 amendments to CFRA [were] made to conform certain provisions of CFRA to provisions of FMLA"].) This detailed legislative enactment included multiple different conforming amendments to ensure that the CFRA tracked or paralleled the FMLA – other than in situations where the CFRA exceeds the FMLA. (1993 Cal. Legis. Serv. Chap. 827 (A.B. 1460).)

As part of these FMLA-conforming amendments, the Legislature expressly reaffirmed the right of the Fair Employment and Housing Commission (FEHC) to enact CFRA-interpretative regulations. (1993 Cal. Legis. Serv. Chap. 827 (A.B. 1460), p. 3.) But, even before the 1993 amendments, the FEHC was authorized by Legislative mandate to "interpret, implement, and apply" the CFRA. (Gov. Code §12935(a).)

Consistent with the Legislature's FMLA-conforming amendments to the CFRA, and the Legislature's re-affirmation of the FEHC's authority to adopt CFRA regulations, on February 9, 1993, less than five (5) days after Congress enacted the FMLA with its imposition of personal liability on individual supervisors, the FEHC promulgated a new regulation which unmistakably confirms that CFRA retaliation liability extends to an individual ("any person") who engages in CFRA-prohibited retaliation. (2 Cal. Code Regs. §7297.7.) This regulation states:

> [I]t shall be an unlawful employment practice for *any person* to discharge, fine, suspend, expel, punish, refuse to hire, or otherwise discriminate against any individual, except as otherwise permitted in this subchapter, because that individual has: (a) exercised his or her right to CFRA leave. ...

(2 Cal. Code Regs. §7297.7 [italics added].)

Because both the CFRA regulation and the FMLA use similar language ("any other person" and "any person"), and because this FMLA language has been interpreted to impose individual liability for retaliation, a comparison of the FMLA's language to the language of the CFRA's regulation confirm that the latter, like the former, provides for individual liability for retaliation.

Additional support for the notion that the CFRA should be construed similarly to the FMLA, including on the question of individual liability for retaliation, is found in the FEHC's incorporation

**OPPOSITION TO DEFENDANT ARUYA'S DEMURRER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

4

of most FMLA regulations into the CFRA. Another CFRA regulation specifically provides that "[t]o the extent that they are not inconsistent with this subchapter, other state law or the California Constitution, the Commission incorporates by reference the federal regulations interpreting the FMLA issued January 6, 1995 (29 CFR Part 825), which govern any FMLA leave which is also a leave under this subchapter." (2 Cal. Code Regs. §7297.10.) The CFRA's express incorporation of these FMLA regulations, too, confirms the intent to interpret the CFRA and the FMLA identically on the question of individual liability for retaliation.

Finally, yet additional support for the notion that the CFRA provides for individual liability for retaliation comes from a comparison of the CFRA-specific regulation to the general, non-CFRA FEHA retaliation regulation. This comparison shows a marked contrast between the CFRA retaliation regulations and the general FEHA regulations. Individual liability is imposed in the former, but not the latter – which further confirms the intent to conform the CFRA to the FMLA in this respect.

The FEHC's general, non-CFRA retaliation regulation states:

> (a) Retaliation Generally. It is unlawful for an employer or other covered entity to demote, suspend, reduce, face to hire or consider for hire ... adversely affect working conditions or otherwise deny any employment benefit to an individual because that individual has opposed practices prohibited by the Act or has filed a complaint, testified, assisted or participated in any in an investigation, proceeding, or hearing conducted by the Commission or Department or their staffs.

(2 Cal. Code Regs. §7287.8(a).)

Thus, the general FEHA regulations do not impose liability on individuals, but only on "an employer or other covered entity."

In marked contrast, the FEHC's CFRA retaliation regulation expressly imposes liability on "any person" who commits CFRA retaliatory conduct – not simply on "employers." (2 Cal. Code Regs. §7297.7.) Moreover, the CFRA regulation states on its face that it imposes duties "[i]n addition to the retaliation prohibited by Government Code section 12940, subdivision (f), and section 7287.8 of the regulations," thus confirming that the CFRA should be construed independent of general FEHA retaliation provisions. (2 Cal. Code Regs. §7297.7.)

---

**OPPOSITION TO DEFENDANT ARUYA'S DEMURRER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

5

The California Supreme Court has declared that the FEHC's administrative regulations must be given "great weight" or "substantial weight," and are to be followed unless they are "clearly erroneous." (*Colmenares v. Braemar Country Club, Inc.* (2003) 29 Cal.4th 1019, 1029-1013.) As a legislatively-mandated administrative regulation, the FEHC's CFRA regulation is "presumptively valid, and if there is a reasonable basis for it, a reviewing court will not substitute its judgment for that of the administrative body" because "the role of the reviewing court is limited to the legality rather than the wisdom of the challenged regulation." (*Tomlinson*, 97 Cal.App.4th at 940-941.)

Here, the conclusion is inescapable that the Legislature – and the FEHC acting upon its legislative mandate to "interpret, implement, and apply" the CFRA – intended to conform the CFRA to the FMLA on the question of individual liability for retaliation. The FEHC regulation cannot be deemed "clearly erroneous" because it simply does that which the 1993 CFRA amendments themselves do: conform the CFRA to the FMLA so that the former is equal to or more protective of employee rights.

### C. The Primary Case Law Cited By Defendant Applies To General FEHA Retaliation Claims—Not CFRA Retaliation Claims.

Defendant cites to *Jones v. Lodge at Torrey Pines Partnership* and *Reno v. Baird*, which Defendant alleges support its claim that an individual Defendant cannot be liable under the CFRA. (Demurrer 4:3-10.) However, these cases are inapposite. *Jones* and *Reno*, upon which the *Jones* Court relied, dealt with the FEHA's general retaliation or discrimination provisions, not the unique CFRA retaliation provisions.

In *Reno v. Baird* (1998) 18 Cal.4th 640 ("*Reno*"), the Court held that individual managers are not liable for discrimination under the FEHA's general discrimination provision (Government Code section 12940(a)). (*Reno*, 18 Cal.4th at 643.) Tellingly, in analyzing whether there should be individual liability under the FEHA's general non-discrimination statute, the California Supreme Court considered the fact that federal discrimination laws (*e.g.*, Title VII, ADA, etc.) similarly *do not provide for individual liability for discrimination.* (*Id.* at 661-662.) Finding a "clear consensus" had developed under federal law rejecting individual liability for simple discrimination, the *Reno* Court construed the FEHA's general discrimination provisions similarly to reject individual

---

**OPPOSITION TO DEFENDANT ARUYA'S DEMURRER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

6

1    liability. (*Id.* at 647-650 [noting a "clear consensus" under federal discrimination statutes that

2    individuals cannot be held personally liable)]; see also *id.* at 661 ["federal circuit court decisions

3    now overwhelmingly find no individual liability" on general discrimination claims].) Thus, the

4    Court concluded: "We conclude that the FEHA, like similar federal statutes, allows persons to sue

5    and hold liable their employers, but not individuals." (*Id.* at 643.)

