O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JORGE GONZALEZ-DELRIO, | ) | Case No. CV 14-06366 DDP (SHx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF'S MOTION** |
| | ) | **TO REMAND** |
| v. | ) | |
| | ) | (DOCKET NUMBER 8) |
| AIRCRAFT SERVICE | ) | |
| INTERNATIONAL, a business | ) | |
| entity unknown; AIRCRAFT | ) | |
| SERVICE INTERNATIONAL, INC., | ) | |
| a corporation; CYNTHIA | ) | |
| DOUGLAS, an individual; BBA | ) | |
| AVIATION, a business entity | ) | |
| unknown, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before the court are Plaintiffs' Motions to Remand and Request for Reimbursement. For reasons stated in this order the Motion to Remand is GRANTED.

**I.  BACKGROUND**

Plaintiff Jorge Gonzalez-Delrio ("Plaintiff") worked as a ramp agent at Aircraft Service International's Los Angeles International location. (Ex. A, Bello Decl.; Ex. A, Abidoye Decl. (Complaint) ¶ 16.)  On October 23, 2010, Plaintiff suffered a back injury while

performing his job duties and was placed on medical leave for almost a year. (Id. ¶ 17, 19.)  On October 17, 2011, Plaintiff's doctor allowed him to return to work with restrictions. (Id. ¶ 20.)  Two days later, Plaintiff contacted Synthia Aruya, Aircraft Service International's Human Resources manager, to inform her that he wished to return to work. (Id. ¶ 21.)  Plaintiff alleges Aruya terminated him stating that he could only return to work if he had a doctor's note that reinstated him without restrictions. (Id.)

On September 27, 2013, Plaintiff filed a complaint in the Los Angeles Superior Court against Aircraft Service International, Aircraft Service International, Inc. (Collectively, "Defendants"), and Sinthia Aruya ("Aruya"), erroneously sued as Cynthia Douglass. (Compl.)  In the complaint, Plaintiff alleged seven causes of action under the California Fair Employment and Housing Act (FEHA)and the California Family Rights Act (CFRA) for discrimination and retaliation. (Id.)  Plaintiff's single cause of action against Aruya was for retaliation under the CFRA. (Id. ¶¶ 106-120)

On March 20, 2014, Aruya filed a demurrer on grounds that individuals cannot be liable under the CFRA. (Ex. C, Bello Decl., Ex. Q, Abidoye Decl., Dkt. No. 1 (Demurrer))  On July 18, 2014, the Superior Court sustained the demurrer without leave to amend.[1](Ex. E, Bello Decl.; Ex. T, Abidoye Decl.)  On August 13, 2014, the remaining defendants removed this case to federal court on the basis of diversity jurisdiction. (Notice of Removal, Dkt. No. 1.)

---

[1]Plaintiff waived his right to amend the complaint.

1    Plaintiff now moves to remand on two grounds: (1) that removal
2  was untimely and (2) that this court lacks jurisdiction because the
3  non-diverse defendant was not fraudulently joined. Plaintiff also
4  moves for reimbursement of attorney's fees.

5  **II.  LEGAL STANDARD**

6    District courts have original jurisdiction over "all civil
7  actions where the matter in controversy exceeds the sum or value of
8  $75,000, exclusive of interest and costs, and is between citizens
9  of different States." 28 U.S.C. § 1332(a).  A defendant may remove
10 a case from state court to federal court if the case could have
11 originally been filed in federal court.  28 U.S.C. § 1441(a).  As
12 the removing party, Defendant bears the burden of proving federal
13 jurisdiction. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.
14 1996); see also Matheson v. Progressive Specialty Ins. Co., 319
15 F.3d 1089, 1090 (9th Cir. 2003).  The removal statute is strictly
16 construed against removal jurisdiction, and federal jurisdiction
17 must be rejected if any doubt exists as to the propriety of
18 removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)
19 (explaining that courts resolve doubts as to removability in favor
20 of remand).

21 **III. DISCUSSION**

22 **A.   Timeliness of the Removal**

23   Defendants removed this action pursuant to 28 U.S.C. §
24 1441(b), which permits removal under this Court's diversity
25 jurisdiction, 28 U.S.C. § 1332.  Normally, a defendant must file a
26 notice of removal within thirty days of receiving the state court
27 complaint.  28 U.S.C. §1446(b)(1).  This is a statutory requirement
28 that cannot be waived by the Court.  The parties agree that

1   Defendants did not remove within thirty days of receipt of the

2   state court complaint.