6           Two key points emerge from *Reno.*

7           First, if anything, *Reno* supports Plaintiff's argument that the analogous statutory schemes

8    (state and federal) should be construed similarly if susceptible to such an interpretation. In *Reno*, the

9    federal analogues did not provide for individual liability and, thus, the California Supreme Court

10   similarly interpreted the FEHA's general discrimination provisions to conform with analogous

11   federal law. (*Reno*, 18 Cal.4th at 643.) Here, of course, applying this same reasoning produces the

12   opposite conclusion: just like the FMLA provides for individual retaliation liability, so too should

13   the CFRA.

14          Second, *Reno* addressed the general FEHA's non-discrimination statute found in

15   Government Code section 12940(a). It did not address the unique and different language found in

16   the FEHC's interpretative regulation governing CFRA-retaliation. In short, *Reno* simply interpreted

17   a different, non-analogous statute. It thus provides no support for interpreting the distinct issue of

18   CFRA individual liability. (See *Mielke v. ConocoPhillips Co.*, no. C04-5502 THE, 2005 U.S. Dist.

19   LEXIS 11262, 2005 WL 1039075 at *2-6 [noting different language in CFRA regulation which

20   "may allow a sufficient basis for a court to find that retaliation under the CFRA lies outside the

21   scope of Reno."].)

22          Like *Reno*, *Jones* did not address any issue under the CFRA, but instead addressed whether

23   there is individual liability for general FEHA (non-CFRA) retaliation under Government Code

24   section 12940(h). *Jones* itself specifically limits its holding to this particular statute: "[W]e conclude

25   that the employer is liable *under section 12940, subdivision (h)*, but nonemployer individuals are not

26   personally liable for their role in that retaliation." (*Jones*, 42 Cal.4th at 1173 [italics added].)

27          Moreover, as we detailed above, the regulations governing general FEHA retaliation versus

28   those governing CFRA-specific retaliation are markedly different on the question of individual

**OPPOSITION TO DEFENDANT ARUYA'S DEMURRER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

7

liability. (Compare 2 Cal. Code Regs. §7287.8(a) with §7297.7.) Thus, a decision construing the general FEHA retaliation provisions (*Jones*) is not authority for construing the distinct CFRA retaliation provisions (the issue in our case).

In short, *Reno* and *Jones* do not control on this issue and the FMLA and the interpretive FEHC regulations make clear that—unlike the general retaliation provisions of the FEHA—individual liability does exist for retaliation under the CFRA.

**D. The Additional Case Law Cited By Defendant Does Not Constitute California Authority On Individual Liability For Retaliation Under the CFRA.**

Defendant claims that "since the holding in *Jones,* several courts have confirmed that there is no individual liability for retaliation" and cites to two California cases and two federal cases.

Defendant cites *Khajavi v. Feather River Anesthecsia Med. Group* for the proposition that only an employer can be liable for the tort of wrongful termination in violation of public policy. (Opposition 4:10-12) However, Plaintiff did not include Defendant within her cause of action for wrongful termination in violation of public policy. Plaintiff has only included Defendant within her claim for CFRA retaliation. (Complaint p. 19:15-19, 22:1-4 [individual defendant only included as defendant in sixth cause of action for CFRA retaliation and not in seventh cause of action for wrongful termination in violation of public policy].) Accordingly, this case is not relevant.

Defendant cites to *Miklosy v. Regents of University of California* as being relevant to the analysis here without providing any pin cite or analysis. (Opposition p. 4:13-15.) *Miklosy* did not involve issues of individual liability for retaliation under the CFRA. Rather, in determining that there is no supervisor liability for a cause of action of wrongful termination in violation of public policy based on the California Whistleblower Protection Act and Labor Code 6310, the Court merely acknowledged that in *Jones* the Court held there was no supervisor liability for retaliation under the general retaliation provisions of the FEHA. (*Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 889-899, 901.) *Miklosy* did not address individual liability for retaliation under the CFRA.

*Nadaf-Rahrov v. Neiman Marcus Group, Inc.,* also cited by Defendant, did not involve a claim for retaliation under the CFRA and only involved discrimination claims of retaliation under

**OPPOSITION TO DEFENDANT ARUYA'S DEMURRER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

8

the general retaliation provisions of the FEHA. (*Nadaf-Rahrov v. Neiman Marcus Group, Inc.* (2008) 166 Cal.App.4th 952, 960.) The *Nadaf-Rahrov* court's only reference to nonemployer liability for retaliation was to recognize that in *Jones* the Court held there was no supervisor liability for retaliation under the general retaliation provisions of the FEHA. (*Id.* at 989.)

Dagley v. Target Corporation, also cited by Defendant, in addition to being nonbinding federal authority, did not involve a claim for retaliation under the CFRA, only involved discrimination claims of retaliation under the general retaliation provisions of the FEHA, and only referenced nonemployer liability for retaliation by recognizing that in *Jones* the Court held there was no supervisor liability for retaliation under the general retaliation provisions of the FEHA. (*Dagley v. Target Corp.* (C.D. Cal. Mar. 31, 2009, no. CV 09-1330) 2009 U.S. Dist. LEXIS 33749, *5-6.)

Finally, *Scott v. Solano County Health & Soc. Servs. Dep't.* cited by Defendant, in addition to being nonbinding federal authority, did not involve a claim for retaliation under the CFRA, only involved discrimination claims of retaliation under the general retaliation provisions of the FEHA, and only referenced nonemployer liability for retaliation by recognizing that in *Jones* the Court held there was no supervisor liability for retaliation under the general retaliation provisions of the FEHA. (*Scott v. Solano County Health & Soc. Servs. Dep't v. Target Corp.* (E.D. Cal. Aug..15, 2008, no. 06-1216) 2008 U.S. Dist. LEXIS 75757, *47-49.)

## III.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the Court deny Defendant's Demurrer to Plaintiff's Complaint.

Dated: July 3, 2014                    Respectfully submitted,

                                       LAVI & EBRAHIMIAN, LLP

                                       By: _____
                                           N. Nick Ebrahimian, Esq.
                                           Jordan D. Bello, Esq.
                                           Attorneys for PLAINTIFF
                                           JORGE GONZALEZ-DELRIO

---

**OPPOSITION TO DEFENDANT ARUYA'S DEMURRER TO PLAINTIFF'S
UNVERIFIED COMPLAINT**

9

GONZALEZ-DELRIO v. AIRCRAFT SERVICE INTERNATIONAL, et al.     CASE NO. BC522941

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 8889 West Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On July 3, 2014, I served the foregoing document, described as **"OPPOSITION TO DEFENDANT ARUYA'S DEMURRER TO PLAINTIFF'S UNVERIFIED COMPLAINT"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| Counsel for Defendants: | |
|---|---|
| Michelle B. Abidoye, Esq.<br>FORDHARRISON, LLP<br>350 S. Grand Ave., Suite 2300<br>Los Angeles, CA 90071 | |

☒  **(BY MAIL)**  As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business.  I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐  **(BY PERSONAL SERVICE)**  I caused such envelope to be delivered by hand to the attorney at the offices of the addressee.