3       Nonetheless, Defendants contend that removal was proper under

4   28 U.S.C. §1446(b)(3), which allows for removal based on diversity

5   jurisdiction "within 30 days after receipt by the defendant,

6   through service or otherwise, of a copy of an amended pleading,

7   motion, order or other paper from which it may first be ascertained

8   that the case is one which is or has become removable."

9   Defendant's argument, when boiled down to its simplest form, is

10  that the state court's decision sustaining Aruya's demurrer is the

11  first such "paper" from which it could be ascertained that the case

12  was or had become removable.

13      All parties would presumably agree that if California law were

14  absolutely clear that Aruya was fraudulently joined from the

15  beginning, Defendants would have been required to remove within

16  thirty days of receipt of the state court complaint, because in

17  such a case the complaint itself is the "paper" that makes clear

18  that the non-diverse defendant is fraudulently joined.  There is no

19  requirement that the state court rule on the fraudulent joinder

20  issue before the case is removable.  "[I]t is not necessary to wait

21  until the fraudulently joined defendant has tested the claims

22  against it in state court and succeeded in defeating them on a

23  motion to dismiss or demurrer...Either the complaint states a claim

24  that possibly may be cognizable against the purported sham

25  defendant or it does not."  <u>Simpson v. Union Pacific R. Co</u>, 282

26  F.Supp.2d 1151, 1157 (N.D. Cal 2003).

27      Defendants, however, essentially argue that because California

28  law is *unclear* as to Aruya's liability, the case was not removable.

1  To support this contention, Defendants point to the "heavy burden"

2  on one who would seek removal: the defendant must demonstrate by

3  clear and convincing evidence that the non-diverse defendant has

4  been fraudulently joined. <u>Hamilton Materials, Inc. v. Dow Chem.</u>

5  <u>Corp.</u>, 494 F.3d 1203, 1206 (9th Cir. 2007).

6       That heavy burden, however, must be borne in a timely manner.

7  It would defeat the purpose of the thirty-day rule entirely if the

8  mere fact that Defendants' case for removal was not very strong

9  could stop the clock.  Here, Defendants knew or should have known

10 that they could argue that Aruya was fraudulently joined from the

11 face of the complaint, since the plain language of the statute

12 under which she was being sued limited its sweep to "employers,"

13 defined in relevant part as "[a]ny person who directly employs

14 fifty or more persons to perform services for a wage or salary."

15 Cal. Gov't Code § 12945.2.(c)(2).  Simply put, Aruya is not an

16 employer of fifty or more people as required for liability under

17 the statute.  She is merely an individual acting as a supervisor.

18      Defendant argues that the issue of individual supervisor

19 liability is "murky," (Opp'n at 5:17), because some courts have

20 found that there is "ambiguity" based on certain "interpretive

21 guidelines" propounded by the Fair Employment and Housing

22 Commission ("FEHC") in 1995.  (<u>Id.</u> at 5:26-6:10.)  The FEHC

23 regulation allows for liability for "any person" under the Fair

24 Employment and Housing Act, under which CFRA is subsumed.  Cal.

25 Admin. Code Title 2, §7297.7.  But Defendants point to no courts

26 affirmatively ruling that there *is* individual liability, and the

27 Court agrees with its sister court's assessment of the

28 "interpretive guidelines" issue:

5

1      Mr. Lewis . . . contends that a supervisor can be held

2      individually liable based on a regulation issued by the

3      California Fair Employment and Housing Commission ("FEHC"),

4      which provides as follows: "[I]t shall be an unlawful

5      employment practice for any person to discharge, fine,

6      suspend, expel, punish, refuse to hire, or otherwise

7      discriminate against any individual . . . because that

8      individual has . . . exercised his or her right to CFRA

9      leave." 2 Cal.Code Reg. § 7297.7(a). But this argument is

10     unavailing for two reasons.

11     First, § 7297.7(a) simply reflects that a "person" can be held

12     individually liable. This is consistent with §

13     12945.2(c)(2)(A) which states that an employer can be a

14     person. But simply because an employer can be a person does

15     not address the issue of whether the supervisor of an employer

16     may be held individually liable.

17     Second, even if the FEHC intended § 7297.7(a) to impose

18     individual liability on a supervisor, the FEHC "has no

19     discretion to promulgate [a] regulation[ ] that [is]

20     inconsistent with the governing statute, in that [the

21     regulation] 'alter[s] or amend[s] the statute or impair[s] its

22     scope.'" Colmenares v. Braemar Country Club, Inc., 29 Cal.4th

23     1019, 1021, 130 Cal.Rptr.2d 662, 63 P.3d 220 (2001).

24     Interpreting the FEHC regulation to impose liability on "any

25     person" regardless of employer status renders the CFRA's

26     definition of "employer" nugatory.