I declare under penalty of perjury under the laws of the State of California that the aforementioned service information is true and correct.

Executed on July 3, 2014 at Beverly Hills, California.

Arya Sanandaji

---

**OPPOSITION TO DEFENDANT ARUYA'S DEMURRER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

10

# EXHIBIT S

1   Michelle B. Abidoye, Bar No. 232782
    David L. Cheng, Bar No. 240926
2   FORDHARRISON, LLP
    350 South Grand Avenue, Suite 2300
3   Los Angeles, CA 90071
    Telephone:    (213) 237-2400
4   Facsimile:    (213) 237-2401

5   Attorneys for Defendants
    AIRCRAFT SERVICE INTERNATIONAL, INC.,
6   erroneously sued as AIRCRAFT SERVICE
    INTERNATIONAL, and SINTHIA ARUYA
7   erroneously sued as CYNTHIA DOUGLAS

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF LOS ANGELES

10

11  JORGE GONZALEZ-DELRIO,              CASE NO.  BC 522656

12          Plaintiff,                  Assigned for All Purposes to
                                        Hon. Rita Miller, Dept. 16
13      v.
                                        **DEFENDANT SINTHIA ARUYA'S REPLY
14  AIRCRAFT SERVICE                    IN SUPPORT OF DEMURRER TO
    INTERNATIONAL, a business entity    PLAINTIFF'S UNVERIFIED COMPLAINT**
15  unknown; AIRCRAFT SERVICE
    INTERNATIONAL, INC., a corporation; Date:    July 18, 2014
16  CYNTHIA DOUGLAS, an individual;     Time:    9:00 a.m.
    BBA AVIATION, a business entity     Dept.:   16
17  unknown;[1] and DOES 1 to 100, inclusive.

18          Defendants.

19

20

21

22

23

24

25

26

27

28  _____
    [1] BBA Aviation was dismissed on February 14, 2014.
    WSACTIVELLP.691.715.1

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. BC 522656
            DEFENDANT ARUYA'S REPLY IN SUPPORT OF DEMURRER
                                        DOCUMENT PRINTED ON RECYCLED PAPER

## I.   INTRODUCTION

Contrary to Plaintiff Jorge Gonzales-DelRio's contentions, California law is well-settled that there is *no* individual liability under the California Family Rights Act ("CFRA").   *See Nazir v. United Airlines*, 178 Cal. App. 4th 243, 250, 287 (2009) (holding that there is no individual supervisor liability under CFRA).   In fact, the arguments presented in Plaintiff's opposition are identical to the ones previously rejected by several courts.   *See, e.g., Lewis v. Home Depot U.S.A., Inc.*, No. C-12-6354, 2013 WL 843089, *1-*2 (N.D. Cal. Mar. 6, 2013); *Wong v. Thomson Reuters (Mkts.) LLC*, No. C 11-02864, 2011 WL 2912900, *3 (N.D. Cal. Jul. 20, 2011); *Corrales v. United Rentals, Inc.*, No. CV 10-2520, 2010 WL 2380875, *2-*3 (C.D. Cal. May 28, 2010); *Bedwell v. Fish & Richardson, P.C.*, No. 07cv65, 2008 U.S. Dist. LEXIS 60345, *8-*9 (S.D. Cal. Aug. 6, 2008); *McLaughlin v. Solano County*, No. 2:07-cv-02498, 2008 WL 2977959, *3 (E.D. Cal. Jul. 28, 2008); *Miskuski v. Crescent Heights of Am., Inc.*, 2007 U.S. Dist. LEXIS 37223, *14 (S.D. Cal. May 21, 2007).

Although Plaintiff desperately attempts to argue otherwise, the CFRA is unambiguous. The CFRA, unlike the Family Medical Leave Act ("FMLA"), clearly defines "employer" as one who "employs 50 of more persons to perform services for a wage or salary."   Gov't Code § 12945.2(c)(2)(A).   By its plain language, the statute precludes individual liability, and, as a result, any CFRA claim brought against a person who does not meet the CFRA's definition of "employer" must fail as a matter of law.

Additionally, Plaintiff's argument that a supervisor or other employee can be held individually liable based on a regulation promulgated by the California Fair Employment and Housing Commission ("FEHC"), 2 Cal. Code Regs. § 7297.7,[2] is unavailing—first, because the regulation is inapposite on whether it actually allows personal liability to attach; second, because interpreting the FEHC regulation, in any event, to impose liability on "any person" regardless of employer status would be inconsistent with the governing statute and would render the CFRA's definition of "employer" meaningless.   As such, defendant Sinthia Aruya ("Aruya") must be must

---

[2] Title 2 of the California Code of Regulations was recently renumbered on October 3, 2013. Former section 7297.7 has now been renumbered to new section 11094.   For ease of reference, the Reply shall refer to Section 11094 as the "FEHC regulation."

WSACTIVELLP:6911715.1                                      -1-

/CASE NO. BC 522656
FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES                              DEFENDANT ARUYA'S REPLY IN SUPPORT OF DEMURRER
                                         DOCUMENT PRINTED ON RECYCLED PAPER

-217-

1  be dismissed from this lawsuit with prejudice because the only claim that Plaintiff has pled

2  against her is not a valid cause of action since she was not Plaintiff's employer.

3         There is little doubt that the sole reason Plaintiff individually sued Aruya was to destroy

4  federal diversity jurisdiction between Plaintiff and defendant Aircraft Service International, Inc.

5  ("ASII"). The inclusion of Aruya, a human resources manager for ASII, in this lawsuit is a

6  classic example of a "sham" defendant in the employment-litigation context. Because Plaintiff

7  cannot allege a viable claim of CFRA retaliation against Aruya individually, Aruya respectfully

8  requests that the Court sustain Aruya's demurrer on Plaintiff's sixth cause of action without leave

9  to amend.

10  **II.    ARGUMENT**

11       **A.    The Plain Meaning of the CFRA Does Not Impose Personal Liability on**

12         **Defendant**

13         In both his complaint and Opposition to the Demurrer, Plaintiff fails to address the

14  specific portion of the CFRA statute on which he bases his retaliation claim against Aruya. (*See*

15  Complaint at ¶¶ 106-120; *see generally* Opp. [citing only the FMLA, and the FEHC regulation].)

16  These omissions are not insignificant, as they demonstrate Plaintiff's recognition that the

17  statutory language is fatal to his CFRA retaliation claim.