27  Lewis v. Home Depot U.S.A., Inc., No. C-12-6354 EMC 2013 WL 843089

28  at *1-*2 (N.D. Cal. 2010).

6

1    Additionally, at least one California appellate court, perhaps

2 the only one to address it, has found that there is no individual

3 liability under the CRFA.  <u>Nazir v. United Airlines, Inc.</u>, 178

4 Cal.App.4th 234, 287 (2009)(granting summary judgment in favor of

5 an individual defendant on CFRA retaliation claim on the basis that

6 "there is . . . . no individual liability for retaliation.").  So

7 have a number of federal district courts in California.  (Opp'n at

8 5:19-26 (listing cases holding there is no individual liability).)

9    In short, while the issue may not have been ruled on by the

10 California Supreme Court, the plain language of the statute and the

11 weight of logic and authority provided sufficient basis for

12 Defendants to understand that the case was removable on the face of

13 the complaint.  Defendants could have, and did, ascertain

14 fraudulent joinder from the face of Plaintiff's complaint and the

15 plain language of the statute, asserting in their reply to

16 Plaintiff's opposition to Aruya's demurrer that Aruya was a "sham

17 defendant."  (Ex. D, Bello Decl.; Es. R, Abiyoye Decl.)  To the

18 degree that the law was not in perfect clarity, that was not a

19 reason for Defendants to stay their hand as to removal; rather,

20 they were obligated to submit their (quite strong) arguments to a

21 federal court that it was "obvious" under California law that Aruya

22 was fraudulently joined.  <u>McCabe</u>, 811 F.2d at 1339.  A district

23 court is competent to assess whether the law is so obvious that

24 are grounds for removal.

25    And where state law is not settled, the case is better handled

26 at the state level, where a state judge can initiate the process of

27

28

7

making state law.[2]  This division of labor between federal and state courts makes sense especially when one considers that the state court will generally not be overruled on "obvious" questions of law, but might be overruled on a more doubtful question.  If, as Defendants suggest, state law is unclear as to whether CFRA imposes liability on Aruya, then even now Plaintiff could reasonably appeal the dismissal of Aruya as a defendant, presenting an opportunity for a state appellate court to clarify the law.  In such a circumstance, remand is the appropriate course.  "At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant? If a state court has come to judgment, is there any reasonable possibility that the judgment will be reversed on appeal?"  Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992).

Thus, if the law was not settled prior to the state court's sustaining the demurrer, it remains unsettled now, and the state court's order is subject to a reasonable possibility of appellate reversal.  Therefore, it was not a paper making it newly ascertainable that the action was removable.  But if, as seems more likely, the law was obvious enough that no California appellate

---

[2]"[T]he court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant. This determination is the essential function required of the district court in a fraudulent-joinder setting . . . . [I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide."  Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 811 (8th Cir. 2003).

1   court would reverse, then grounds for removal were apparent on the
2   face of the complaint, and Defendants should have filed a petition
3   of removal within thirty days of receiving the complaint.

4   **B.   Subject Matter Jurisdiction**

5        Because removal was untimely, the Court does not reach the
6   subject matter jurisdiction issue.

7   **C.   Attorney's Fees**

8        Alleging that Defendant had no reasonable basis for removal,
9   Plaintiff seeks attorney's fees and costs pursuant to 28 U.S.C. §
10  1447(c). ("An order remanding the case may require payment of just
11  costs and any actual expenses, including attorney's fees, incurred
12  as a result of the removal."). Where the court finds that removal
13  is improper the court has discretion to impose attorney's fees and
14  costs and where the court's remand is correct as a matter of law
15  these fees and costs will be affirmed. <u>Kanter v. Warner-Lambert</u>,
16  265 F. 3d 853, 861 (9th Cir. 2001); <u>Gibson v. Chrysler Corp.</u>, 261
17  F.3d 927, 949 (9th Cir. 2001).

18       Plaintiffs request $3,600 for reimbursement of attorney's
19  fees.  However, the Court finds that Defendants' belief that
20  removal was timely was not so lacking in an "objectively reasonable
21  basis" as to warrant the award of attorney's fees.  <u>Martin v.</u>
22  <u>Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).

23
24
25
26  ///
27  ///
28  ///

**IV.   CONCLUSION**

     Defendants' removal having been untimely, this matter is remanded to state court.   Attorney's fees are not awarded.   The SCHEDULING CONFERENCE set for November 24, 2014 is vacated.

IT IS SO ORDERED.


Dated: October 28, 2014

                              DEAN D. PREGERSON

                              United States District Judge