18         The section of the CFRA under which Plaintiff seeks to impose individual liability to

19  Aruya makes it unlawful employment practice for:

20      [A]n **employer** to refuse to hire, or to discharge, fine, suspend, expel, or
    discriminate against, any individual because of any of the following: (1) An

21      individual's exercise of the right to family care and medical leave ... [or] (2) An
    individual's giving information or testimony as to his or her own family care and

22      medical leave ... in any inquiry or proceeding related to rights guaranteed under

23      this section.

24  Gov't Code § 12945.2(l) (emphasis added). The statute also explicitly defines "employer" as one

25  who "employs 50 or more persons to perform services for a wage or salary." *Id.* at

26  § 12945.2(c)(2)(A). Accordingly, the express language of the CFRA is clear: only an "employer"

27  may be held liable. Unless an individual supervisor or employee him/herself directly employs

28  more than 50 persons, he or she cannot be held liable for retaliation under the CFRA. Several

WS.ACTIVELLP:6911715.1
/CASE NO. BC 522656

-2-

DEFENDANT ARUYA'S REPLY IN SUPPORT OF DEMURRER
DOCUMENT PRINTED ON RECYCLED PAPER

1    courts have reached the same conclusion. *See, e.g., Lewis*, 2013 WL 843089 at *1-*2; *Corrales*,

2    2010 WL 2380875 at *2-*3; *Bedwell*, 2008 U.S. Dist. LEXIS 60345 at *8-*9; *McLaughlin*, 2008

3    WL 2977959 at *3; *Miskuski*, 2007 U.S. Dist. LEXIS 37223 at *14; *cf. Faust v. Cal. Portland*

4    *Cement Co.*, 150 Cal. App. 4th 864, 885 (2007) (showing that a *prima facie* CFRA retaliation

5    case specifically contemplates that the defendant be an employer as that term is defined by the

6    CFRA).

7         Here, Plaintiff's complaint does not allege Aruya employed Plaintiff, let alone employed

8    50 of more persons under the meaning of the CFRA. In fact, Plaintiff's Complaint concedes that

9    Aruya was only a human resources manager for ASII. (*See, e.g.*, Complaint at ¶¶ 6, 21, 33, 49,

10   64, 79, 97, 113, 130). Based on these allegations, Aruya clearly does not fall within the CFRA's

11   definition of "employer," and therefore, cannot be held individually liable under a CFRA

12   retaliation theory.

13        **B.    The Only California Case to Have Addressed the Issue Has Held that a**
              **Supervisor May Not Be Held Individually Liable Under the CFRA**
14

15        Plaintiff argues that the authorities cited in Aruya's demurrer, including the California

16   Supreme Court case of *Jones v. The Lodge at Torrey Pines*, 42 Cal. 4th 1158 (2008) are

17   inapposite because the authorities related to different statutes, primarily the Fair Employment and

18   Housing Act ("FEHA"). (*See* Opp. at 6-9.) But just because the authorities related primarily to

19   FEHA does not make those authorities any less persuasive. *Cf. Corrales*, 2010 WL 2380875 at

20   *3 (citing *Jones* and stating that Section 12940 of the FEHA incorporates the CFRA). For

21   example, in *Jones*, the California Supreme Court found that individual supervisors could not be

22   held liable for retaliation despite the use of the word "person" in the FEHA provision. 42 Cal. 4th

23   at 1173. In so finding, the California Supreme Court identified certain policy rationales for its

24   decision, including the fact that holding individual supervisors liable would potentially punish

25   supervisors that cannot avoid personnel decisions, hold individual supervisors liable for collective

26   corporate employment decisions, and subject individual supervisors to the threat of a lawsuit after

27   every personnel decision. *See id.* at 1167. These rationales apply to the CFRA as well as the

28   FEHA.

WSACTIVELLP 6911715.1                          -3-
/CASE NO. BC 522656
                              DEFENDANT ARUYA'S REPLY IN SUPPORT OF DEMURRER
                                          DOCUMENT PRINTED ON RECYCLED PAPER

1    Indeed, the only state court to have addressed the issue of individual CFRA liability has

2    held that a supervisor may not be held individually liable. *See Nazir*, 178 Cal. App. 4th at 250,

3    287. In *Nazir*, the plaintiff sued United Airlines and his individual supervisor for retaliation in

4    violation of both the CFRA and the FEHA, among other claims. *See id.* at 250. The California

5    Court of Appeal, citing *Jones*, affirmed summary adjudication on the retaliation claims as to the

6    plaintiff's supervisor because "[t]here is ... no individual liability for retaliation." *Id.* at 287. By

7    citing *Jones*, the *Nazir* court implicitly found the rationale of *Jones* to apply to the CFRA as well.

8    *Lewis*, 2013 WL 843089 at *2-*3. As with FEHA, individual supervisor liability under the

9    CFRA would force employees to choose between loyalty to their employers and their personal

10   interests in avoiding lawsuits.

11   **C.   The FMLA is Inapposite**

12       In his Opposition, Plaintiff attempts to avoid direct discussion of the CFRA's express

13   provisions and contends that because individual liability is possible under the FMLA, such

14   liability would exist under the CFRA by extension. (*See* Opp. at 2-3.)

15       However, Plaintiff ignores the fact that the term "employer" under the FMLA has a much

16   more expansive definition. Specifically, the FMLA specifically defines "employer" to not only

17   include "any person ... who employs 50 or more employees," but also "any person who acts,

18   directly, or indirectly, in the interest of an employer to any of the employees of such employer."

19   29 U.S.C. § 2611(4)(A)(ii)(I). By its very definition, the FMLA would allow for individual

20   liability. The FMLA's definition, however, stands in direct contrast to the CFRA's more limited

21   definition of "employer." *See Lewis*, 2013 WL 843089 at *2 (rejecting the same argument

22   currently being made by Plaintiff).

23       Plaintiff's reference to the California Legislature's conforming amendments in 1993 (*see*

24   Opp. at 3-4) cannot salvage his argument. As a threshold matter, because the express language of

25   the CFRA is clear and unambiguous, there is no need to consult the legislative history. *See, e.g.,*

26   *Lonicki v. Sutter Health Cent.*, 43 Cal. 4th 201, 209-10 (2008). Even so, as noted in his

27   Opposition, the "'1993 amendments to CFRA [were] made to conform certain provisions of

28   FMLA.'" (Opp. at 4 [quoting *Tomlinson v. Qualcomm, Inc.*, 97 Cal. App. 4th 934, 941 n.7

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:6911715.1
//CASE NO. BC 522656

-4-

1  (2002)].)  What Plaintiff fails to mention is that in this effort, the Legislature left *untouched* the

2  CFRA's limited definition of who could be liable for retaliation.  Accordingly, the amendments

3  are unhelpful to Plaintiff, and, in fact, are harmful given that the Legislature's intentional decision

4  to amend certain portions of the CFRA, but not the statute's definition of "employer,"

5  demonstrates its intention not to allow liability for individual defendants.

6      **D.**    <u>**Plaintiff's Reliance of the FEHC's Regulations is Not Persuasive and**</u>

7                  <u>**Previously Has Been Rejected**</u>

8        Plaintiff further contends that Aruya can be held individually liable based on the FEHC

9  regulation.  (*See* Opp. at 4-6.)  But this argument is unavailing.

10        First, the FEHC regulation simply reflects that a "person" can be held individually liable.

11  This is consistent with Section 12945.2(c)(2)(A), which states than employer can be a person.

12  But simply because an employer can be a person does not address the issue of whether a

13  supervisor or other employee of an employer may be held individually liable under the CFRA.

14  *Lewis*, 2013 WL 843089 at *2.

15        Second, and even assuming *arguendo*, that the FEHC intended the FEHC regulation to

16  impose individual liability on a supervisor or other employee, this interpretation would

17  impermissibly extend the scope of the CFRA, which expressly limited liability through its narrow

18  definition of "employer."  *See* Gov't Code § 12945.2(c)(2)(A); *id.* at § 12945.2(l).  Under

19  California law, an agency such as the FEHC cannot alter or enlarge the terms of a legislative

20  enactment. *See Colmenares v. Braemar Country Club, Inc.*, 29 Cal. 4th 1019 (2003) (citing

21  *Carmel Valley Fire Prot. Dist. v. California*, 25 Cal. 4th 287 (2001)) (stating an agency, like the

22  FEHC, "has no discretion to promulgate regulations that are inconsistent with the governing

23  statute, in that they alter or amend the statute or enlarge or impair its scope").  Interpreting the

24  FEHC regulation to impose liability on "any person" regardless of employer status would negate

25  the CFRA's definition of "employer."  Courts have rejected this same argument. *See, e.g., Lewis*,

26  2013 WL 843089 at *2; *Wong*, 2011 WL 2912900 at *3; *Corrales*, 2010 WL 2380875 at*3;

27  *Miskuski*, 2007 U.S. Dist. LEXIS 37223 at *15.

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:69:1715.1
/CASE NO. BC 522656

-5-

DEFENDANT ARUYA'S REPLY IN SUPPORT OF DEMURRER
DOCUMENT PRINTED ON RECYCLED PAPER

III.    **CONCLUSION**

Plaintiff's CFRA retaliation claim against Aruya fails as a matter of law, and leave to amend would be futile as California law is clear that the CFRA does not allow individual liability against an employer's supervisors or other employees.  Plaintiff's Complaint acknowledges that Aruya never employed Plaintiff.  For the foregoing reasons, Aruya respectfully requests this Court sustain the demurrer in its entirety and dismiss Aruya from this lawsuit with prejudice.

Dated: July 11, 2014                    Respectfully submitted,

                                        FORDHARRISON, LLP

                                        By: _____
                                            Michelle B. Abidoye
                                            David L. Cheng
                                            Attorneys for Defendants AIRCRAFT SERVICE
                                            INTERNATIONAL, INC. and SINTHIA ARUYA

WSACTIVELLP:6911715.1                           -6-
/CASE NO. BC 522656

DEFENDANT ARUYA'S REPLY IN SUPPORT OF DEMURRER
DOCUMENT PRINTED ON RECYCLED PAPER

## PROOF OF SERVICE

I, Anne Moreno, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On July 11, 2014, I served a copy of the within document(s):

**DEFENDANT SINTHIA ARUYA'S REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐    By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐    By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    by placing the document(s) listed above in a sealed <u>NORCO OVERNITE EXPRESS</u> envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a <u>NORCO OVERNITE EXPRESS</u> agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| N. Nick Ebrahimian, Esq. | Attorneys for Plaintiff JORGE |
| Jordan D. Bello, Esq. | GONZÁLEZ-DELRIO |
| LAVI & EBRAHIMIAN, LLP | |
| 8889 W. Olympic Blvd., Suite 200 | |
| Beverly Hills, CA 90211 | |
| Telephone:    (310) 432-0000 | |
| Facsimile:    (310) 432-0001 | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 11, 2014, at Los Angeles, California.

_____
Anne Moreno

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:6911715.1
/CASE No. BC 522656

-7-

DEFENDANT ARUYA'S REPLY IN SUPPORT OF DEMURRER
DOCUMENT PRINTED ON RECYCLED PAPER

**EXHIBIT T**

1   Michelle B. Abidoye, Bar No. 232782
2   Stefan H. Black, Bar No. 284499
    FORDHARRISON, LLP
3   350 South Grand Avenue, Suite 2300
    Los Angeles, CA 90071
4   Telephone:    (213) 237-2400
    Facsimile:    (213) 237-2401
5
6   Attorneys for Defendant
    AIRCRAFT SERVICE INTERNATIONAL, INC., a
7   Delaware corporation erroneously sued as
    AIRCRAFT SERVICE INTENATIONAL, a
8   business entity unknown

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 29 2014

Sherri R. Carter, Executive Officer/Clerk
By Raul Sanchez, Deputy

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       COUNTY OF LOS ANGELES

11

12   JORGE GONZALEZ-DELRIO,            CASE NO.  BC 522656

13            Plaintiff,               Assigned for All Purposes to
                                       Hon. Rita Miller, Dept. 16
14        v.

15   AIRCRAFT SERVICE
     INTERNATIONAL, a business entity   **NOTICE OF RULING REGARDING**
16   unknown; AIRCRAFT SERVICE          **DEFENDANT SINTHIA ARUYA'S**
     INTERNATIONAL, INC., a corporation; **DEMURRER TO PLAINTIFF'S**
17   CYNTHIA DOUGLAS,[1] an individual; **UNVERIFIED COMPLAINT**
18   BBA AVIATION,[2] a business entity
     unknown; and DOES 1 to 100, inclusive.
19                                      Complaint Filed:   9/27/13
     Defendants.                        Trial date:        10/20/15
20

21

22        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23        PLEASE TAKE NOTICE that on July 18, 2014 at 9:00 a.m., Department 16 of the above

24   referenced Court heard Defendant Sinthia Aruya's (erroneously sued as Cynthia Douglas)

25   demurrer to Plaintiff Jorge Gonzalez-Delrio's unverified complaint and conducted a case

26   _____
     [1] All claims against Sinthia Aruya (erroneously sued as Cynthia Douglas) were dismissed on or about July 18, 2014
27   when the Court sustained Defendant Sinthia Aruya's Demurrer to Plaintiff's unverified complaint.
     [2] Plaintiff voluntarily dismissed BBA Aviation on February 14, 2014.
28   WSACTIVELLP:6946327.1

FORD & HARRISON
LLP          7/CASE NO. BC 522656
ATTORNEYS AT LAW       NOTICE OF RULING RE: DEFENDANT ARUYA'S DEMURRER TO PLAINTIFF'S COMPLAINT
LOS ANGELES                              DOCUMENT PRINTED ON RECYCLED PAPER

1   management conference. Plaintiff's Counsel appeared via telephone. Stefan H. Black appeared

2   on behalf of Defendants Aircraft Service International, Inc. and Sinthia Aruya.

3          The Court considered the pleadings filed in this action, all of the papers and documents

4   filed on behalf of each of the parties herein, and the oral arguments presented at the hearing on

5   the motion. At the hearing, the Court ORDERED as follows:

6          (1)     Defendant Sinthia Aruya's demurrer to Plaintiff Jorge Gonzalez-Delrio's

7   unverified complaint is SUSTAINED;

8          (2)     Plaintiff was granted leave to file an amended complaint within ten days.

9   However, Counsel for Plaintiff orally agreed to waive the opportunity to file an amended

10  complaint. Accordingly, Plaintiff's Sixth Cause of Action is DISMISSED as to Sinthia Aruya

11  only. Because the Sixth Cause of Action was the only cause of action alleged against Sinthia

12  Aruya, the remainder of this case shall proceed as to Defendant Aircraft Service International,

13  Inc. only.

14         (2)     Trial in the above-captioned matter was scheduled to begin October 20, 2015 at

15  9:30 a.m. in Department 16. Trial is estimated to last ten days, with a jury;

16         (3)     The Final Settlement Conference is scheduled to take place October 9, 2015 at

17  9:00 a.m. in Department 16;

18         (4)     A post-mediation status conference is scheduled to take place on August 26, 2015

19  at 8:45 a.m. in Department 16; and

20         (5)     Counsel for Defendant was directed to give notice, along with copies of the

21  Department's pre-trial procedures.

22  Dated: July 28, 2014                          Respectfully submitted,

23

24                                               FORDHARRISON, LLP

25                                               By: _____

26                                               Michelle B. Abidoye
                                                 Stefan H. Black
27                                               Attorneys for Defendant AIRCRAFT SERVICE
                                                 INTERNATIONAL, INC.

28

WSACTIVELLP:6946327.1                    -2-

/CASE NO. BC 522656
          NOTICE OF RULING RE: DEFENDANT ARUYA'S DEMURRER TO PLAINTIFF'S COMPLAINT
                                                       DOCUMENT PRINTED ON RECYCLED PAPER

FORD & HARRISON
      LLP
ATTORNEYS AT LAW
   LOS ANGELES

Final Status Conference ("FSC") Instructions – Dept. 16

**All** FSC documents, except motions in limine, are **due 5 days before the FSC**. Motions in Limine are noticed motions, due as provided for in Rule 3.25(h) of the Rules of the Los Angeles Superior Court.

In compliance with Rule 3.25(i), the following is required by Dept. 16:

Counsel for the parties will meet and confer in person in preparation for the FSC and to prepare the documents to be submitted for the FSC.

Counsel will prepare and submit to the court a *joint* statement of the case to be read to the jury.

Counsel will prepare a *joint* witness list. The witnesses plaintiff may call will be listed first and defendant's second. The witnesses the parties actually expect to call will be listed in bold type, with the ones plaintiff does not expect to call listed in plain type. The names of these witnesses will appear in a column down the left hand portion of the page. There will be two columns to the right hand portion of the page. The first will list the amount of time plaintiff expects to take in direct examination. The second will list the amount of time the defendant expects to take in cross examination. The times will be listed in hour, half hour and quarter hour increments. For example: 1 ½ hours, ¼ hour. Please total these at the bottom of the columns on the last page. If defendant wishes to examine one of the witnesses to be called by plaintiff on matters that exceed the scope of plaintiff's examination of that witness, the court will ordinarily permit such examination. The parties should discuss such issues with the court at the FSC if there is a dispute about it. Therefore, the time estimates for witnesses to be called by plaintiff may include time estimates by the defense in which the defense anticipates the time needed to examine the witness beyond the scope intended by the plaintiff. Such witnesses should be listed only once on the joint witness list.

Counsel will prepare a *joint* exhibit list. Numbers, rather than letters, should be used. Each document should have its own number. If only some of the pages of a larger document will be admitted, mark those with their own number, separate from the larger document. Sub-numbers such as 36-1 should not be used. The same document should be given only one number. The exhibit number should appear in the far left column. A short description of the document should appear to the right of the number. There should be two columns to the right of the description. The first of these should be a column headed "date identified." The second should be a column headed "date admitted." At least 2 copies of the list shall be provided to the court. The court requests that counsel attempt to stipulate to the admissibility or foundation of documents contained on the list.

Counsel will prepare *jointly* three ring binders to be used by all counsel, the witness, and the court. Only one binder is needed for the court and court clerk.

During the pre-FSC meet and confer session, counsel should meet and confer to determine which jury instructions are agreed upon and which are disputed. Counsel should follow the procedures discussed in LASC Rule 7.9(i)(7) with respect to preparing a set of agreed jury instructions and, if necessary, a separate set of disputed jury instructions before the FSC. Counsel should also prepare a verdict form. The court will discuss with counsel at the FSC the court's further requirements as to jury instructions.

**Trial Procedures -- Department 16**

**Voir Dire**

The court sometimes uses a 12 pack and sometime uses a "6 pack" of 18 jurors for jury selection. This should be discussed with the court at the Final Status Conference.

The court conducts substantial voir dire.

The amount of time allotted to each side for its voir dire may vary. Plan to discuss this issue with the court before trial. After limits have been established, voir dire time may be extended for good cause.

Voir dire questions should not be used to induce potential jurors to prejudge the evidence, precondition jurors, quiz jurors on their knowledge of the law, question jurors on whether they agree with the law, or educate jurors on the law. Leading questions are not permitted. Questions referring to plaintiff's or defendant's insurance or plaintiff's sources of compensation from other entities should not be asked. Nor should any reference be made to settlement negotiations. These last principles apply as well to questioning of witnesses during the trial.

Two alternates are normally selected and are designated as alternates 1 and 2 at the commencement of trial.

**Trial**

Outside the courtroom, counsel should not speak to or make eye contact with jurors at any time. They should avoid any contact whatsoever, including smile or pleasantries. They should advise their clients and witnesses to do the same.

Counsel should place all witnesses under subpoena. If a witness who has not been subpoenaed is unavailable when it is time for that witness' testimony, the court will not wait for that witness. With respect to all witnesses, counsel are expected to have them available so that there are no gaps or need for recesses due to witness unavailability. Parties who run out of witnesses before the end of the day are expected to rest.

Counsel, parties and witnesses must arrive at the appropriate time. The court is very serious about not keeping jurors waiting.

Side bars should be kept to a minimum.

Speaking objections are not permitted. Counsel should simply state that they object and state the short legal basis for the objection (ie. "hearsay", "lack of foundation", etc.) Counsel should not argue their objections in front of the jury and should not argue after the judge has ruled. If counsel feel they need to argue for the record, they should notify the judge at the next break and the judge will allow argument outside the presence of the

1

jury, if appropriate.  Time consuming argument should be kept to a minimum so jurors are not kept waiting unnecessarily.

Counsel should not interrupt witnesses, other counsel or the court and should remain courteous to all persons at all times.  Counsel should not purport to instruct witnesses that the question requires a yes or no answer.  Rather, counsel should ask the court to instruct the witness to answer appropriately.  Counsel should not refer to a client or any adult party or witness by their first name.

If there are any sensitive areas or evidentiary issues, counsel are requested to warn the court and the other parties before asking questions about them in front of the jury.

All exhibits except for impeachment materials should be shown to opposing counsel before being used.

Exhibits should not be shown to the jury until they are admitted.

If deposition testimony is used to examine a witness, the attorney should never paraphrase testimony in questioning the witness on the stand, as the paraphrasing is hearsay, often incorrect, and lacks any basis for admissibility.  (Ie "Didn't you say at your deposition that ...?")  Instead, the lawyer should lodge the original of the transcript with the court, ask permission to read designated pages and lines, give opposing counsel time to respond, and wait until the judge says the attorney may read the material designated.

It is also improper for counsel to ask witnesses "You testified yesterday," or "Do you recall testifying ...."  I f counsel needs to direct the witness's testimony to a particular subject, counsel may say "Directing your attention to your testimony about the car ..."

The court allows jurors to ask questions during trial by passing a note to the courtroom assistant.  The questions are then discussed with counsel to determine if and how they should be addressed.

The court reads the bulk of the jury instructions prior to closing argument.  The court supplies the jurors and alternates with copies of the jury instructions so they can follow along as they are read.  Counsel are to supply sufficient copies for all jurors and alternates (usually 14), the court (1) and other counsel.  Thus, counsel are responsible for supplying 17 copies of the jury instructions before the start of trial.

The parties' initial closing arguments should not last more than 1 hour and the plaintiff's rebuttal closing argument should not last more than 20 minutes.  If counsel feel they need more time, they should raise this issue with the court prior to argument.

THE COURT APPRECIATES COUNSEL WHO ARE CONSIDERATE OF JURORS, DO NOT INTERRUPT ANYONE AND WHO ARE PLEASANT TO EACH OTHER!

Thank you, Judge Miller

2

## Trial Questionnaire – Department 16

Name of party/parties you represent

_____

Have all Does been dismissed and if not can they be dismissed?_____

Do you want the court to use one of the standard questionnaires ordinarily used in this court during voir dire and if so, which one? See Standard 8, Standards of Judicial Admin. (Ask courtroom assistant for a copy.) _____

Are there voir dire questions that you would like the judge to ask for you and if so, please supply text in writing on a separate sheet of paper? LASC Rule 8.20(h) _____

Is there some reason in this case that counsel will need to ask voir dire questions that would be improper in other cases? LASC 8.20(a) If so, please explain:

_____

_____

_____

How much time do you need for your own voir dire?_____

Will you be sharing your peremptory challenges with any other party (ie a co-defendant) LASC 8.20(f)? _____

Are there any issues as to how many peremptory challenges each side or party should have? _____

Will you waive the recitation of the admonition not to discuss the case each time the trial recesses? LASC Rule 8.20(g)_____

Will you waive the recitation that all jurors, alternates, parties and counsel are present each time court reconvenes? LASC 8.20(g)_____

Are you making a motion to exclude witnesses? _____

Do you have all your witnesses under subpoena and if not why not? _____

_____

1

Do you anticipate any scheduling or witness availability problems and if so what?

_____

_____

Do you plan to use deposition testimony, answers to interrogatories, admissions of any other pretrial discovery during the trial? _____ If so, discuss with the court and opposing counsel what will be used and the copies that should be supplied to the court, opposing counsel, and possibly jury members.

Do you plan to call expert witnesses and if so who, what is the subject of their testimony and is there any anticipated problem of admissibility with respect to the testimony?

_____

_____

Will you stipulate to the foundation or admissibility of any documents and if so which ones?

_____

_____

Will you stipulate to any facts and if so which ones?

_____

_____

_____

_____

Have you showed all the exhibits you plan to use (other than for impeachment) to opposing counsel? _____

2

What evidentiary issues do you anticipate will arise?

_____

_____

_____

_____

Are there any sensitive areas as to which evidence should be excluded or which require special handling and if so what are they  LASC Rule 8.46?

_____

_____

Do you want to use special verdict forms and have you prepared same? _____

Are there materials you plan to use during opening statement? _____ Have you shown them to opposing counsel and obtained court approval for their use?_____

Are there exhibits that should be copied (and placed in binders for jurors, witnesses and the court) so that all such persons will have a personal copy available during trial? _____

Will you stipulate to a verdict by less than 12 jurors if the number of jurors and alternates drops below 12 during the trial? LASC Rule 8.20© _____

Will you consent that, after deliberations have begun, any judge may substitute for the trial judge during deliberations or at the time of taking the verdict, discharge of the jury and entry of judgment if the trial judge is unavailable? LASC Rule 8.20(g)_____

Will you stipulate that readbacks of testimony by the court reporter may be done in the deliberation room outside the presence of counsel and the judge? _____

What was plaintiff's last demand and defendant's last offer of settlement?

_____

Will you stipulate that the trial judge may discuss settlement with one side (counsel and party both)  without the other side being present?_____ With a party whose counsel is not present?_____

Is there anything else that should be brought to the judge's attention?_____

3

**PROOF OF SERVICE**

I, Mary Garner, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On July 28, 2014, I served a copy of the within document(s):

**NOTICE OF RULING REGARDING DEFENDANT SINTHIA ARUYA'S DEMURRER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| N. Nick Ebrahimian, Esq.<br>Jordan D. Bello, Esq.<br>Lavi & Ebrahimian, LLP<br>8889 W. Olympic Blvd., Suite 200<br>Beverly Hills, CA 90211<br>Telephone:   (310) 432-0000<br>Facsimile:   (310) 432-0001 | Attorneys for Plaintiff<br>JORGE GONZALEZ-DELRIO |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 28, 2014, at Los Angeles, California.

_Mary Garner_
Mary Garner

WSACTIVELLP:6946327.1
/CASE NO. BC 522656
NOTICE OF RULING RE: DEFENDANT ARUYA'S DEMURRER TO PLAINTIFF'S COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT U**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/18/14 | | DEPT. 16

| HONORABLE ELIZABETH R. FEFFER FOR JUDGE | T. FREEMAN | DEPUTY CLERK |
| HONORABLE RITA MILLER | | |
| HONORABLE #6 JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| S. WORKU, C.A. Deputy Sheriff | NONE | Reporter |

| 9:00 am | BC522656 | Plaintiff Counsel | JORDON BELLO [X] (COURT CALL) |
| | JORGE GONZALEZ-DELRIO VS AIRCRAFT SERVICE INTERNATIONAL ET AL | Defendant Counsel | STEFAN BLACK [X] |

**NATURE OF PROCEEDINGS:**

DEMURRER OF DEFENDANT, SINTHIA ARUYA erroneously sued as CYNTHIA DOUGLAS, TO PLAINTIFF'S UNVERIFIED COMPLAINT

CASE MANAGEMENT CONFERENCE

Judge Elizabeth R. Feffer calls these matters as Judge Rita Miller is unavailable.

The Court hears argument on the demurrer.

The Court sustains the demurrer with 10 days leave to amend.

Court and counsel confer regarding defendant Sinthia Aruya and amending the complaint.

Counsel for plaintiff waives its right to amend the complaint.

The Courts final ruling is as follows:

Demurrer of Sinthia Aruya erroneously sued as Cynthia Douglas is sustained without leave to amend.

Defendant Sinthia Aruya erroneously sued as Cynthia Douglas' demurrer to plaintiff's unverified complaint is sustained without leave to amend.

Page   1 of   2   DEPT. 16

| MINUTES ENTERED |
| 07/18/14 |
| COUNTY CLERK |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

DATE: 07/18/14                                                        DEPT. 16

HONORABLE ELIZABETH R. FEFFER FOR JUDGE | T. FREEMAN          DEPUTY CLERK
HONORABLE RITA MILLER
HONORABLE                    JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR
#6
         S. WORKU, C.A.     Deputy Sheriff | NONE                    Reporter

| 9:00 am | BC522656 | Plaintiff Counsel | JORDON BELLO [X] (COURT CALL) |
| | JORGE GONZALEZ-DELRIO VS AIRCRAFT SERVICE INTERNATIONAL ET AL | Defendant Counsel | STEFAN BLACK [X] |

**NATURE OF PROCEEDINGS:**

Counsel for plaintiff waives its right to amend the complaint.

The Court states this case is a candidate for referral to the court's Crash Settlement Program.

Both sides are requesting a jury therefore, they will bear the cost.

The jury trial estimate is 8-10 days.

The Court states the trial date is firm. Each side shall pick up a copy of Department 16's trial guidelines and comply with them.

The case is referred to mediation with a private neutral.

A post mediation status conference is set on 8/26/2015, at 8:45 a.m. in Department 16.
/

A final status conference is set on 10/9/2015, at 9:00 a.m. in Department 16.

A jury trial is set on 10/20/2015, at 9:30 a.m. in Department 16.

Counsel for defendant to give notice.

Page    2 of    2    DEPT.    16

MINUTES ENTERED
07/18/14
COUNTY CLERK

# PROOF OF SERVICE

I, Elsa Lanz, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On August 13, 2014, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(b) AND 1446 BY DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC.; DECLARATIONS OF MICHELLE ABIDOYE AND MICHELLE DADISMAN IN SUPPORT THEREOF**

> **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

> X   by placing the document(s) listed above in a sealed Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite agent for delivery.

> by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

N. Nick Ebrahimian, Esq.
Jordan D. Bello, Esq.
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, CA 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for Plaintiff
JORGE GONZALEZ-DELRIO

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 13, 2014, at Los Angeles, California.

_____
Elsa Lanz

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:6971167.1                           - 13 -            DEFENDANT'S NOTICE OF REMOVAL

DOCUMENT PRINTED ON RECYCLED PAPER

## Elsa Lanz

**From:** ccare@norcodelivery.com
**Sent:** Thursday, August 14, 2014 10:23 AM
**To:** Elsa Lanz
**Subject:** Norco Overnite Delivery Confirmation

✕ Right-click here to download pictures. To help protect your privacy, Outlook prevented automatic download of this picture from the Internet.

Shipment Number: 40432-001281-V10                     Attention: N. Nick Ebrahimian
Billed To Account Number: 40432                        Company / Residence: Lavi & Ebrahimian, LLP
Shipper's Billing Reference: 020642.0003 (Gzlez/Aircraft)     Destination Address: 8889 W. Olympic Blvd.     Ste/Flr: 200
Shipper Name: Elsa Lanz                                City: Beverly Hills            ZIP: 90211

**Delivery Service: A**

Recipient Signature: **brenda**

Delivery Scan: Beverly Hills 10:05 AM 8/14/2014          Delivery Time: 10:05 AM          Date: 8/14/2014

If you are having trouble viewing this email please click here

Images generated through Norco's VPOD technology may be subject to periodic clarity and/or point of reference interpretation. For additional information contact Customer Care at 800-683-7648 and select option 1.

**NORCO OVERNITE delivers to California, Arizona and Nevada.**

8/14/2014

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JORGE GONZALEZ-DELRIO

**DEFENDANTS** (Check box if you are representing yourself ☐)
AIRCRAFT SERVICE INTERNATIONAL, INC, a corporation;
AIRCRAFT SERVICE INTERNATIONAL, a business entity
unknown; CYNTHIA DOUGLAS, an individual; and BBA AVIATION

**(b)** County of Residence of First Listed Plaintiff  Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Delaware
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
N. Nick Ebrahimian / Jordan D. Bello
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Ste. 200
Beverly Hills, CA 90211
(310) 432-0000

Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
Ford & Harrison LLP
Michelle B. Abidoye / David L. Cheng
350 S. Grand Ave., Ste. 2300
Los Angeles, CA 90071
213-237-2400

**II. BASIS OF JURISDICTION** (Place an X in one box only)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ >75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1332; Disability Discrimination under California Fair Employment and Housing Act

**VII. NATURE OF SUIT** (Place an X in one box only)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

CV14-6366

**FOR OFFICE USE ONLY:**  Case Number:

CV-71 (11/13)                    CIVIL COVER SHEET                    Page 1 of 3
CCD-CV71

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes [ ] No | [X] Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? | A DEFENDANT? | |
| [ ] Yes [X] No | Then check the box below for the county in which the majority of DEFENDANTS reside. | Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box below that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |
| Indicate the location in which a majority of claims arose: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

**C.1.** Is either of the following true? If so, check the one that applies:

[ ] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

[ ] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a).  IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   [X] NO      [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   [X] NO      [ ] YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

| X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT): | DATE: August 13, 2014 |
| --- | --- |

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |